**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CHRISTA GAIL PIKE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-35 |
| | ) | DEATH PENALTY CASE |
| DEBRA JOHNSON, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

**ADDENDUM 1**

**DOCUMENT 1**

03S01-9712-CR-00147

03C01-9611-CR-00408

TO THE SUPREME COURT

# TECHNICAL RECORD

## NO. 58183A

**DEFENDANT:** CHRISTA PIKE

(Defendant Indigent)

## APPEALED FROM
## KNOX COUNTY CRIMINAL COURT
## AT KNOXVILLE, TENNESSEE

HON. MARY BETH LEIBOWITZ, **JUDGE — DIVISION** III

MARTHA PHILLIPS, **CLERK**

### IN THE CASE OF

STATE OF TENNESSEE

### VS.

CHRISTA PIKE

DEFENDANT CONVICTED OF FIRST DEGREE MURDER & SENTENCED TO DEATH

**CHARGE:** FIRST DEGREE MURDER & CONSPIRACY TO COMMIT FIRST DEGREE MURDER

## TO THE
## COURT OF CRIMINAL APPEALS
## KNOXVILLE, TENNESSEE

HONORABLE WILLIAM C. TALMAN, Attorney-at-Law
P.O. Box 506
Knoxville, TN   37901-0506
HONORABLE JULIE A. MARTIN, Attorney-at-Law
P.O. Box 426
KNOXVILLE, TN   37901-0426   **Attorneys for Appellant**

HONORABLE RANDALL E. NICHOLS, District Attorney General
HONORABLE WILLIAM CRABTREE, Assistant Attorney General
HONORABLE S. JO HELM, Assistant Attorney General
City-County Building
Knoxville, TN   37902

**Attorneys for Appellee**

FILED 3rd DAY OF February 19 97

CRIMINAL **COURT** MARTHA PHILLIPS, **CLERK**

NO. 58183A   SHEILA MELTABARGER **DEP. CLERK**

APPELLANT TDOC

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 2 of 156
PageID #: 26

STATE OF TENNESSEE                      NO. 58183A

    VS

CHRISTA PIKE                            FIRST DEGREE MURDER &
                                        CONSPIRACY TO COMMIT
                                        FIRST DEGREE MURDER


T O   T H E

S U P R E M E   C O U R T

K N O X V I L L E,   T E N N E S S E E


APPEARANCES:

    FOR THE APPELLANT:

        HONORABLE WILLIAM C. TALMAN, Attorney-at-Law
        P.O. Box 506
        Knoxville, TN    37901-0506
        (423) 579-9060
        HONORABLE JULIE A. MARTIN, Attorney-at-Law
        P.O. Box 426
        Knoxville, TN    37901-0426
        (423) 523-7733


    FOR THE APPELLEE:

        HONORABLE RANDALL E. NICHOLS, District Attorney
            General
        HONORABLE WILLIAM CRABTREE, Assistant District
            Attorney General
        HONORABLE S. JO HELM, Assistant District
            Attorney General
        City-County Building
        Knoxville, TN    37902
        (615) 521-2515


FILED THIS ___3ʳᵈ___ DAY OF ___February___, 1997.


CONVICTED:  First Degree Murder


DEFENDANT:  TDOC

000004

STATE OF TENNESSEE        NO. 58183A

     VS

CHRISTA PIKE        FIRST DEGREE MURDER &
CONSPIRACY TO COMMIT
FIRST DEGREE MURDER

## I N D E X

| | PAGES |
|---|---|
| Affidavit of Indigency | 6-7 |
| Affidavit of Margie Nichols | 103-170 |
| Affidavit of Mike Hammond | 171-233 |
| Affidavit of Charles C. Bebber, Ph. D. | 234-319 |
| Amendment to Motion for New Trial | 417-418 |
| Arraignment | 10 |
| Bill of Costs | 442 |
| Caption of Court - July Term 1995 - Division III | 15 |
| Caption of Court - July Term 1996 - Division III | 414 |
| Caption of Court - March Term 1995 - Grand Jury | 1 |
| Caption of Court - March Term 1995 - Division III | 5 |
| Caption of Court - March Term 1996 - Division III | 93 |
| Caption of Court - November Term 1995 - Division III | 54 |
| Caption of Court - November Term 1996 - Division III | 422 |
| Certificate and Seal | 440-441 |
| Certificate and Trial Judge Certifying Case as Capital Case | 399-400 |
| Continuing Motion for Witness Statements | 32-33 |
| Data Concerning the Trial of the Offenses | 429-439 |
| Denied - Motion to Allow Jury Consultant to Sit at Counsel Table During Voir Dire of Jury to Assist Counsel | 367-368 |
| Denied - Motion to Challenge the Constitutionality of Excluding Jurors Whose Views on the Death Penalty Would Exclude Them | 367 |
| Denied - Motion Challenging "Death Qualification" Voir Dire Questions and Propounding Alternatives to Same | 367 |
| Denied - Motion to Conduct Jury Out Hearing Prior to the State Being Allowed to Introduce any Statement Purported to Have Been Made | 367 |

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 4 of 156 PageID #: 28



Denied - Motion to Preclude the Excusal of Jurors by the
State of Tennessee for Cause Who Cannot Consider the
Death Penalty Because the Free Exercise of Their Religion
Prohibits It . . . . . . . . . . . . . . . . . . . . . . .   367

Denied - Motion to Preclude Removing for Cause Jurors Who
Are Not "Death Qualified" Under Witherspoon . . . . . .   367

Denied - Motion to Suppress Defendant's Conversation with
Counsel at Preliminary Hearing Allegedly Overheard by
Knox county Officers Providing Court Security . . . . .   377

Denied - Oral Motion to Call Assistant District Attorney
Jo Helm as a Witness . . . . . . . . . . . . . . . . .   377

Denied - Oral Motion for Closed Court Hearing . . . . . . .   377

Denied - Oral Motion to Withdraw Subpoena's Issued to the
District Attorney General and Assistant Attorney
Generals . . . . . . . . . . . . . . . . . . . . . . .   377

Denied - Second Addendum to Motion for Change of Venue . .   367

Designation of Record on Appeal . . . . . . . . . . . . . 427-428

Granted - Motion to Adjourn Court at a Reasonable Hour . .   367

Granted - Motion to Conduct Individual Voir Dire . . . . .   367

Granted - Motion for Defense Attorneys to Bear the Costs of
Subpoenas . . . . . . . . . . . . . . . . . . . . . . .   377

Granted - Motion for Exclusion of Witnesses . . . . . . . .    81

Granted - Motion to Instruct the Jury . . . . . . . . . . .    81

Granted - Motion in Limine to Prevent the State for Using
Theatrics . . . . . . . . . . . . . . . . . . . . . . .   367

Granted - Motion in Limine Regarding Prior Bad Acts . . . .    81

Granted - Motion in Limine to Restrict State's Comments
to Jury Which Demean the Punishment for Lesser Included
Offenses . . . . . . . . . . . . . . . . . . . . . . . .   367

Granted - Motion to Strike Alias . . . . . . . . . . . . .    81

Granted - State's Motion to Quash Subpoenas . . . . . . . .   377

Indictment . . . . . . . . . . . . . . . . . . . . . . . .   2-4

Judgment - Count 1 . . . . . . . . . . . . . . . . . . . .   395

Judgment - Count 2 . . . . . . . . . . . . . . . . . . . 409-410

Memorandum of Law to Motion to Quash Subpoena . . . . . . . 64-77

Memorandum in Support of Motion to Preclude Removing for
Cause Jurors Who are Not "Death Qualified" Under
Witherspoon . . . . . . . . . . . . . . . . . . . . . . 346-351

Motion to Adjourn Court at a Reasonable Hour . . . . . . 322-323

Motion to Allow Jury Consultant to Sit at Counsel Table
During Voir Dire of Jury to Assist Counsel . . . . . . 362-363

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 5 of 156
PageID #: 29



000006

Motion to Challenge the Constitutionality of Excluding
Jurors Whose Views on the Death Penalty Would Exclude
Them Pursuant to Wainwright V. Witt . . . . . . . . . 352-353

Motion Challenging "Death Qualification" Voir Dire
Questions and Propounding Alternative to Same . . . . 356-358

Motion for Change of Venue . . . . . . . . . . . . . . 61-63

Motion for Change of Venue heard . . . . . . . . . . . . 102

Motion for Clerk to File any Ex Parte Motions and Order
Under Seal . . . . . . . . . . . . . . . . . . . . 11-12

Motion to Conduct Individual and Sequestered Voir Dire
Examinations . . . . . . . . . . . . . . . . . . . . . 21

Motion to Conduct Jury Out Hearing Prior to State Being
Allowed to Introduce any Statement Purported to Have
Been Made by Defendant or any Co-Defendant . . . . . . 365-366

Motion for Disclosure of Impeaching Information . . . . . 41-43

Motion for Discovery . . . . . . . . . . . . . . . . . 98-99

Motion for Exclusion of Witnesses . . . . . . . . . . . 33-34

Motion to Instruct Jury Regarding the State's Right to
Open and Conclude Closing Argument . . . . . . . . . . . 20

Motion for Judgment of Acquittal or, Alternatively,
Motion for New Trial . . . . . . . . . . . . . . . . 402-406

Motion in Limine . . . . . . . . . . . . . . . . . . . 16-18

Motion in Limine . . . . . . . . . . . . . . . . . . . 45-46

Motion in Limine to Prevent State from Using Theatrics . 359-360

Motion in Limine to Restrict State's Comments to Jury
Which Demean the Punishment for Lesser Included
Offenses . . . . . . . . . . . . . . . . . . . . . 360-361

Motion for an Order Directing State to Add any Prospective
Witnesses to indictment by Date Certain . . . . . . . . 51-53

Motion for Order Prohibiting Sheriff's Department Employed
and/or Jailers from Reviewing or Reading Defendant's
Privileged Legal Correspondence, Memorandums, and
Documents Received from Counsel and from Otherwise
Violating Defendant's Civil Rights and Sixth Amendment
Right to Counsel . . . . . . . . . . . . . . . . . . 49-51

Motion to Preclude the Excusal of Jurors by the State of
Tennessee for Cause Who cannot Consider the Death
Penalty Because the Free Exercise of Their Religion
Prohibits It . . . . . . . . . . . . . . . . . . . . 363-365

Motion to Preclude Removing for Cause Jurors who are not
"Death Qualified" Under Witherspoon . . . . . . . . . 354-355

Motion to Quash . . . . . . . . . . . . . . . . . . . . 369

Motion to Quash Subpoena and/or for Protective Order . . . 77-80

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 6 of 156
PageID #: 30

000007

Motion to Restrict Media Coverage of Pre-Trial
    Proceedings . . . . . . . . . . . . . . . . . . . . . 56-58

Motion to Stay Execution . . . . . . . . . . . . . . . . . 401-402

Motion to Strike Alias . . . . . . . . . . . . . . . . . . 18-19

Motion to Suppress Dfendant's Conversation with Counsel
    at Preliminary Hearing Allegedly Overheard by Knox
    County Officers Providing Court Security . . . . . . . . 39-41

Motion to Suppress Skull from Being Introduced into
    Evidence . . . . . . . . . . . . . . . . . . . . . . . . 35-36

Motion to Suppress Various Body Parts and Soft Tissue
    Samples from being Introduced into Evidence . . . . . . 37-38

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . 420-421

Notice of Enhancement Factors . . . . . . . . . . . . . . . 397-398

Notice of Intent to Seek Death Penalty . . . . . . . . . . 9

Notice of Intent to Use Expert Testimony . . . . . . . . . 55-56

Order Adding Additional Witnesses . . . . . . . . . . . . . 83-91

Order Adding Additional Witnesses . . . . . . . . . . . . . 94-95

Order Adding Additional Witnesses . . . . . . . . . . . . . 96-97

Order Adding Additional Witnesses . . . . . . . . . . . . . 323-324

Order Allowing Ex Parte Motions and Order to be Filed
    Under Seal . . . . . . . . . . . . . . . . . . . . . . . 13

Order Appointing Honorable Bill Talman as Legal Counsel . . 8

Order Appointing Honorable Bill Brown as Legal Co-Counsel . 8

Order Appointing Honorable Julie Martin as Legal Counsel . 59

Order that Defendant May Not Profit . . . . . . . . . . . . 410-411

Order for Extension of Time to File Transcript . . . . . 423-424

Order to Preserve Evidence . . . . . . . . . . . . . . . . 47-48

Order Staying Execution . . . . . . . . . . . . . . . . . . 425-426

Order Unsealing Fee Petitions . . . . . . . . . . . . . . . 412-413

Overruled - Motion for Judgment of Acquittal or
    Alternatively, Motion for New Trial and Amendment for
    Motion for New Trial . . . . . . . . . . . . . . . . . . 418-419

Overruled - Motion to Restrict Media Coverage of Pre-Trial
    Proceedings . . . . . . . . . . . . . . . . . . . . . . 60

Overruled - Renewed Motion to Restrict Media Coverage of
    Pre-Trial Proceedings . . . . . . . . . . . . . . . . . 92

Petition for Advance Travel Expense . . . . . . . . . . . . 370

Petition for Advance Travel Expense . . . . . . . . . . . . 371



Petition for Advance Travel Expense . . . . . . . . . . . . . . .  372

Petition for Advance Travel Expense . . . . . . . . . . . . . . .  373

Petition for Advance Travel Expense . . . . . . . . . . . . . . .  374

Petition for Advance Travel Expense . . . . . . . . . . . . . . .  375

Petition for Advance Travel Expense . . . . . . . . . . . . . . .  376

Response to Defendant's Request for Notice of Intention
    to Offer Evidence . . . . . . . . . . . . . . . . . . . . . 320-321

Response to Motion for Discovery . . . . . . . . . . . . . . 100-101

Request to District Attorney General for Discovery or,
    in the Alternative, Motion to Compel Disclosure of
    Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . 22-31

Request for Notice of Intention to Offer Evidence . . . . . 43-44

Second Addendum to Motion for Change of Venue . . . . . . .  325

Transportation Order . . . . . . . . . . . . . . . . . . . . . 407-408

Transportation Order . . . . . . . . . . . . . . . . . . . . . 415-416

Trial - Day I . . . . . . . . . . . . . . . . . . . . . . . . 367-368

Trial - Day II . . . . . . . . . . . . . . . . . . . . . . . . 377-378

Trial - Day III . . . . . . . . . . . . . . . . . . . . . . . . 379-380

Trial - Day IV . . . . . . . . . . . . . . . . . . . . . . . . 381-382

Trial - Day V . . . . . . . . . . . . . . . . . . . . . . . . 383-384

Trial - Day VI . . . . . . . . . . . . . . . . . . . . . . . . 385-386

Trial - Day VII . . . . . . . . . . . . . . . . . . . . . . . .  387

Trial - Day VIII . . . . . . . . . . . . . . . . . . . . . . . .  388

Trial - Day IX . . . . . . . . . . . . . . . . . . . . . . . . .  389

Trial - Day X . . . . . . . . . . . . . . . . . . . . . . . . .  390

Trial - Day XI . . . . . . . . . . . . . . . . . . . . . . . . 391-392

Trial - Day XII . . . . . . . . . . . . . . . . . . . . . . . . 393-396

Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . 391-392

Verdict - Death Penalty . . . . . . . . . . . . . . . . . . . 393-396

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 8 of 156    PageID #: 32

000009

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION II
MARCH TERM 1995
GRAND JURY MINUTE BOOK 125, PAGE 589

MONDAY, MARCH 4, 1995

STATE OF TENNESSEE

BE IT REMEMBERED that a Criminal Court for Knox County, Tennessee, was begun and held in and for said County at the City-County Building in the City of Knoxville on the First Monday in March, 1995, the same bond the 4th day of said month and year, and being the time designated and fixed by law for holding said Court. At which time present and presiding was the Hon. Ray Lee Jenkins, the duly elected and qualified Criminal Judge, Division II of the 6th Judicial Circuit of the State of Tennessee, when the following proceedings were had and entered of record, to-wit:

Court was opened in due form by Tim Hutchison, High Sheriff of Knox County, Tennessee.

COURT ADJOURNED UNTIL TUESDAY, MARCH 5, 1995 AT 9:00 A.M.

(S) RAY L. JENKINS
RAY L. JENKINS, JUDGE
DIVISION II
CRIMINAL COURT

000010

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION I
MARCH TERM 1995
GRAND JURY MINUTE BOOK 132, PAGE 221

WEDNESDAY, APRIL 12, 1995

Court met pursuant to adjournment, present and presiding the Honorable Richard R. Baumgartner, Judge of Division I, Criminal Court for Knox County, Tennessee, when the Grand Jurors for the State of Tennessee, with their foreperson, Claude Schaad, appeared in open Court and reported the following, to-wit:

**INDICTMENT**

CASE NO. _58183 A-C_

Grand Jury No. 207

STATE OF TENNESSEE
VS.
CHRISTA PIKE, ~~and~~ and
SHADOLLA PETERSON, ALIAS and
TADARYL SHIPP, ALIAS (Juvenile Petition)

FIRST DEGREE MURDER AND CONSPIRACY TO COMMIT FIRST DEGREE MURDER

RANDY YORK, PROSECUTOR

CLERK: Summon named witnesses for the State

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

Witnesses sworn by me in the presence of the Grand Jury
_____ 19___
Foreman of the Grand Jury

Filed _____ day of _____
19___
_____ Clerk

FOREMAN OF THE GRAND JURY

**WITNESSES**

RANDY YORK )
STEVE ROBERTS )
ART BOHANNON ) K.P.D.
MARK WAGGONER )

A TRUE BILL

# STATE OF TENNESSEE, COUNTY OF KNOX

## CRIMINAL COURT FOR KNOX COUNTY MARCH TERM, 1995

The Grand Jurors for the State of Tennessee, upon their oaths, present that CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS and TADARYL SHIPP, ALIAS, a Juvenile, over the age of sixteen (16) years, jurisdiction of which juvenile has been transferred by the Juvenile Court of Knox County, Tennessee, to the Criminal Court for Knox County, Tennessee, in accordance with the provisions of <u>Tennessee Code Annotated</u>, §37-1-134, heretofore, to-wit:  On or about the 12th day of January, 1995, in the State and County aforesaid, did unlawfully, intentionally, deliberately and with premeditation kill Colleen Slemmer, in violation of T.C.A. 39-13-202, and against the peace and dignity of the State of Tennessee.

SECOND COUNT:

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS, and TADARYL SHIPP, ALIAS, a Juvenile, over the age of sixteen (16) years, jurisdiction of which juvenile has been transferred by the Juvenile Court of Knox County, Tennessee, to the Criminal Court for Knox County, Tennessee, in accordance with the provisions of <u>Tennessee Code Annotated</u>, §37-1-134, heretofore, to-wit:  On or about the 12th day of January, 1995, in the State and County aforesaid, unlawfully did conspire to intentionally, deliberately and with premeditation commit the first degree murder of Colleen Slemmer, and in furtherance of said conspiracy the said CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS and TADARYL SHIPP, ALIAS, did commit the following acts, to-wit:

1) CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS and TADARYL SHIPP, ALIAS left the Job Corps Center together with the victim, Colleen Slemmer;

2) CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS and TADARYL SHIPP, ALIAS walked with the victim, Colleen Slemmer, to an isolated location on the University of Tennessee Campus;

3) CHRISTA PIKE, ALIAS and SHADOLLA PETERSON, ALIAS and TADARYL SHIPP, ALIAS, while at the isolated location attacked the victim, Colleen Slemmer, with cutting instruments, including a box cutter,

in violation of T.C.A. 39-12-103 and against the peace and dignity of the State of Tennessee.

_____
ATTORNEY GENERAL

000012

COURT ADJOURNED UNTIL THURSDAY, APRIL 13, 1995 AT 9:00 A.M.


(S) RICHARD R. BAUMGARTNER
RICHARD R. BAUMGARTNER, JUDGE
DIVISION I
CRIMINAL COURT

000013

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1995
MINUTE BOOK 146, PAGE 575

MONDAY, MARCH 6, 1995

STATE OF TENNESSEE

BE IT REMEMBERED that a Criminal Court for Knox County, Tennessee was begun and held in and for said County at the City-County Building in the City of Knoxville on the First Monday in March, 1995, the same being the 6th day of said month and year, and being the time designated and fixed by law for holding said Court. At which time, present and presiding the Honorable Mary Beth Leibowitz, the duly elected and qualified Special Criminal Judge, Division III of the 6th Judicial Circuit of the State of Tennessee, when the following proceedings were had and entered of record, to-wit:

Court was opened in due form by Tim Hutchison, High Sheriff of Knox County, Tennessee.

COURT ADJOURNED UNTIL TUESDAY, MARCH 7, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1995
MINUTE BOOK 150, PAGE 508

TUESDAY, MAY 23, 1995

Court met pursuant to adjournment, present and presiding the

Honorable Mary Beth Leibowitz, Judge of Division III, Criminal

Court for Knox County, Tennessee, when the following proceedings

were had and entered of record, to-wit:

IN THE CRIMINAL COURT FOR KNOX COUNTY

STATE OF TENNESSEE

    .   VS

Christa Pike, Alias

**Defendant**

FILED
BY MARTHA PHILLIPS, CLERK

MAY 2 3 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

CASE NOS. (S) __58183 A__

## UNIFORM AFFIDAVIT OF INDIGENCY

Comes the defendant and, subject to the penalty of perjury, makes oath to the following facts (please list, circle, complete, etc.):

**PART I**

1. Full Name: _Christa Gail Pike_    2. Social Security No.: _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_

3. Any other names ever used: _no_

4. Address: _Knox Co. Jail_

5. Telephone Nos.: (Home) _____ (Work) _____ (Other) _____

6. Are you working anywhere? Yes( ) No(x) Where? _____

7. How much do you make?_____(weekly,monthly,etc.) 8. Birthdate:_____

9. Do you receive any governmental assistance or pensions (disability, SSI, AFDC, etc.)?
Yes ( ) No (x) What is its value? _____ (weekly,montly,etc.)

10. Do you own any property(house,car,bank acct.,etc): Yes( )No (x) What is its value?_____

11. Are you, or your family, going to be able to post your bond? Yes ( ) No (x)

12. Are you, or your family, going to hire a private attorney? Yes ( ) No (x)   :

13. Are you now in custody? Yes(x)No( )If so, how long have you been in custody? _since 1-14-95_

(If the defendant is in custody, unable to make bond and the answers to questions one(1) through eleven (11) make it clear that the defendant has no resources to hire a private attorney, skip Part II and complete Part III. If Part II is to be completed, do not list items already listed in Part I.)

**PART II**

14. Names & ages of all dependants: _____ relationship _____
_____ relationship _____
_____ relationship _____

15. I have met with following lawyer(s), have attempted to hire said lawyer(s) to represent me, and have been unable to do so:

     Name _____    _____

     Address _____ _____

16. All my income from all sources (including, but not limited to wages, interest, gifts, AFDC, SSI, social security, retirement, disability, pension, unemployment, alimony,

worker's compensation, etc):

$_____ per _____ from _____
$_____ per _____ from _____
$_____ per _____ from _____

17. All money available to me from any source:
    A: Cash_____
    B: Checking, Saving, or CD Account(s) - give bank, acct. no., balance
    _____
    C: Debts owed me _____
    D: Credit Card(s) - give acct. no., balance, credit limit, and type (Visa, Mastercard, American Express, etc.) _____
    _____
    _____
    E. Other _____

18. All vehicles/vessels owned by me, solely or jointly, within the last six months
    (including but not limited to cars, trucks, motorcycles, farm equip., boats, etc.)
    _____ value $_____ amt. owed _____
    _____ value $_____ amt. owed _____
    _____ value $_____ amt. owed _____

19. All real estate owned by me, solely or jointly, within the last six months
    (including land, lots, houses, mobile homes, etc.):
    _____ value $_____ amt. owed _____
    _____ value $_____ amt. owed _____

20. All assets or property not already listed owned within the last six months or expected
    in the future:
    _____ value $_____ amt. owed _____
    _____ value $_____ amt. owed _____

21. The last income tax return I filed was for the year _____ and it reflected a net
    income of $ _____.  I will file a copy of same within one week if required.

22. I am out of jail on bond of $ _____ made by _____.
    The money to make bond, $ _____ was paid by _____.

PART III

23. Acknowledging that I am still under oath, I certify that I have listed in Parts I and II
    all assets in which I hold or expect to hold any legal or equitable interest.

24. I am financially unable to obtain the assistance of a lawyer and request the Court to
    appoint a lawyer for me.

25. I understand that it is a Class A Misdemeanor for which I can be sentenced to jail for
    up to 11 months 29 days or be fined up to $2500.00 or both if I intentionally or
    knowingly misrepresent, falsify, or withhold any information required in this affidavit.
    I also understand that I may be required by the Court to produce other information in
    support of my request for an attorney.

This 23rd day of _May_, 19 95.  _Christa N. Pile_
                                                    Defendant

Sworn to and Subscribed before me.  This 23rd day of _May_, 19 95.

_Dewey Burrow_                      _Mary Beth Leibowil_
     Deputy Clerk                               Judge

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 15 of 156
PageID #: 39 007

000016

FILED
BY MARTHA PHILLIPS, CLERK

MAY 2 3 1995

KNOX C...
K...

IN THE CRIMINAL COURT FOR KNOX COUNTY

STATE OF TENNESSEE

VS

Case No. 58183 A

Christa Pike, Accus

Defendant

## ORDER OF APPOINTING LEGAL COUNSEL

It appearing, based upon the affidavit of indigency filed in this cause, and after due inquiry made, that the defendant is an indigent person and thereby qualifies for appointed legal counsel.

It is, therefore, ordered that (the District Public Defender) ( Bill Talman , Attorney at Law) is hereby appointed as counsel for the defendant as provided by law.

This 23 day of May , 19 95 .

Mary Beth Leibowitz
Judge

FILED
BY MARTHA PHILLIPS, CLERK

MAY 2 3 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY

STATE OF TENNESSEE

VS

Case No. 58183 A

Christa Pike, Accus

Defendant

## ORDER OF APPOINTING LEGAL COUNSEL

It appearing, based upon the affidavit of indigency filed in this cause, and after due inquiry made, that the defendant is an indigent person and thereby qualifies for appointed legal counsel.

It is, therefore, ordered that (the District Public Defender) ( Bill Brown Co-Counsel , Attorney at Law) is hereby appointed as counsel for the defendant as provided by law.

This 23 day of May , 19 95 .

Mary Beth Leibowitz
Judge

008

000017

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

DIVISION III

**DIVISION III**

STATE OF TENNESSEE

VS.

CHRISTA GAIL PIKE, ALIAS

FILED
BY MARTHA PHILLIPS, CLERK

MAY 2 3 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

No. 58183 A

NOTICE OF INTENT TO SEEK DEATH PENALTY

The State of Tennessee, by and through the District Attorney General, gives notice of the State's intention to seek the death penalty in this case. The State intends to rely upon the following aggravated circumstances at the sentencing hearing: Tennessee Code Annotated, Sections 39-13-204(i) (5), (6) and (7).

RESPECTFULLY SUBMITTED,

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing NOTICE has been delivered by U.S. Mail with sufficient postage affixed thereon to Mr. William C. Talman, Attorney for Defendant, P.O. Box 506, Knoxville, Tennessee, 37901 and Mr. Bill Brown, Attorney for Defendant, 407 Union Avenue, Knoxville, Tennessee, 37902, this the 23rd day of May, 1995.

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 17 of 156
PageID #: 41009

000018

THE STATE                              NO. 58183A

   VS

CHRISTA PIKE, ALIAS                     FIRST DEGREE MURDER & CONSPIRACY TO
                                        COMMIT FIRST DEGREE MURDER

    Defendant appeared without counsel for arraignment, found to be indigent and the Hon. William Talman is appointed as defense counsel, who being present, accepted the appointment. Upon being arraigned, the defendant waived the reading of the indictment and reserved entry of plea. This case is continued to September 7, 1995.


        COURT ADJOURNED UNTIL WEDNESDAY, MAY 24 1995 AT 9:00 A.M.


              (S) MARY BETH LEIBOWITZ
                MARY BETH LEIBOWITZ, JUDGE
                DIVISION III
                CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1995
MINUTE BOOK 151, PAGE 88

THURSDAY, JUNE 1, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| vs. | ] No.: 58183-A |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

FILED
BY MARTHA PHILLIPS, CLERK

JUN 1 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## MOTION FOR CLERK TO FILE ANY EX PARTE MOTIONS AND ORDERS UNDER SEAL

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court, pursuant to Tennessee Code Annotated § 40-14-207(b), for an Order directing the Clerk to allow Counsel for Defendant, Christa Gail Pike, to file any motions or applications for services, authorized to be heard by the Court ex parte, and any subsequent ex parte Order of the Court entered in connection with said motions or applications, in an envelope under seal with a notation thereon *"NOT TO BE OPENED BY ANYONE WITHOUT PRIOR PERMISSION OF THE COURT AND UPON ORDER OF THE COURT"*. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. That in order for the Defendant to adequately prepare for her defense in this case it may become necessary to make certain motions and applications for services ex parte in order

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 19 of 156    PageID #: 43    011

to preserve the confidentiality of the requests as well as safeguard the Constitutional rights of the Defendant.

2. That such motions or applications for services and the Orders entered in connection therewith should be preserved for review by any higher Court in subsequent proceedings, if any, that may be necessary.

WHEREFORE, the Defendant would respectfully move this Honorable Court to grant the relief sought herein the premises of this motion.

This the 1st day of June, 1995.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Attorney for Christa Gail Pike
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the 1st day of June, 1995.

_____
William C. Talman, Attorney



# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,       ]

    Plaintiff,       ]

vs.       ]     No.:   58183-A

CHRISTA GAIL PIKE,       ]

    Defendant.       ]

*FILED*
*BY MARTHA PHILLIPS, CLERK*
*JUN 1 1995*
*KNOX COUNTY CRIMINAL COURT*
*KNOXVILLE, TN*

## O R D E R

Upon motion of the Defendant, and for good cause shown, it duly appeared to the Court; and,

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. That the Clerk of this Court shall allow Counsel for the Defendant, Christa Gail Pike, to file any motions or applications for services, authorized to be heard by the Court ex parte, in an envelope under seal with a notation thereon *"NOT TO BE OPENED BY ANYONE WITHOUT PRIOR PERMISSION OF THE COURT AND UPON ORDER OF THE COURT"*.

2. That the Clerk of this Court shall place any subsequent ex parte Orders of the Court entered in connection with said motions or applications in an envelope under seal with a notation thereon *"NOT TO BE OPENED BY ANYONE WITHOUT PRIOR PERMISSION OF THE COURT AND UPON ORDER OF THE COURT"*.

**ENTER** this the ____1st____ day of June, 1995.

_____
Mary Beth Leibowitz, Judge

APPROVED FOR ENTRY:

_____
William C. Talman
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

000022

COURT ADJOURNED UNTIL FRIDAY, JUNE 2, 1995 AT 9:00 A.M.

        (S) MARY BETH LEIBOWITZ
            MARY BETH LEIBOWITZ, JUDGE
            DIVISION III
            CRIMINAL COURT

000023

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 150, PAGE 377

MONDAY, JULY 3, 1995

STATE OF TENNESSEE

BE IT REMEMBERED that a Criminal Court for Knox County, Tennessee was begun and held in and for said County at the City-County Building in the City of Knoxville on the First Monday in July, 1995, the same being the 3rd day of said month and year, and being the time designated and fixed by law for holding said Court. At which time, present and presiding the Honorable Mary Beth Leibowitz, the duly elected and qualified Criminal Judge, Division III of the 6th Judicial Circuit of the State of Tennessee, when the following proceedings were had and entered of record, to-wit:

Court was opened in due form by Tim Hutchison, High Sheriff of Knox County, Tennessee.

COURT ADJOURNED UNTIL WEDNESDAY, JULY 5, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 153, PAGE 266

MONDAY, JULY 31, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | FILED ] BY MARTHA PHILLIPS, CLERK |
| vs. | JUL 31 1995 ] No.: 58183-A |
| CHRISTA GAIL PIKE, | KNOX COUNTY CRIMINAL COURT KNOXVILLE, TN ] |
| Defendant. | ] |

### MOTION IN LIMINE

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order instructing the District Attorney General, his assistants, and any witnesses for the prosecution not to mention, imply, allude or refer to any other pending charges, prior arrests, convictions, any bad acts, or demonstrations of poor judgment, if any, on the part of the Defendant, or any defense witness, until such time as a hearing can be conducted outside the presence of the jury to determine whether or not the probative value of admitting any such evidence outweighs its prejudicial effect to the Defendant. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. Defendant avers that the Court should prohibit any mention or implication, alluding to or reference to any other pending charge, prior arrest, conviction, bad acts, or any demonstration of poor judgment, if any, on the part of the Defendant, or any defense witness, by the District Attorney General, his Assistants, and/or any prosecution witnesses during the



000025

trial on the merits of this case unless the Court first conducts a hearing, conducted pursuant to State v. Morgan, 541 S.W.2d 385 (Tenn., 1976), out of the presence of the jury to determine the admissibility of any such proposed statement, implication or inference. During such hearing out of the presence of the jury, the Defendant avers that the State should have the burden of showing to the Court that the proposed statement, implication, or reference to of any such negative or derogatory evidence would show that the prior arrest, conviction, bad act, or demonstration of poor judgment:

> *(a) was punishable by death or imprisonment in excess of one (1) year under the laws of Tennessee, and,*
>
> *(b) involved dishonesty or false statements, regardless of any punishment that was or could have been imposed; and,*
>
> *(c) has occurred at a time sufficiently recent to have some bearing on the present credibility of the Defendant or defense witness; and,*
>
> *(d) that the probative value of admitting such into evidence outweighs its prejudicial effect to the Defendant.*

2. The Defendant avers that to allow the District Attorney General, his assistants, and/or any prosecution witness to introduce evidence of a derogatory or negative nature regarding the honesty and credibility of the Defendant, and/or any defense witnesses, without first conducting a hearing outside the presence of the jury to determine the admissibility of the same would be prejudicial to the Defendant and would violate the Defendant's right to a fair and impartial trial in this case, as guaranteed by the U.S. Constitution and Tennessee Constitution.

**WHEREFORE,** the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the ___31 st___ day of July, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___31st___ day of July, 1995.

_____
William C. Talman, Attorney

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| vs. | ] No.: 58183-A |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

FILED
BY MARTHA PHILLIPS, CLERK
JUL 31 1995
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## MOTION TO STRIKE "ALIAS"

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order striking the word "alias" or any reference thereto, from the indictment in this cause, and all other documents, reports, statements, etc., if any, with

000027

which the jury may come into contact with or examine during the trial of this cause.

This the _31st_ day of July, 1995.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the _31st_ day of July, 1995.

_____
William C. Talman, Attorney

000028

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,　　　　　　　]
　　　　　　　　　　　　　　　　 ]
　　　Plaintiff,　　　　　　　　 ]
　　　　　　　　　　　　　FILED　 ]
　　　　　　　　BY MARTHA PHILLIPS CLERK
vs.　　　　　　　　　　　　　　　 ]　　　　No.: 58183-A
　　　　　　　　　　JUL 3 1 1995
CHRISTA GAIL PIKE,　　　　　　　 ]
　　　　　　KNOX COUNTY CRIMINAL COURT
　　　　　　　　　KNOXVILLE, TN
　　　Defendant.　　　　　　　　　]

## MOTION TO INSTRUCT JURY REGARDING THE
## STATE'S RIGHT TO OPEN AND CONCLUDE CLOSING ARGUMENT

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court to instruct and charge the jury that the Defendant is under no burden to prove or disprove anything and that since the burden to prove guilt beyond a reasonable doubt rests entirely upon the State and for this reason the State is allowed to open and to conclude closing argument.

This the _31st_ day of July, 1995.

　　　　　　　　　　　　　CHRISTA GAIL PIKE

BY: _____
　　　　　　　　　　　　　William C. Talman
　　　　　　　　　　　　　Supreme Court BPR# 012262
　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　P.O. Box 506
　　　　　　　　　　　　　Knoxville, Tennessee  37901

　　　　　　　　　　　　　Telephone:  (615) 579-9060
　　　　　　　　　　　　　Facsimile:　 (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee  37902.

This the _31st_ day of July, 1995.

_____
William C. Talman, Attorney

000029

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,    FILED
BY MARTHA PHILLIPS] CLERK

    Plaintiff,       ]
                JUL 31 1995

vs.        KNOX COUNTY CRIMINAL COURT    No.:   58183-A
            KNOXVILLE, TN ]

CHRISTA GAIL PIKE,    ]

    Defendant.         ]

## MOTION TO CONDUCT
## INDIVIDUAL AND SEQUESTERED VOIR DIRE EXAMINATIONS

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order allowing Counsel to conduct individual and sequestered voir dire examinations of the prospective jurors in this case.

This the 31st day of July, 1995.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the 31st day of July, 1995.

_____
William C. Talman, Attorney



000030

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,                              ]

    Plaintiff,                                    ]

vs.                                              ]                    No.:    58183-A

CHRISTA GAIL PIKE,                               ]

    Defendant.                                   ]

FILED
BY MARTHA PHILLIPS, CLERK

JUL 3 1 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

### REQUEST TO DISTRICT ATTORNEY GENERAL FOR DISCOVERY OR, IN THE ALTERNATIVE, MOTION TO COMPEL DISCLOSURE OF DISCOVERY

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully requests Honorable Randall E. Nichols, District Attorney General for Knox County, Tennessee, and any Assistants or Agents on his behalf, to disclose the following requested discovery in this case. In the event that such disclosure is not complete or forthcoming, the Defendant would respectfully move this Honorable Court, pursuant to Rule 16 of the Tennessee Rules of Criminal Procedure (Tenn.R.Crim.P.), for an Order directing the State of Tennessee to disclose the following information and/or evidence:

1. Definitions.

(a) For the purposes of this request, or alternatively, motion, the Defendant defines the "State of Tennessee" or simply the "State" to include the office of the District Attorney General, his Assistants, investigators, agents and any employee or informant thereof, the Knox County Sheriff's Department, it's investigators, detectives, agents, criminalistics or forensic personnel, officers and any employee or informant thereof, the City of Knoxville Police Department, it's investigators, detectives, agents, criminalistics or forensic personnel, officers and any employee or informant thereof, the Tennessee Bureau of Investigation, it's investigators, detectives, agents, criminalistics or forensic personnel, officers and any employee or informant thereof, the Tennessee Highway Patrol, it's investigators, detectives, agents, criminalistics or forensic personnel, officers and any employee or informant thereof, the University of Tennessee Police Department, it's investigators, detectives, agents, criminalistics or forensic personnel, officers

1

and any employee or informant thereof, the Federal Bureau of Investigation, it's investigators, Special Agents, criminalistics or forensic personnel, officers and any employee or informant thereof, any other laboratory, physician, or testing facility, or employees thereof, that have assisted the State or law enforcement in the investigation of or preparation of this case for trial, regardless of how slight their involvement, and any other law enforcement agency or officer, or any other person acting in conjunction with, or on behalf of, any law enforcement agency, officer, or employee thereof involved in the investigation of or preparation of this case for trial, regardless of how slight their involvement.

(b) The Defendant defines this request or alternatively, motion, to include items currently within the actual or constructive possession, custody or control, or knowledge thereof, by the State of Tennessee, as hereinabove defined, and items which may become known, identified or available through the exercise of due diligence by the State of Tennessee.

(c) The Defendant defines the term "exercise of due diligence" by the State of Tennessee to include and require the actual making of inquiry of all law enforcement agencies as defined in paragraph (a) of this subsection, supra, who have participated in the investigation and preparation of the State's case to determine if any of these agencies, entities, individuals, or employees or representatives thereof, possess any material or information subject to disclosure or response to this request or alternatively, motion for discovery.

> "The exercise of 'due diligence' mandates that the district attorney general make inquiry of law enforcement agencies who have participated in the investigation or preparation of the charges pending against the accused to determine if these agencies possess any materials or information discoverable by the accused." Cf. State v. Jones, (Tenn. Crim.App., July 14, 1994, No. 01-C-01-9307-CR-00233, at Nashville, Tennessee).

> "The prosecutor's duty to disclose extends not only to material in his or her immediate custody, but also to statements in the possession of the police which are normally obtainable by [the] 'exercise of due diligence,' that is, a request to all officers participating in the investigation or preparation of the case." State v. Hicks, 618 S.W.2d 510 at 514 (Tenn.Crim.App., 1981).

2. Statements of Defendant.

(a) To inspect and copy any written, recorded (including, but not limited to obtaining a copy of said recording tape), or transcribed statements made by the Defendant, or copies thereof, including, but not limited to any handwritten, recorded or typed summary or memoranda of any interview of the Defendant whether or not verbatim and whether or not

2



signed by the Defendant, including specifically any officers' or agents' notes of any such interview that are within the custody, control or possession of the State, the existence of which is known, or by exercise of due diligence may become known to the District Attorney General; the substance of any oral statement which the State intends to offer in evidence at the trial made by the Defendant whether before or after arrest in response to interrogations by any person then known to the Defendant to be a law-enforcement officer, pursuant to Rule 16(a)(1)(A) of the Tenn.R.Crim.P.

(b) Any and all recorded testimony of the Defendant, if any, given before a Grand Jury and related to the offense charged in the indictment returned in this cause, pursuant to Rule 16(a)(1)(A) of the Tenn.R.Crim.P.

(c) In the event the State should make a determination to join any Co-Defendants, if any, for trial with this Defendant, this Defendant would request, or move, to inspect and copy any oral, written or recorded statements, including, but not limited to, any testimony before a grand jury relating to the offense(s) charged, made by any alleged Co-defendant, aider, abettor or accomplice, whether made before or after arrest, pursuant to Rule 16(a)(1)(A) of the Tenn.R.Crim.P.

### 3. Defendant's Prior Record.

A copy or copies of the Defendant's prior criminal record, if any, as may be within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the District Attorney General, pursuant to Rule 16(a)(1)(B) of the Tenn.R.Crim.P.

### 4. Documents and Tangible Objects.

(a) To permit Defendant's counsel, to inspect and copy or photograph books, papers, documents, photographs, tangible objects, audio and/or video recordings, buildings or places, or copies or portions thereof, which are within the possession, custody and control of the State, and which are material to the preparation of the Defendant's defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belong to the Defendant, pursuant to Rule 16(a)(1)(C) of the Tenn.R.Crim.P.

(b) Items requested herein specifically include, but are not limited to, any and all items

3



obtained, seized, or subpoenaed in the course of this investigation which the State does not intend to use in it's case in chief, as the State's decision not to use any such item may arguably create an inference that it is passively or actively helpful to the accused. *Cf.* Wigmore, Evidence, §§ 285, 286 (Chadburn rev., 1979).

    5. Reports of examinations and/or tests.

    (a) To permit Defendant's Counsel to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, including, but not limited to, any laboratory notes, work sheets, equipment printouts and any other data made during or subsequent to said tests, which are within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the District Attorney General and which are material to the preparation of this Defendant's the defense or are intended for use by the State as evidence in chief at the trial, pursuant to Rule 16(a)(1)(D) of the Tenn.R.Crim.P.

    (b) To permit Defendant's Counsel to inspect and copy or photograph any results or reports relating to any failed, botched, incomplete or inadequate examinations and/or scientific tests or experiments made relevant to this case, including, but not limited to, the name, address, and telephone number, of any such person performing or conducting any such failed, botched, incomplete or inadequate examination and/or scientific tests or experiments, including, but not limited to, any persons involved with or witnessing any such failed, botched, incomplete or inadequate examinations and/or scientific tests or experiments involved in this case. Any such disclosure is necessary to insure the Defendant's right to Due Process and to afford the Defendant with an opportunity to interview any such person or expert and to afford the Defendant with the opportunity to obtain an independent expert to review, analyze, and conduct any evaluations, examinations, tests, or experiments for the purpose of rebutting, contradicting or challenging the validity of any such examinations, tests, or testimony relating thereto.

    (c) To disclose to Defendant's Counsel any information relating to any improper testing or handling procedures or techniques whether accidently or on purpose, including the name(s), address and telephone number of any such person or expert performing, involved with or witnessing any such improper testing or handling of any material relevant to any such

4



examination and/or scientific tests or experiments in this case. Any such disclosure is necessary to insure the Defendant's right to Due Process and to afford the Defendant with an opportunity to interview any such person or expert and to afford the Defendant with the opportunity to obtain an independent expert to review, analyze, and conduct any evaluations, examinations, tests, or experiments for the purpose of rebutting, contradicting or challenging the validity any such examinations, tests, or testimony relating thereto.

(d) To disclose to Defendant's Counsel any information relating to any examination or scientific tests which are conducted by any method or procedure which is not in strict compliance and/or conformance with the usual and customary procedures for administering, conducting or completing any such examination and/or scientific tests or experiments, or which deviate from the established guidelines and nationally recognized procedures used for administering, conducting or completing any such examination and/or scientific tests or experiments, regardless of how slight the deviation from the usual and customary procedures or from the established guidelines. Any such disclosure should include the name, address and telephone number of any such person administering, conducting, involved with or witnessing any such deviation from the usual and customary procedure or established guidelines. Any such disclosure is necessary to insure the Defendant's right to Due Process and to afford the Defendant with an opportunity to interview any such person or expert and to afford the Defendant with the opportunity to obtain an independent expert to review, analyze, and conduct any evaluations, examinations, tests, or experiments for the purpose of rebutting, contradicting or challenging the validity any such examinations, tests, or testimony relating thereto.

(e) To disclose to Defendant's Counsel the nature and extent of any mental or physical infirmity of witnesses, including, but not limited to, any reports or results of any such mental or physical infirmity, relating to any witness intended to be called by the State at the trial of this cause, such as any mental or physical condition which would affect or impair any such witness's ability to perceive, see, hear, or understand or otherwise affect his or her ability to recall and relate about matters to which said witness is expected to testify.

6. Names and Addresses of Witnesses.

(a) A list of the names, current addresses and telephone numbers of all witnesses that

5

 

the State intends to call to testify, whether or not they are listed upon the face of the indictment. T.C.A. §§ 40-13-107 and 40-17-106.

(b) The Defendant requests the State to comply with and would move the Court to impose a continuing duty upon the State to promptly notify Defense Counsel of any change in the address or telephone numbers of any such witnesses as the State becomes aware of such changes.

(c) A list of the names, addresses and telephone numbers of any and all persons that the State interviewed or questioned about this case and which the State does not intend to call as witnesses, including, but not limited to, any written or recorded statements, notes, memoranda or reports, or the substance or a summary of any such oral interviews conducted by the State. Since disclosure will materially assist this defendant in trial preparation and may amount to, or assist in, the production of exculpatory material and the disclosure of which will not unfairly prejudice or jeopardize the State's case, disclosure of the requested information in necessary and should be required to insure the exercise of the Defendant's right to Due Process.

7. Notification of persons present at time of alleged offense.

The names, addresses and telephone numbers, if known, of all persons known to the State to have been present at the time and place of the alleged offense.

8. Disclosure of identification procedures.

In the event the State intends to offer any "eye witness" identification testimony, Defendant's Counsel be informed as to whether any such witness has, at any time, been asked to make any pretrial extrajudicial identification of the Defendant, whether by means of a photographic lineup, personal physical lineup or other type or method of confrontation. In the event such an extrajudicial identification has ever taken place, the Defendant requests disclosure of the date, time and place of such identification as well as a list of the names, addresses and telephone numbers of any and all persons present at such identification. If such identification occurred as a result of a physical lineup or photographic identification, the defendant requests disclosure of the names, addresses and telephone numbers of all persons who may have appeared in such physical lineup or photographic array with the Defendant, as well as any written memorandum or documentation of such, including, but not limited to, the photographs taken or

6

000036

used in the identification process.

9. Opinion Testimony.

A notice of whether the State intends to rely upon any opinion testimony, either by lay witnesses or by experts, including their names, addresses and telephone numbers, and the facts or data upon which such witnesses will rely to base their opinions. Specifically, the Defendant requests that such disclosure include, but not be limited to, all periodicals, treatises, interdepartmental or intra-departmental reports, and all documents, and/or reviews, considered or relied upon by any such person who is to testify as an expert. Any such disclosure is necessary to insure the Defendant's right to Due Process and to afford the Defendant with an opportunity to interview any such purported expert and to afford the Defendant with the opportunity to obtain an expert to rebut, contradict or challenge the validity of any such expert testimony.

10. Business records and other Hearsay exceptions.

(a) Any and all documents upon which the State intends to rely and the admissibility of which it will contends rests on T.C.A. § 24-7-111.

(b) Any evidence of any prior statement of identification by any witnesses upon which the State intends to rely and the admissibility of which the State would contends is set forth in Rule 803(1.1) of the Tenn.R.Evid.

(c) Any evidence of any admission by any party-opponent, which has not been previously requested herein, upon which the State intends to rely and the admissibility of which the State would contend is set forth in Rule 803(1.2) of the Tenn.R.Evid.

(d) Any evidence of any excited utterance upon which the State intends to rely and the admissibility of which the State would contend is set forth in Rule 803(2) of the Tenn.R.Evid.

(e) Any evidence of any then existing mental, emotional or physical condition upon which the State intends to rely on or is aware of, the admissibility of which the State would contend is set forth in Rule 803(3) of the Tenn.R.Evid.

(f) Any evidence of statements of medical diagnosis and/or treatment upon which the State intends to rely on or is aware of, the admissibility of which the State would contend is set forth in Rule 803(4) of the Tenn.R.Evid.

7

(g) Any evidence of recorded recollection used by or reviewed by any witness for the purpose of preparing for trial or refreshing the witnesses' recollection, the admissibility of which the State would contend is set forth in Rule 803(5) of the Tenn.R.Evid.

(h) Any other evidence upon which the State intends to rely or introduce into evidence at the trial of this matter, which would otherwise be considered hearsay but for an exception contained in Rule 803 of the Tenn.R.Evid.

11. <u>Statement of Unavailable Declarant</u>.

Any and all statements which the State will seek to admit into evidence, pursuant to Rule 804 of the Tenn.R.Evid., upon the theory that the declarant is unavailable as well as whether it intends to rely upon the former testimony of such declarant. Disclosure of which is necessary to insure the Defendant's right to Due Process and to afford the Defendant with the opportunity to challenge and/or prepare rebuttal, if necessary.

12. <u>Other crimes, acts or evidence of wrongdoing</u>.

Whether the State will attempt to rely upon any other crimes, wrongs, or acts alleged to have been committed or performed by the Defendant in an effort to show proof of motive, opportunity, intent, preparation, planning, knowledge, identity, or absence of mistake or assent. Disclosure of which is necessary in order to permit Defense Counsel to provide effective representation and otherwise protect the Defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as Article 1, § 9 of the Tennessee Constitution.

13. <u>Continuous Duty to Disclose</u>.

The Defendant gives notice to the State that the requests contained herein are continuous throughout all proceedings in this cause and unless Defense Counsel is notified otherwise by the State of it's objection to the continuous nature of these requests, the Defendant will rely upon the State to timely and promptly disclose any and all discoverable information pursuant to these requests without the necessity of making future identical requests.

14. <u>In camera review by Court</u>.

In the event that the State is uncertain as to whether any requested disclosure is discoverable by the Defense, the Defendant would request the State, and move the Court to

8

000038

make an *in camera* inspection of any such disclosure and to provide a written record under seal of any such *in camera* inspection setting forth exactly what the Court reviewed and the basis for the Court's decision as to whether or not such disclosure is discoverable by the defendant. This request and motion for preservation of a written record under seal of any action by the Court is made for the express purpose of affording any Appellate Court the opportunity to conduct it's own *in camera* review in the event this case or issue should come before any such Appellate Court.

15. The Defendant requests, and moves the Court to require, that the State of Tennessee furnish Defendant's Counsel, with any other information, tangible or intangible evidence, or any other item or matter subject to disclosure under Rule 16 of the Tenn.R.Crim.P. or other applicable law, which has not specifically been requested for in this motion, which are in the possession, custody and/or control of the State of Tennessee, the existence of which is known, or by the exercise of due diligence may become known, to the State of Tennessee.

16. The Defendant requests, and moves the Court to require, that the State of Tennessee advise the Defendant, or Defendant's Counsel, of any incorrect or inconsistent information provided in response to this motion or which is subject to disclosure, even though such information may have been correct at the time that same was disclosed or could have been disclosed to the Defendant.

**WHEREFORE**, premises considered, the Defendant requests, or if necessary, moves the Court to compel, the State to respond as follows:

1. That the State respond in writing within thirty (30) days of receipt of this motion as to each and every request contained herein, setting forth whether it intends to comply with each such request or whether it objects to or seeks modification or clarification of any such request. A timely response to these requests is necessary in order to afford the Defendant with Due Process of law and to allow the Defendant the opportunity to seek relief from the Court as to any known area of controversy or dispute between the State and Defense relating to any such request contained herein.

2. As to any request upon which the State agrees to comply, the Defendant would request that the State provide discovery of same as soon as possible, but in no event more than

9

Case 1:12-cv-00035-HSM-SKL     Document 7-1     Filed 08/01/12     Page 38 of 156
PageID #: 62          030

000039

forty-five (45) days after receipt of this motion.

3. As to anything discoverable or arguably discoverable and which the State contends is newly discovered, the Defendant would request, and move the Court to compel, disclosure of same, or *in camera* inspection by the Court, no later than sixty (60) days prior to trial.

This the _31st_ day of July, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the _31st_ day of July, 1995.

_____
William C. Talman, Attorney

10

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 39 of 156    PageID #: 63    031

000040

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,

    Plaintiff,

vs.

CHRISTA GAIL PIKE,

    Defendant.

FILED
BY MARTHA PHILLIPS, CLERK

JUL 31 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

No.:   58183-A

### CONTINUING MOTION FOR WITNESS STATEMENTS

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court, pursuant to Rule 26.2 of the Tennessee Rules of Criminal Procedure, for a continuing Order directing the State to provide defense counsel with copies of any and all statements made by each and every witness called by the State, which is in the State's possession or which the State has knowledge of or could obtain knowledge of through the exercise of due and diligent search, after each such witness testifies on direct examination. Furthermore, in the event that any such statement is provided, the Defendant moves the Court to allow defense Counsel a reasonable opportunity to review any such statement(s) prior to conducting cross examination.

This the _31st_ day of July, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone:  (615) 579-9060
Facsimile:  (615) 573-2032

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 40 of 156
PageID #: 64   032

000041

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ⊐/ˢᵗ day of July, 1995.

William C. Talman, Attorney

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| vs. | ]     No.:   58183-A |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

FILED
BY MARTHA PHILLIPS, CLERK

JUL 31 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## MOTION FOR EXCLUSION OF WITNESSES

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court, pursuant to Rule 615 of the Tennessee Rules of Evidence, to exclude all witnesses, including rebuttal witnesses, from the courtroom prior to beginning voir dire of the jury and that they likewise be excluded during all hearings on any motions. The Defendant further moves the Court to direct any and all persons, witnesses and spectators alike,

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 03/01/12    Page 41 of 156 PageID #: 65

not to disclose by any means to excluded witnesses any information regarding testimony or exhibits used or introduced in the trial by a witness.

This the ___31st___ day of July, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

**CERTIFICATE OF SERVICE**

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___31st___ day of July, 1995.

_____

William C. Talman, Attorney

COURT ADJOURNED UNTIL TUESDAY, AUGUST 1, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 42 of 156   PageID #: 66

000043

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 155, PAGE 566

FRIDAY, SEPTEMBER 22, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III



| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] BY MARTHA ___ ]s CLERK |
| | ] |
| vs. | SEP 22 1995      No.: 58183-A |
| | ] |
| CHRISTA GAIL PIKE, | KNOX COUNTY CRIMINAL COURT |
| Defendant. | ] |

**DIVISION III**

### MOTION TO SUPPRESS
### SKULL FROM BEING INTRODUCED INTO EVIDENCE

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court to suppress the skull alleged to be that of the victim, Colleen Slemmer, from being introduced into evidence during any phase of the prosecution against the Defendant, Christa Gail Pike. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. That the introduction into evidence of said skull would be unduly gruesome and inflammatory for the jury to view and examine.

2. That any relevant issue sought to be proven by the introduction of said skull could be demonstrated through drawings, diagrams and/or models, provided of course, that the Court should first deem such evidence to be relevant and admissible during these proceedings.

3. That the prejudicial impact upon the Defendant in this capital case outweighs any

probative value gained by the introduction of said skull.

**WHEREFORE**, the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the __22nd__ day of September, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

BY: _____

William L. Brown
Supreme Court BPR#
Attorney for Defendant
706 Walnut Street
Knoxville, Tennessee 37902

Telephone: (615) 637-8505

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the __22nd__ day of September, 1995.

_____

William C. Talman, Attorney

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 44 of 156    PageID #: 68    036

000045

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,                       ]
                                          ]
    Plaintiff,                    ]
                     BY MARTHA ~~~~ CLERK ]
                                          ]
vs.                  SEP 2 2 1995         No.: 58183-A
                                          ]
CHRISTA GAIL PIKE,   KNOX COUNTY CRIMINAL COURT
                          KNOXVILLE, TN      **DIVISION III**
    Defendant.                    ]

## MOTION TO SUPPRESS VARIOUS BODY PARTS
## AND SOFT TISSUE SAMPLES FROM BEING INTRODUCED INTO EVIDENCE

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court to suppress various body parts and soft tissue samples alleged to be that of the victim, Colleen Slemmer, from being introduced into evidence during any phase of the prosecution against the Defendant, Christa Gail Pike. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. That the introduction into evidence of said various body parts and soft tissue samples would be extremely gruesome and inflammatory for the jury to view and examine.

2. That any relevant issue sought to be proven by the introduction of said various body parts and soft tissue samples could be demonstrated through drawings, diagrams and/or models, provided of course, that the Court should first deem such evidence to be relevant and admissible during these proceedings.

3. That the prejudicial impact upon the Defendant in this capital case outweighs any probative value gained by the introduction of said various body parts and soft tissue samples.

**WHEREFORE**, the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the ___22nd___ day of September, 1995.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (615) 579-9060
Facsimile: (615) 573-2032

BY: _William Brown, by William_

William L. Brown
Supreme Court BPR#
Attorney for Defendant
706 Walnut Street
Knoxville, Tennessee 37902

Telephone: (615) 637-8505

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___22nd___ day of September, 1995.

_____
William C. Talman, Attorney

COURT ADJOURNED UNTIL MONDAY, SEPTEMBER 25, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 155, PAGE 605

TUESDAY, SEPTEMBER 26, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,  ]
                     ]
    Plaintiff,       ]  FILED
                     ]  BY MARTHA PHILLIPS, CLERK
vs.                  ]  SEP 2 6 1995          No.: 58183-A
                     ]
CHRISTA GAIL PIKE,   ]  KNOX COUNTY CRIMINAL COURT
                     ]       KNOXVILLE TN          **DIVISION III**
    Defendant.       ]

### MOTION TO SUPPRESS DEFENDANT'S CONVERSATION WITH COUNSEL AT PRELIMINARY HEARING ALLEGEDLY OVERHEARD BY KNOX COUNTY OFFICERS PROVIDING COURT SECURITY

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court to suppress a conversation allegedly overheard by Knox County officers between her and Attorney William L. Brown, who was representing her during her preliminary hearing. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. At the time of the allegedly overheard conversation, the Defendant was in the custody and under the control of the Knox County Sheriff's Department.

2. The officers who were eavesdropping or who allegedly overheard the conversation between the Defendant and her Counsel were providing court security and were not invitees or other third persons incidentally present during said conversation.

3. Since there are no secure meeting facilities available at General Sessions Court for attorneys to meet with their clients who are in the custody of the Knox County Sheriff's

Department, it unfortunately becomes necessary for Attorneys and their clients to discuss cases in the presence of court security officers.

4. Since the Defendant was not free to leave the custody or control of the Knox County Sheriff's Department or that of the officers providing court security and since there are no facilities available at General Sessions Court for Attorneys and clients to meet and talk privately, Defendant would assert that the alleged conversation was made within the scope of Attorney-client communications and is therefore privileged.

5. Copies of statements typed and forwarded to the Knox County District Attorney General's office by said court security officers setting forth the substance of the allegedly overheard conversation are contemporaneously being filed with the Clerk separately under seal for the Court's review, to which specific reference is hereby made.

6. The Defendant would further move the Court to conduct a closed hearing on this issue to avoid disclosure of the substance of said allegedly overheard conversation until such time as the court has an opportunity to rule on this motion.

**WHEREFORE,** the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the 26th day of September, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

BY: _____

William L. Brown
Supreme Court BPR# 014548
Attorney for Defendant
706 Walnut Street, Suite 902
Knoxville, Tennessee 37902

Telephone: (423) 637-8505

○000049

### CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient first class postage to reach it's destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the 26th day of September, 1995.



William C. Talman, Attorney

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| vs. | ] No.: 58183-A |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

BY MARTHA PHILLIPS, CLERK

SEP 2 6 1995

KNOX COUNTY CRIMINAL COURT KNOXVILLE TN

**DIVISION III**

### MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order directing the State of Tennessee to disclose to Defendant's Counsel, the following information, which is within the possession, custody and/or control of the State of Tennessee, or the existence of which can be known through the exercise of due diligence:

1. Any and all considerations or promises of consideration given to or made on behalf of prosecution witnesses. The term *"consideration"* refers to absolutely anything of value or use, including, but not limited to, a grant of immunity, witness fees, assistance or favorable

treatment and/or a favorable recommendation with respect to any civil or criminal matter, as well as anything else which could arguably create an interest or bias in the witness in favor of the State or against the Defendant, or act as an inducement to testify or to color testimony.

2. Any and all prosecutions, investigations, or possible prosecutions pending or which would be brought against the witness, as well as any probationary, parole or deferred prosecution status of the witness.

3. Any and all attempts by the State to offer any such consideration or inducement to testify to any witness or prospective witness regardless of whether such witness or prospective witness accepted such offer.

4. If the State is uncertain as to what constitutes a consideration or whether or not any such discussions with a witness or potential witness falls within the scope of this motion, the Defendant would further move the Court to direct the State of Tennessee to submit the matter to the Court for review and a determination. In the event that the State should submit such a matter to the Court's discretion for a decision and the Court should rule that such matter does not fall within the scope of this motion, the Defendant would respectfully move the Court to certify the matter under seal to preserve the record for review by a reviewing court if an appeal is later taken in the case.

5. The Defendant would further move the Court to direct that the State would have a continuing duty to disclose any such matter within the scope of this motion to the Defendant.

**WHEREFORE**, the Defendant respectfully moves the Court to grant the relief sought herein the premises of this motion.

This the __26th__ day of September, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

000051

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the __26th__ day of September, 1995.

_____
William C. Talman, Attorney

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | FILED ] | |
| | BY MARTHA ... CLERK | |
| vs. | SEP 26 1995 | No.: 58183-A |
| | ] | |
| CHRISTA GAIL PIKE, | KNOX COUNTY CRIMINAL COURT ] | DIVISION III |
| | KNOXVILLE, TN ] | |
| Defendant. | ] | |

### REQUEST FOR NOTICE OF INTENTION TO OFFER EVIDENCE

TO: HONORABLE RANDALL NICHOLS
Knox County District Attorney General
City-County Building
400 Main Avenue
Knoxville, Tennessee 37902

**PLEASE TAKE NOTICE** that the Defendant, Christa Gail Pike, by and through Counsel, requests, pursuant to Rule 12(d)(2) of the Tennessee Rules of Criminal Procedure,

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 51 of 156
PageID #: 75   043

(Tenn.R.Crim.P.) that the State of Tennessee give notice to Defendant's Counsel, of its intention to use evidence which may be (a) discovered by the Defendant, pursuant to Rule 16 of the Tenn.R.Crim.P.; and (b) the subject matter of a motion to suppress in order to afford the Defendant an opportunity to raise objections to such evidence prior to trial in conformity with the provisions of Rule 12(b)(3) of the Tenn.R.Crim.P.

This the ___26th___ day of September, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Notice, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___26th___ day of September, 1995.

_____
William C. Talman, Attorney

000053

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| vs. | ] No.: 58183-A |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

FILED
BY MARTH~ ~ ~ ~ CLERK
SEP 26 1995
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

DIVISION III

## MOTION IN LIMINE

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order prohibiting the State of Tennessee from introducing into evidence during the trial of this cause any photographs alleged to be of the victim, Colleen Slemmer, which were taken at the scene of the alleged crime, prior to, or at any stage of the autopsy procedure. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. The photographs referenced herein are gruesome and highly inflammatory.

2. There are other ways in which the State can enter into evidence the cause of death of the victim without utilizing the photographs taken of the decedent.

3. The Defendant further submits that the prejudicial impact of these photographs so outweigh their probative value so as to make their use a violation of due process, as guaranteed by the Tennessee and United States Constitutions.

**WHEREFORE,** the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the __26th__ day of September, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

1

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 53 of 156   PageID #: 77   045



## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the 26th day of September, 1995.

_____
William C. Talman, Attorney

CERTIFICATE OF SERVICE

William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same

in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols,

District Attorney General for Knox County, Tennessee, City-County

COURT ADJOURNED UNTIL WEDNESDAY, SEPTEMBER 27, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 156, PAGE 597

THURSDAY, OCTOBER 19, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ]<br>] FILED<br>BY MARTHA PHILLIPS, CLERK |
| vs. | ]    No.: 58183-A<br>OCT 1 9 1995 |
| CHRISTA GAIL PIKE, | ]<br>KNOX COUNTY CRIMINAL COURT<br>KNOXVILLE, TN |
| Defendant. | ] |



### O R D E R

This cause came to be heard on the motion of the Defendant, Christa Gail Pike, for an order directing the State and specifically the Tennessee Bureau of Investigation to preserve any blood, clothing or other items in their possession pertaining to this case for the purpose of allowing the defense the opportunity to conduct its own examination and analysis of said blood, clothing and other items. The Court finds the motion to be well taken,

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The State, including but not limited to, the Tennessee Bureau of Investigation, are hereby directed to preserve and safeguard any blood, clothing or other items in their possession, which pertain to this case regardless of whether or not said blood, clothing or other items were actually used for analysis by the TBI pending the further orders of the Court.

2. The Clerk of the Court shall send a certified copy of this Order to the Director of the

Tennessee Bureau of Investigation, P.O. Box 100940, Nashville, Tennessee 37210-0940, the

T.B.I. Forensic Crime Laboratory, P.O. Box 140170, Nashville, Tennessee 37214, and to all

Attorneys of record in this case.

ENTER this the 19th day of October, 1995.

_____
Mary Beth Leibowitz, Judge

APPROVED FOR ENTRY:

_____
William C. Talman, Attorney for
Defendant, Christa Gail Pike

COURT ADJOURNED UNTIL FRIDAY, OCTOBER 20, 1995 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
        MARY BETH LEIBOWITZ, JUDGE
        DIVISION III
        CRIMINAL COURT

000057

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
JULY TERM 1995
MINUTE BOOK 157, PAGE 371

FRIDAY, NOVEMBER 3, 1995

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

| | | |
|---|---|---|
| STATE OF TENNESSEE, | | |
| Plaintiff, | | |
| vs. | | No.: 58183-A |
| CHRISTA GAIL PIKE, | | |
| Defendant. | | |

FILED
BY MARTHA PHILLIPS, CLERK

NOV 3 1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

DIVISION III

### MOTION FOR AN ORDER PROHIBITING SHERIFF'S DEPARTMENT EMPLOYEES AND/OR JAILERS FROM REVIEWING OR READING DEFENDANT'S PRIVILEGED LEGAL CORRESPONDENCE, MEMORANDUMS, AND DOCUMENTS RECEIVED FROM COUNSEL AND FROM OTHERWISE VIOLATING DEFENDANT'S CIVIL RIGHTS AND SIXTH AMENDMENT RIGHT TO COUNSEL

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order prohibiting the Knox County Sheriff's Department employees and/or jailers from reviewing or reading Defendant's privileged legal correspondence, memorandums and documents received from Counsel, and from otherwise violating Defendant's civil rights and sixth amendment right to Counsel. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. The Defendant is presently incarcerated in the Knox County Jail on pending charges of First Degree Murder, for which the State has filed a notice of intent to seek the death penalty.

2. That during her incarceration, Knox County jailers have reviewed and read her legal correspondence and documents received from Counsel, which are privileged communications.

000058

This reviewing and reading of her privileged legal documents was done without her consent and without a search warrant, in violation of her civil rights and in violation of her sixth amendment right to Counsel.

3. Defendant seeks an Order prohibiting the reading, reviewing or taking of her legal documents and correspondence by Knox County Sheriff's Department employees and/or jailers. This request includes, but is not limited to, the taking of her documents and correspondence during "routine shakedowns" of the Defendant's person and jail cell. Defendant would suggest that envelopes containing her privileged materials can be searched for contraband in her presence without reading or reviewing the enclosed materials. After searching said envelopes, the privileged materials can then be given to the Defendant to take with her while her cell is searched.

4. Defendant further seeks an Order prohibiting Knox County Sheriff's Department employees and/or jailers from questioning Defendant or asking her about her case without Counsel being present.

**WHEREFORE,** the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the __3rd__ day of November, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

000059

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___3rd___ day of November, 1995.

William C. Talman, Attorney

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,       ]

     Plaintiff,       ]

vs.       ]      No.:   58183-A

CHRISTA GAIL PIKE,       ]

     Defendant.       ]

FILED
BY MARTHA PHILLIPS, CLERK

NOV 3   1995

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

DIVISION III

### MOTION FOR AN ORDER DIRECTING STATE TO ADD ANY PROSPECTIVE WITNESSES TO INDICTMENT BY DATE CERTAIN

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order directing the State to identify and add any prospective witnesses to the indictment in this case by a date certain. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. The Defendant is presently incarcerated in the Knox County Jail on pending charges of First Degree Murder, for which the State has filed a notice of intent to seek the death penalty.

2. The Defendant's case is presently scheduled for jury trial on March 18, 1996.

3. The indictment in this cause presently lists four (4) police officers as the only witnesses for the State in this case.

4. In order to fully investigate this case and be prepared for trial, the Defense needs timely disclosure by the State of the names, addresses and telephone numbers of any additional witnesses, if any, that the State intends to rely upon during the trial of this case.

5. The Defense specifically seeks an order setting a date certain for the adding of any witnesses to the indictment and an order precluding the State from being able to call or utilize any such additional witnesses, if any, at trial if not added by the date determined by the Court.

WHEREFORE, the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the __3rd__ day of November, 1995.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Attorney for Defendant
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

<u>CERTIFICATE OF SERVICE</u>

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the __3rd__ day of November, 1995.

_____

William C. Talman, Attorney

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 60 of 156    PageID #: 84

000061

COURT ADJOURNED UNTIL COURT IN COURSE.

(S) MARY BETH LEIBOWITZ
    MARY BETH LEIBOWITZ, JUDGE
    DIVISION III
    CRIMINAL COURT

000062

054

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 153, PAGE 21


MONDAY, NOVEMBER 6, 1995

STATE OF TENNESSEE

BE IT REMEMBERED that a Criminal Court for Knox County, Tennessee was begun and held in and for said County at the City-County Building in the City of Knoxville on the First Monday in November, 1995, the same being the 6th day of said month and year, and being the time designated and fixed by law for holding said Court. At which time, present and presiding the Honorable Mary Beth Leibowitz, the duly elected and qualified Criminal Judge, Division I of the 6th Judicial Circuit of the State of Tennessee, when the following proceedings were had and entered of record, to-wit:

Court was opened in due form by Tim Hutchison, High Sheriff of Knox County, Tennessee.


COURT ADJOURNED UNTIL TUESDAY, NOVEMBER 7, 1995 AT 9:00 A.M.


(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

000063



IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 160, PAGE 260

FRIDAY, JANUARY 19, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| | ] FILED |
| | BY MARTHA PHILLIPS, CLERK |
| vs. | JAN 1 9 1996 |
| CHRISTA GAIL PIKE, | KNOX COUNTY CRIMINAL COURT |
| | KNOXVILLE, TN |
| Defendant. | ] |

No.: 58183-A

DIVISION III

### NOTICE OF INTENT TO USE EXPERT TESTIMONY

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully gives notice, pursuant to Rule 12.2(b) of the Tennessee Rules of Criminal Procedure, of the defense intention to offer expert testimony during the trial of this cause.

This the 19th day of January, 1996.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Attorney for Christa Gail Pike
P.O. Box 506
Knoxville, Tennessee 37901-0506

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

000064

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Notice, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the ___19th___ day of January, 1996.

_____
William C. Talman, Attorney

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE,           ]
                              ]
   Plaintiff,              ]
                              ]
vs.                           ]        No.:    58183-A
                              ]
CHRISTA GAIL PIKE,            ]
                              ]        **DIVISION III**
   Defendant.              ]

FILED
BY MARTHA PHILLIPS, CLERK

JAN 1 9 1996

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

### MOTION TO RESTRICT MEDIA COVERAGE OF PRE-TRIAL PROCEEDINGS

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order restricting media coverage of pretrial proceedings in this matter. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. The Knoxville News Sentinel has given written notice, pursuant to revised Supreme Court Rule 30, of it's desire to have photographers present in the courtroom for the purpose of photographing pretrial proceedings.

2. That due to the already extensive media coverage, Defendant Pike believes that it will be extremely difficult to seat a prospective jury to hear the trial of this case and as a result

thereof, the defense is contemplating the necessity of filing a motion for change of venue.

3. That additional media coverage, especially photographic or television coverage of actual proceedings, will decrease the likelihood of being able to select a prospective jury, at least within Knox County, Tennessee and surrounding areas.

4. Newly revised Supreme Court Rule 30 gives the trial Judge the discretion of whether to allow, or limit, media coverage under said rule.

5. The defense would respectfully suggest that the Defendant's right to a fair trial and the ability to select a fair and impartial jury panel from an untainted pool of prospective jurors outweighs, or should outweigh, any right or need that the media, or the public, would have in being able to follow pretrial proceedings in a soap opera fashion.

**WHEREFORE,** Defendant Pike would respectfully move this Honorable Court to restrict media coverage of the pretrial proceedings in this case and to keep that restriction in effect until such time as a jury is actually seated to hear this case.

This the 17th day of January, 1996.

CHRISTA GAIL PIKE

BY: _____
William C. Talman
Attorney for Christa Gail Pike
P.O. Box 506
Knoxville, Tennessee  37901-0506

Telephone:  (423) 579-9060
Facsimile:   (423) 573-2032

## CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Notice, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee  37902.

This the 18th day of January, 1996.

_____
William C. Talman, Attorney

000066

COURT ADJOURNED UNTIL MONDAY, JANUARY 22, 1996 AT 9:00 A.M.


(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

⬤ 000067

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 160, PAGE 380

TUESDAY, JANUARY 23, 1996

Court met pursuant to adjournment, present and presiding the

Honorable Mary Beth Leibowitz, Judge of Division III, Criminal

Court for Knox County, Tennessee, when the following proceedings

were had and entered of record, to-wit:

FILED
BY MARTHA PHILLIPS, CLERK

JAN 2 3 1996

IN THE CRIMINAL COURT FOR KNOX COUNTY KNOX COUN... ...AL COURT
KNOXVILLE, TN

STATE OF TENNESSEE

VS      Case No. _58183 A_
           9509 100<II

Christa Pike, Alias
Defendant

## ORDER OF APPOINTING LEGAL COUNSEL

It appearing, based upon the affidavit of indigency filed in this cause, and after due inquiry made, that the defendant is an indigent person and thereby qualifies for appointed legal counsel.

It is, therefore, ordered that (the District Public Defender) ( Julie A. Martin , Attorney at Law) is hereby appointed as counsel for the defendant as provided by law.

This 23 day of January , 19 96.

_____
Judge

Case 1:12-cv-00035-HSM-SKL    Document 7-1   Filed 08/01/12   Page 67 of 156
PageID #: 91   059

 000068

THE STATE                          NO. 58183A

   VS

CHRISTA PIKE, ALIAS          FIRST DEGREE MURDER &
                                  CONSPIRACY TO COMMIT 1ST
                                  DEGREE MURDER

    The Hon. Bill Brown is relieved as court appointed co-counsel and the Hon. Julie Martin is appointed as successor co-counsel.

    Defendant's Motion to Restrict Media Coverage of Pre-Trial Proceedings is hereby renewed and is hereby OVERRULED.  This case is continued to February 15, 1996.


    COURT ADJOURNED UNTIL WEDNESDAY, JANUARY 24, 1996 AT 9:00 A.M.


                    (S) MARY BETH LEIBOWITZ
                        MARY BETH LEIBOWITZ, JUDGE
                        DIVISION III
                        CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 161, PAGE 451

TUESDAY, FEBRUARY 13, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE, | FILED<br>BY MARTHA PHILLIPS, CLERK | |
| Plaintiff, | ]<br>FEB 1 3 1996<br>] | |
| vs. | KNOX COUNTY CRIMINAL COURT<br>KNOXVILLE. TN<br>] | No.:   58183-A |
| CHRISTA GAIL PIKE, | ] | |
| Defendant. | ]<br>] | |

### MOTION FOR CHANGE OF VENUE

Comes the Defendant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court, pursuant to Rule 21 of the Tennessee Rules of Criminal Procedure, for an Order changing the venue for the trial of this case from Knox County, Tennessee to either Hamilton, Davidson or Shelby county, Tennessee. As grounds and in support thereof, the Defendant would show unto the Court as follows:

1. There has been extensive media coverage concerning this case and it is expected that there will be significant media coverage of pretrial and trial proceedings.

2. This case is alleged to involve satanic worship and a ritualistic killing, which will undoubtedly fuel a media frenzy regarding the coverage of this case.

3. Over defense objection, the trial court has agreed to allow television and still cameras



in the courtroom during all proceedings of this case, which the defense believes will make the selection of an impartial jury in Knox County, Tennessee a virtual impossibility.

4. The Defendant is charged with a capital offense and is facing the death penalty. Counsel would aver that as such, this Defendant should be entitled to a heightened standard of due process and be accorded a fair trial, free from bias and free of potential jurors who may have been exposed to alleged details of this case, which could prevent them from hearing and deciding the merits of this case impartially and without any prejudice or bias.

5. The Defendant is seeking removal of this case from Knox County, Tennessee and transfer to another county of comparable size and composition for trial.

**WHEREFORE**, the Defendant moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the 17th day of February, 1996.

                                    CHRISTA GAIL PIKE

BY: _____
                                    William C. Talman
                                    Supreme Court BPR# 012262
                                    Attorney for Defendant
                                    P.O. Box 506
                                    Knoxville, Tennessee 37901

                                    Telephone:  (423) 579-9060
                                    Facsimile:  (423) 573-2032

### CERTIFICATE OF SERVICE

I, William C. Talman, Attorney for the Defendant, hereby certify that I have served a true and correct copy of the foregoing Motion, by personally delivering same, or by depositing same in the U.S. Mail, with sufficient postage to reach its destination, upon Hon. Randall Nichols, District Attorney General for Knox County, Tennessee, City-County Building, 400 Main Avenue, Knoxville, Tennessee 37902.

This the 17th day of February, 1996.

_____
William C. Talman, Attorney

COURT ADJOURNED UNTIL WEDNESDAY, FEBRUARY 14, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

000071

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 161, PAGE 517

WEDNESDAY, FEBRUARY 14, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

| | | |
|---|---|---|
| THE STATE OF TENNESSEE | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 58183-A |
| | ) | |
| FEB 1 4 1996 | ) | |
| | ) | |
| CHRISTA GAIL PIKE | ) | DIVISION III |
| Defendant | ) | |

### MEMORANDUM OF LAW

In support of the Motion to Quash Subpoena and/or for Protective Order herein filed, the Petitioner respectfully presents the following statement of authorities.

This petition is filed pursuant to the provisions of Tennessee Code Annotated, Section 24-1-208. Said section provides in pertinent part:

> "A person engaged in gathering information for publication or broadcast connected with or employed by the news media or press, or who is independently engaged in gathering information for publication or broadcast, shall not be required by a court, a grand jury, the Legislature, or any administrative body, to disclose before the General Assembly or any Tennessee court, grand jury, agency, department, or commission any information or the source of any information procured for Publication or broadcast". (Tennessee Code Annotated, Section 24-1-208(a), emphasis supplied)

This statute has been construed on two occasions by the Tennessee Supreme Court. In the first case, the issue was a

subpoena seeking the correspondence, studies, reports, memoranda or other source material used by a newspaper in various articles dealing with a bridge collapse. The litigation was a civil one for wrongful death. The application was denied by the newspaper and the Petitioner sought redress as required to the Court of Appeals. The Court of Appeals held that the information could only be shielded if it had been obtained from a confidential source or under confidential circumstances and that, since the information previously obtained had been published, the shield law was inapplicable. The Tennessee Supreme Court in August of 1983 reversed and held that the shield law was applicable to all civil actions and that the term "any information or source of any information procured for publication or broadcast" could not be limited solely to the circumstances of confidentiality but applied as the statute stated to all information. Austin v. Memphis Publishing Company, 655 S.W.2d 146 (Tenn. 1983).

In Austin, supra, the Court, at page 149, stated:

> . . . the Legislature has in clear and unambiguous language expressly stated that a newsman, etc., gathering information for publication, shall not be required to disclose to any Tennessee court, etc., "any information or the source of any information procured or broadcast." The Legislature did not qualify "any information" or the "source of any information" with the word "confidential." The non-specific adjective "any" means "all." (citations omitted) The rule discussed above prohibits the courts from resorting to outside sources to determine legislative intent."

The second decision involving this statute involved a more serious issue from the standpoint of public interest in that it centered around a subpoena purporting to command a radio reporter from Hamilton County, Tennessee to appear before the Hamilton County Grand Jury and testify about information concerning an individual who confessed an alleged murder to the reporter during the course of preparation of materials for broadcast. The

subpoena, upon motion of the reporter, was quashed and application was made to the Court of Appeals which determined that an insufficient showing had been made to entitle divestiture of the shield protection which was then appealed to the Tennessee Supreme Court. The Tennessee Supreme Court, in an opinion styled _State of Tennessee ex rel. Gary L. Gerbitz v. Mark Curriden_, 738 S.W.2d 192 (1987), S. Ct. No. 228, sustained the Court of Appeals and held that an insufficient basis had been established to justify the divestiture of the shield protection, noting that one seeking to divest shield protection must do so by clear and convincing evidence.

The Supreme Court, at 193, noted that on the date of the last broadcast the Appellee Curriden represented that the person he interviewed had committed a murder but never had been apprehended. He further stated that the individual was considered by area police as a dangerous convict who got away.

The Court noted that there were "obviously serious representations made in a public radio broadcast." However, the Court further noted that the Appellee Curriden denied knowing the true identity of the murderer and stated that he could only provide a general description of him. _Curriden, supra_, at 193.

Despite this strong apparent showing of public interest in the prosecutorial actions regarding this alleged killer, it was the opinion of the Supreme Court as it was the opinion of the Court of Appeals Eastern Section that an insufficient showing had been made to establish a basis for the divestiture of shield protection.

These two cases above cited are the only two reported cases known in the State of Tennessee interpreting this Act. It is abundantly clear from a reading of both cases that the intent of the Legislature has been judicially respected and is a clear indication of the necessity for the relief sought in this case to be granted and the subpoena quashed unless and until the applicant shows with the requisite degree of convincing clarity that he has,

and can sustain the factual basis for the burden of proof required by law.

Copies of the Curriden and Austin opinions are appended hereto for the convenience of the Court.

Tennessee Code Annotated, Section 24-1-208, establishes the responsibility of one seeking the testimony of an individual engaged in gathering information for publication or broadcast. The one so seeking has the burden of proof. That burden of proof is defined statutorily as being clear and convincing evidence.

With regard to the definition of clear and convincing evidence the following authorities are submitted.

In instances involving the application of "clear and convincing" proof requirements to First Amendment cases, the following language is used:

> "Clear and convincing proof is greater than a mere preponderance and requires proof which is
>
> clear, precise, and indubitable and is unmistakable and free from serious or substantial doubt." Manuel v. Fort Collins Newspapers, Inc., 599 P.2d 931, 933, 42, Colo. App. 324.
>
> . . . Clear and convincing evidence is a standard of proof interchangeably used with that of convincing clarity and is that evidence which is stronger than a preponderance of the evidence and which is unmistakable and free from serious or substantial doubt." DiLeo v. Koltnow, Colo., 613 P.2d 318, 323.

In other cases the same burden of proof has been defined as follows:

> "For evidence to be clear and convincing it must instantly tilt the scales in the affirmative when weighed against evidence in opposition and leave the fact finder's mind with an abiding conviction that the evidence is true." In re Sedillo, 498 P.2d 1353, 1355, 84 N.M. 10.
>
> "Clear and convincing evidence is the quantum of proof which leaves no reasonable doubt in the mind of the trier of fact." Matter of Larimore's Estate, 381 N.E.2d 76, 21 Ill. dec. 141, 64 Ill. App. 3d 470.

> "Clear and convincing evidence is that evidence which is so clear, explicit, and unequivocal as to leave no substantial doubt and which is sufficiently strong to command the unhesitating assent of every reasonable mind." Petition of Jost, 256 P.2d 71, 74, 117 C.A.2d 379.

> "Evidence to be clear and convincing must be such that there is no serious or substantial doubt as to the correctness of the conclusion." Greener v. Greener, Utah, 212 P.2d 194, 205.

In Tennessee our courts have not considered the clear and convincing evidence standard as applied specifically to First Amendment cases nor has it been considered in the depth or to the extent as indicated in the previously quoted opinions. However, two of our Tennessee decisions offer a discussion of clear and convincing for the guidance of the Court:

> "The clear and convincing evidence standard is defined as 'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" Wiltcher v. Bradley, 708 S.W.2d 407, 411 (Tenn. App. 1985).

> "That measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established; it is
>
> intermediate, being more than mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases . . . We think this is a logical and reasonable definition of clear and convincing proof . . ." Gentry v. Jordan (not reported) 1986 W.L. 1852 (Tenn. App.).

In order to prevail in this case, it must be shown by the above stated quantum of proof that each of the following elements exists with convincing clarity:

> (A)  There is probable cause to believe that the person from whom the information is sought has information which is clearly relevant to a specific probable violation of law;

> (B)  The person has demonstrated that the information sought cannot reasonably be obtained by alternative means; and

> (C)   The person has demonstrated a compelling and overriding public interest of the people of the State of Tennessee in the information.

Tennessee Code Annotated, Section 24-1-208(2)(A-C).

000077

Based upon the definitive statutory and case law within Tennessee and the definitions of clear and convincing evidence, it is respectfully submitted that nothing which is offered in this cause in support of the subpoena served upon the Petitioner rises to the requisite standard of proof mandated by the law and that, therefore, the relief sought herein should be granted.

Respectfully submitted, this the 14 day of February, 1996.

Richard L. Hollow
Attorney for Petitioner

WATSON, HOLLOW & REEVES
P. O. Box 131
Knoxville, TN 37901
Ph. 522-3803

STATE of Tennessee ex rel. Gary L. GERBITZ, District Attorney General, Plaintiff/Appellant,

v.

Mark CURRIDEN, Defendant/Appellee.

Supreme Court of Tennessee, at Knoxville.

Oct. 5, 1987.

Attorney General filed application in Court of Appeals for divestiture of radio newscaster's qualified privilege against disclosure, concerning newscaster's discussions with self-proclaimed murderer. The Court of Appeals denied the State's application. State appealed. The Supreme Court, Harbison, C.J., held that: (1) Court of Appeals had original jurisdiction for State's application; (2) parties to application had right of direct appeal to Supreme Court; and (3) failure of police to investigate by other methods precluded divestiture of newscaster's privilege.

Affirmed.

1. Courts ⟋206(17½)

Court of Appeals had original jurisdiction in application for divestiture of radio newscaster's qualified privilege against disclosure. T.C.A. § 24-1-208(c)(3).

2. Courts ⟋246

Parties to State's application, for divestiture of radio newscaster's qualified privilege against disclosure, had direct appeal as a matter of right to Supreme Court. T.C.A. § 24-1-208(c)(3); Rules App.Proc., Rule 11.

3. Witnesses ⟋196.1

Failure of State to demonstrate any police investigation to determine identity of alleged self-proclaimed murderer who discussed his actions with newscaster precluded finding that State had shown by "clear and convincing" evidence that information it sought from newscaster could not reasonably be obtained by alternative means, and therefore newscaster's privilege from

testimony was still intact. T.C.A. §§ 24-1-208, 24-1-208(c)(2)(B).

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, for plaintiff/appellant.

Frank P. Pinchak, Hutcheson, Moseley, Pinchak & Powers, Chattanooga, (John C. Surles, Charlotte, N.C., of counsel), for defendant/appellee.

Jane E. Kirtley, Henry L. Baumann, Washington, D.C., amicus curiae.

OPINION

HARBISON, Chief Justice.

On July 31, 1986, the state Attorney General, on relation of the District Attorney General for Hamilton County, filed an original application in the Court of Appeals for divestiture of a radio newscaster's qualified privilege against disclosure granted under T.C.A. § 24-1-208.

Subsection c of that statute prescribes the procedure for an order seeking such divestiture. Original jurisdiction is placed in the appropriate division of the Court of Appeals. It is apparent from the statute that there will be occasions when factual issues must be resolved because the statute provides for a hearing and for a determination that the applicant has established a right to divestiture and to override the privilege "by clear and convincing evidence."

The Court of Appeals, of course, may hold an evidentiary hearing on oral testimony or, in its discretion, it may refer the matter to a master or otherwise prescribe the manner in which evidence for the hearing and determination by it may be adduced.

In the present case no oral testimony was heard, nor was any reference to a master or referee employed. The State relied entirely upon two brief affidavits from the District Attorney General of Hamilton County filed with the application, together with an audio tape and a transcript thereof from a broadcast conducted

dence does not preponderate against that finding.

If appropriate law enforcement authorities make a further investigation into this alleged offense, the matter might be resubmitted to the Court of Appeals. On the present record, however, we affirm the conclusion of that court that the requisite burden of proof has not been met.

The judgment of the Court of Appeals in dismissing the application is affirmed at the cost of appellant.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.



Kimberly Ann WALKER,
Plaintiff-Appellee,

v.

Jack BAKER, Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 3, 1987.

Permission to Appeal Denied by Supreme Court Sept. 28, 1987.

Mother brought paternity action. The Circuit Court of Shelby County, James M. Tharpe, J., denied putative father relief from default judgment. The putative father appealed. The Court of Appeals, Highers, J., held that: (1) putative father received sufficient notice of motion for default judgment; (2) putative father was not entitled to relief from default judgment; and (3) putative father's denial of paternity in demand for jury trial did not suffice as an answer.

Affirmed.

**1. Children Out-of-Wedlock ⟺64**

Putative father received sufficient notice of motion for default judgment against him, although putative father stated that he received notice of motion on December 19 and hearing was the next day falling short of five-day required notice; notice of motion was mailed on December 9 directly to putative father, as well as to his former counsel, and service by mail was complete upon mailing. Rules Civ.Proc., Rules 5.02, 55.01.

**2. Judgment ⟺162(2)**

Burden is upon party moving to set aside default judgment to set forth why he was justified in failing to avoid mistake, inadvertence, surprise or neglect. Rules Civ.Proc., Rule 60.02.

**3. Children Out-of-Wedlock ⟺64**

Putative father's conduct did not constitute excusable neglect justifying relief from default judgment entered against him in paternity action; putative father filed no answer in circuit court, although he was represented by counsel during part of that period and he himself signed document indicating his understanding that an answer was required within 30 days, and putative father took no action after he was sent copy of default judgment until approximately three months later when he filed a motion seeking relief. Rules Civ.Proc., Rule 60.02.

**4. Children Out-of-Wedlock ⟺64**

Fact that mother had statutory basis upon which to pursue summary judgment against putative father in paternity action did not preclude mother from seeking default judgment where requisite elements for that relief were also present.

**5. Children Out-of-Wedlock ⟺41**

Putative father's denial of paternity in demand for jury trial filed in juvenile court could not suffice as an answer; the document in itself contemplated that an answer was to be filed within 30 days of date of that denial.

Larry Rice, Pierce, Rice, Nichols, Rice & Bursi, Memphis, for plaintiff-appellee.

consumer price index escalator has been rendered ineffective, the appellant's contentions are without merit. Costs incurred in this Court are taxed against the appellants. The decree of the Chancellor is affirmed.

COOPER, HARBISON and DROWOTA, JJ., and HUMPHREYS, Special Justice, concur.



Emmy AUSTIN and William L. Austin, Sr., Next of Kin of William L. Austin, Jr., Appellees,

v.

MEMPHIS PUBLISHING COMPANY, d/b/a the Commercial Appeal and Memphis Press Scimitar, Appellant.

Supreme Court of Tennessee, at Jackson.

Aug. 1, 1983.

Plaintiffs applied to the Court of Appeals for divestiture of protection under the Shield Law with respect to a wrongful death action pending in the Law Court, Shelby County, Howard J. Vorder Bruegge, J. The Court of Appeals held that the legislature intended to protect only information received under circumstances of confidentiality and remanded the case to the trial court for a factual determination of confidentiality or nonconfidentiality of the information sought by plaintiffs, and plaintiffs appealed. The Supreme Court, Fones, C.J., held that: (1) Shield Law is applicable to civil actions; (2) Court of Appeals erred in construing Shield Law as limiting phrase "any information or the source of any information procured for publication or broadcast" only to circumstances

ments of Shield Law with respect to an order for divestiture, application for divestiture would be dismissed.

Reversed.

See also Tenn.App., 621 S.W.2d 397.

1. Statutes ⇐188

Courts are restricted to the natural and ordinary meaning of language used by legislature within four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent.

2. Witnesses ⇐196.1

Shield Law is applicable to civil actions. T.C.A. § 24-1-208.

3. Witnesses ⇐196.1

Court of Appeals erred in construing Shield Law as limiting phrase "any information or the source of any information procured for publication or broadcast" only to circumstances of confidentiality. T.C.A. § 24-1-208(a).

4. Witnesses ⇐196.1

Where plaintiffs who applied for divestiture of protection under Shield Law acknowledged they could not meet statutory requirements for divestiture, divestiture application would be dismissed. T.C.A. § 24-1-208.

Robert M. Johnson, Patrick M. Ardis, Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, for appellees.

Walter P. Armstrong, Jr., Fred M. Ridolphi, Jr., Jon P. McCalla, S. Russell Headrick, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Bruce W. Sanford, Lee Levine, Baker & Hostetler, Washington, D.C., for appellant.

OPINION

FONES, Chief Justice.

We granted defendant's T.R.A.P. 11 appeal to determine whether the qualified

T.C.A. § 24-1-208,[1] is contingent upon a finding that the information or source of information sought was obtained in the course of a confidential newsman-informant relationship.

I.

Plaintiffs filed suit in Shelby County Circuit Court for the wrongful death of their son as a result of a bridge collapse in Memphis, Tennessee. In January, 1981, plaintiffs caused subpoenas duces tecum to be issued to non-party newspapers, The Commercial Appeal and Memphis Press-Scimitar, seeking "any and all correspondence, studies, reports, memoranda, or any other source material used by the newspaper[s] in preparing various articles dealing with" the Perkins Street bridge collapse. Defendants moved to quash the subpoenas on the basis of T.C.A. § 24-1-208, but the trial court ordered the publishing company to comply. The Court of Appeals stayed the orders of compliance and on July 31, 1981, declared the trial court's orders null, void and of no effect for lack of subject matter jurisdiction. On September 21, 1981, this Court denied plaintiffs' application for permission to appeal. See Austin v. Memphis Publishing Company, 621 S.W.2d 397 (Tenn.App. 1981).

The present issue resulted from plaintiffs' application for divestiture of protection before the Court of Appeals pursuant to section (c) of the Shield Law. Plaintiffs acknowledged that they could not meet all of the requirements of subsection (c)(2) in order to justify an order of divestiture, but asserted that the statute was not intended to apply to civil cases or non-confidential information. The Court of Appeals held that the Legislature intended to protect only information received under circumstances of confidentiality and relied principally upon the following rationale:

"We believe that T.C.A. § 24-1-208 was the media's response via our Legislature to the Branzburg decision. It is evident to us that the statute was passed to assure confidentiality in order to facilitate the gathering of news and information, which confidentiality was not provided by the Branzburg decision.[2] Therefore, we find the element of confidentiality to be implicit in T.C.A. § 24-1-208."

[2] A comparison of subsection (c) of T.C.A. § 24-1-208 with Justice Stewart's language in his dissenting opinion, which dissent would afford confidentiality, should dispell any doubt that drafters of T.C.A. § 24-1-208 were considering the Branzburg opinion. See 408 U.S. at 743, 92 S.Ct. at 2681.

Having concluded that the statute did not protect any nonconfidential information, the Court of Appeals remanded the case to the trial court for a factual determination

[1] 24-1-208. Persons gathering information for publication or broadcast not required to disclose—Exceptions.—(a) A person engaged in gathering information for publication or broadcast connected with or employed by the news media or press, or who is independently engaged in gathering information for publication or broadcast, shall not be required by a court, a grand jury, the legislature, or any administrative body, to disclose before the general assembly or any Tennessee court, grand jury, agency, department, or commission any information or the source of any information procured for publication or broadcast.

(b) Subsection (a) shall not apply with respect to the source of any allegedly defamatory information in any case where the defendant in a civil action for defamation asserts a defense based on the source of such information.

(c)(1) Any person seeking information or the source thereof protected under this section may apply to the Court of Appeals for an order shall be made to the Court of Appeals in the grand division of the state of Tennessee wherein the hearing, action or other proceeding in which the information sought is pending.

(2) The application shall be granted only if the court after hearing the parties determines that the person seeking the information has shown by clear and convincing evidence that:

(A) There is probable cause to believe that the person from whom the information is sought has information which is clearly relevant to a specific probable violation of law;

(B) The person has demonstrated that the information sought cannot reasonably be obtained by alternative means; and

(C) The person has demonstrated a compelling and overriding public interest of the people of the state of Tennessee in the information.

(3) An order of the Court of Appeals may be appealed to the Supreme Court of Tennessee. [Acts 1973, ch. 27 §§ 1-3; T.C.A. § 24-113—

Case 1:12-cv-00035-HSM-SKL Document 7-1 Filed 08/01/12 Page 80 of 156 PageID #0104

by appellee. Appellee filed a sworn answer with exhibits.

The Court of Appeals concluded from the documentary evidence filed before it that the applicant had not established by clear and convincing evidence that the information sought could not reasonably be obtained by alternative means, as required by T.C.A. § 24-1-208(c)(2)(B). We affirm.

The statute, T.C.A. § 24-1-208(c)(3), provides that an order of the Court of Appeals "may be appealed" to this Court. The applicant sought review here as a matter of discretion under Rule 11, T.R.A.P. This was the procedure also employed in *Austin v. Memphis Publishing Co.*, 655 S.W.2d 146 (Tenn.1983), the only reported case from this Court construing the statute.

[1, 2] Although we granted the State's Rule 11 application, in our opinion the statutory provisions contemplate an original hearing and disposition of factual, as well as legal, issues before the Court of Appeals and a direct appeal to this Court as a matter of right. Although it is quite unusual for the General Assembly to vest matters of original jurisdiction in the intermediate appellate courts, apparently it has done so in this instance. It appears that the General Assembly also intended to afford the parties to such an application appellate review in this Court. Accordingly a direct appeal may be employed for that purpose in future cases.

[3] Appellee purported to interview an alleged murderer on his radio broadcast, which was one of a series of short feature newscasts during the week of June 23, 1986. On the day before the last broadcast it was announced:

> "Tomorrow, Mark will talk with a man who committed a murder and has never been arrested."

On the date of the last broadcast, appellee represented that the person whom he was interviewing had committed a murder but had never been apprehended. He said that the individual was considered by area police as dangerous, "a convict who got away, a murderer." Appellee further stated that the "self-proclaimed killer says at the time of the murder he was on parole for assault and battery." Appellee stated that the police had never questioned this individual despite the fact that there was an eyewitness to the event.

At this point the person being interviewed, identified as "Stanley" to "protect" his identity, remarked that there was no way to connect him with the eyewitness because the parties had not known each other previously.

Appellee stated that "Stanley" was "a killer and could get the death penalty or at least life in prison."

These are obviously serious representations made in a public radio broadcast. However, in his sworn answer, appellee denied knowing the true identity of the murderer and stated that he could provide only a general description of him.

Within a short time after the broadcast, appellee was subpoenaed to appear before the Hamilton County grand jury to give "general information." The affidavit of the District Attorney General was that appellee did appear on July 21 and at that time he did "refuse to give testimony involving information he has regarding a homicide that was being investigated by said Grand Jury."

There is no explanation of what information was sought from appellee or what other efforts, if any, the Attorney General or other law enforcement agencies had made to determine the identity of the criminal offense, the offender himself, or the site of the offense. It does not appear whether the alleged crime occurred in Hamilton County or was subject to the jurisdiction of the Hamilton County grand jury. No investigation or inquiry by Hamilton County officials with officials from surrounding counties appears to have been made, nor has any check of prison or parole records been shown.

For this reason the Court of Appeals concluded that the State had not offered "clear and convincing" evidence that the information sought could not reasonably be obtained by alternative means. The evi-

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 81 of 156
PageID #: 105

of confidentiality or non-confidentiality of the information sought by plaintiffs.

We do not agree that (1) there exists any basis in the Tennessee Shield Law to look to the *Branzburg* case, or elsewhere for legislative intent, nor (2) if appropriate to do so, that *Branzburg* requires a finding that the Legislature intended to limit the privilege to confidentially acquired material.

## II.

[1] The determination of the issue before us is controlled by the most basic and fundamental rule of statutory construction. It has been expressed in many ways over the years but has always conveyed the principle that the courts are restricted to the natural and ordinary meaning of the language used by the Legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent.

In one of the earliest expressions of the rule, the Court in *Miller v. Childress*, 21 Tenn. 319, 321–22 (1841) said:

"Where a statute is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts is simple and obvious, namely, to say *sic lex scripta*, and obey it."

In *Haskell v. Lowe*, 126 Tenn. 475, 499, 149 S.W. 284, 290 (1912), the Court quoted with approval from *Sedgwick on Statutory & Constitutional Law*, in part, as follows:

"In a recent American work on Statutory Law, it is said that the intention of the legislature is to be learned from the words it has used; ... and, if that intention is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and the judges are not at liberty, on consideration of policy or hardship, to depart from the words of the statute; that they have no right to make exceptions or insert qualifications, however abstract justice or the justice of the particular case may seem to require it."

*Hickman v. Wright*, 141 Tenn. 412, 210 S.W.

searching for legislative intent, has found justification for insertion of the missing word "confidential" into the statute. In *Hickman*, the Court found that the Legislature intended to deprive all state officials, enumerated in Chapter 47 of the Public Acts of 1917, of their fees and to put them on a salary basis, but that for some unexplained reason, the Legislature had overlooked fixing salaries for such officials in eighty-three counties. The Court noted that such an oversight, as termed in the law, was a "*casus omissus*." In that situation, the Court reasoned as follows:

"A pure '*casus omissus*' occurring in a statute can never be supplied or relieved against by the court under any rule or canon of construction or interpretation. [citations omitted]

The foregoing conclusion is not in conflict with our liberal rules of construction and interpretation of statutes. The universal rule seems to be that if the actual language and provisions of the statute are plain and clear, and are devoid of contradiction or any affirmative ambiguity, so that the statute, as the result of the express provisions, is not reasonably susceptible of a twofold meaning, then there is no room for applying any other rules or canon of construction to the act. [citations omitted]." *Id.* at 418, 210 S.W. at 448.

In *Pless v. Franks*, 202 Tenn. 630, 635, 308 S.W.2d 402, 404 (1957), Justice Tomlinson stated the rule in this concise manner:

"As to the legislative intent, the Court may look only to the four corners of the statute as a general rule. And there is nothing in these statutes suggesting an exception to that rule."

More recently, Justice Cooper, writing for this Court in *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (1977), expressed the rule as follows:

"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or pur-... of the legislature as expressed in the

222 Tenn. 384, 436 S.W.2d 425 (1968). This legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language. *Rector v. Wilkes, supra; Moto-Pep v. McGoldrick*, 202 Tenn. 119, 303 S.W.2d 326 (1957); *Rose v. Blewett*, 202 Tenn. 153, 303 S.W.2d 709 (1957)."

In T.C.A. § 24–1–208(a), the Legislature has in clear and unambiguous language expressly stated that a newsman, etc., gathering information for publication, shall not be required to disclose to any Tennessee court, etc., "any information or the source of any information procured for publication or broadcast." The Legislature did not qualify "any information" or the "source of any information" with the word "confidential." The non-specific adjective "any" means "all." *See, e.g., Employers Liability Assurance Corp. v. Farquharson*, 182 Tenn. 642, 652, 188 S.W.2d 965, 969 (1945). The rule discussed above prohibits the courts from resorting to outside sources to determine legislative intent.

[2] The Court of Appeals did not address plaintiff's contention that the statute was not intended to apply to civil cases. Obviously, there is no express language in the statute so limiting the privilege. The reason and the rule that requires us to reject the contention that the statute is limited to confidential information and sources requires that it not be limited to criminal cases. In addition, subsection (b) of T.C.A. § 24–1–208, which excludes the source of information from the privilege in a civil action for defamation where defendant asserts a defense based on that source, would have been superfluous if the statute as a whole could be construed as inapplicable to civil actions.

## III.

Tennessee's Shield Law was enacted nine months after the United States Supreme

U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). *Branzburg*, a reporter for the Louisville Courier Journal, had written articles about the sale and use of drugs wherein it was clear that he had actually witnessed violations of the drug laws and had stated in the articles that he had promised not to reveal the identities of the violators. *Branzburg* was subpoenaed to appear before a Kentucky grand jury "to testify in the matter of violations of statutes concerning the use and sale of drugs." The newsman relied upon the Kentucky Shield Law and the First Amendment to the United States Constitution in refusing to answer and in seeking a protective order. The Kentucky courts held that the statute protected *Branzburg* from revealing "confidential associations, sources or information" but did not protect him from the requirement to "answer any questions which concern or pertain to any criminal act, the commission of which was actually observed by [him]." *Id.* at 670, 92 S.Ct. at 2651. The United States Supreme Court held that requiring a newsman to testify before a grand jury did not abridge the freedom of speech and press guaranteed by the First Amendment nor did the newsman's confidentiality agreement, to conceal the sources, the material and the criminal acts, invoke a constitutional privilege. In dissent, Justice Stewart, joined by Justices Brennan and Marshall, would have granted a limited newsman's privilege, to-wit: upon establishing a confidential relationship with respect to the material sought to be revealed to the grand jury, the burden would shift to the government to show the existence of the three elements specified in T.C.A. § 24–1–208(c)(2)(A), (B) and (C). *Id.* at 743, 92 S.Ct. at 2681. It is true that the three subsections are in the almost identical language used by Justice Stewart, however, Justice Stewart and his dissenting colleagues would not have required "clear and convincing evidence" as the Tennessee Legislature did. But, more important, if we could look beyond the statute for legislative intent, we would conclude that the Tennes-

nfidentiality" because in Justice Stew-
's dissent it was *the linchpin* that trig-
ed the privilege. It seems to us that the
minence of confidentiality in that dis-
ting opinion made it essential that the
islature specify that upon a showing of
fidentiality on a motion by a newsman
quash a subpoena, the privilege would
e and could only be divested by proof of
three requirements of subsections
B) and (C). Thus, if permitted, we
ld conclude that the Legislature had
ider... nd rejected the limitation of
dai...ity.

*Branzburg*, the United States Supreme
t also observed that state legislatures
free, within First Amendment limits,
shion their own standards with respect
newsman's privilege, either qualified or
ute. *Id.* at 706, 92 S.Ct. at 2669. We
with the Court of Appeals that
zburg probably induced the media to
for and the Legislature to enact a
l law. But no matter how surprising it
be that the Legislature would embrace
onfidential as well as confidential ma-
l, and civil as well as criminal litiga-
in contradiction of the time-honored
that the public has a right to every
evidence, we cannot insert language
he ...tute to alter that result.

W... herefore hold that the Court of
als erred in construing the Shield Law
iting the phrase "any information or
urce of any information procured for
ation or broadcast" only to "circum-
s of confidentiality." Our holding is
tent with the decisions of those courts
have reviewed similarly worded state
l laws and found them to include pro-
n of non-confidential information or
 us. *See, e.g., Lawless v. Clay*, 9 Med.
tr. 1223 (N.Y.Sup.Ct., Onondaga Co.
and N.Y.Civ.Rights Law § 79-h
inney Supp.1982); *Aerial Burials Inc.*
nnsapolis *Star & Tribune Co.*, 8 Med.L.
. 1653 (Minn.D.C.1982) and Minn.Stat.
§ 595.021–025 (West Supp.1983); *In*
azo, 175 N.J.Super. 455, 423 A.2d 695

*Deaner*, 623 F.2d 264 (3rd Cir.1980) and 42
Pa.Cons.Stat.Ann. § 5942 (Purdon) (1982);
*Hammarley v. Superior Court*, 89 Cal.
App.3d 388, 153 Cal.Rptr. 608 (1979) and
Cal.Evid.Code § 1070 (West Supp.1983);
*Lightman v. State*, 15 Md.App. 713, 294
A.2d 149, aff'd, 266 Md. 550, 295 A.2d 212
(1972), *cert. denied*, 411 U.S. 951, 93 S.Ct.
1922, 36 L.Ed.2d 414 (1973) and Md.Cts. &
Jud.Proc.Code Ann. § 9–112 (1980).

[4] The decision of the Court of Appeals
is reversed. Plaintiffs have acknowledged
that they cannot meet the requirements of
subsections (A), (B) and (C) of T.C.A.
§ 24–1–108(c)(2) and therefore plaintiffs'
divestiture application will be dismissed.
Costs are adjudged against plaintiffs.

COOPER, BROCK, HARBISON and
DROWOTA, JJ., concur.



George E. GETTER, Plaintiff-Appellee,

v.

Hubert O. SHUPTRINE, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Western Section, at Nashville.

April 5, 1983.

Application for Permission to Appeal
Denied by Supreme Court
July 25, 1983.

The Chancery Court, Marion County,
L.F. Stewart, Chancellor, rendered judg-
ment in favor of building contractor, and
homeowners appealed. The Court of Ap-
peals, Nearn, P.J., (W.S.) held that statute
governing recordation of contractors' licen-

least a colorable attempt to comply with
licensing statutes.

Affirmed.

**1. Licenses ⟋39.44**

Statute governing recordation of con-
tractors' licenses did not operate as a forfei-
ture of rights for contractor who had in
good faith made at least a colorable at-
tempt to comply with statute and did not
deprive contractor of right to bring an ac-
tion on construction contract. T.C.A. § 62–
6–112.

**2. Licenses ⟋39.43**

Failure to record contractor's license in
each county where work is performed does
not invalidate license. T.C.A. § 62–6–112.

**3. Licenses ⟋39.43**

Recordation of contractor's license is
required in county or city where contrac-
tor's principal office of business is located.
T.C.A. §§ 62–6–112, 62–6–112(a)(1).

**4. Licenses ⟋39.43**

Although subsection of statute govern-
ing recordation of contractors' licenses pro-
vides for recordation in counties other than
the county where the contractor's principal
office is located, but where contractor
might do business, failure to do so carries
no penalty or forfeiture under the statute.
T.C.A. § 62–6–112(d).

Harry Berke, Chattanooga, for defend-
ants-appellants.

Walter E. Hooper, Chattanooga, for
plaintiff-appellee.

NEARN, Presiding Judge, Western Sec-
tion.

The Chancellor rendered judgment in the
amount of $60,269.43 in favor of the build-
ing contractor, plaintiff George E. Getter.
The Shuptrines, the homeowners, appeal.
The issue on appeal is whether the failure
of a contractor to comply with T.C.A.

§ 62–6–112(d) deprives him of the right to
bring suit on a construction contract.

The code section [1] is as follows:

62–6–112. Recording of certificate of
license—Fee.—(a)(1) Any person thus re-
ceiving a certificate of license from the
board shall forthwith have it recorded in
the Office of the county clerk of the
county or in the office of the correspond-
ing officer of the municipality in which
he is engaged in business, and the date of
the recording shall be evidenced thereon;
however, no licensed contractor working
under the supervision of either a licensed
architect or engineer shall be required to
record with the county clerk or municipal
official.

(2) The clerk of the appropriate munici-
pal official shall be paid a fee of one
dollar ($1.00) for recording said certifi-
cate.

(b) Until the license is recorded, the hold-
er thereof shall not exercise any of the
rights and privileges therein conferred,
and in case such license is not so recorded
within three (3) months from the date of
issuance it shall become invalid.

(c) The county clerk of each county or
the appropriate municipal official shall
keep in a book to be provided for the
purpose; a complete list of the certificates
of license recorded by him, together with
date of each and the date of the record-
ing.

(d) The certificate of license and any re-
newal thereof shall be recorded as provid-
ed in each county in which the contractor
engages in business during the term of
the license unless such contractor is being
supervised by either a licensed architect
or engineer.

The facts necessary for an understanding
of our treatment of this appeal are undis-
puted. In 1974 the Shuptrines contracted
with the plaintiff for the construction of a
home. The structure was a substantial one
as it appears to have required in excess of

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

THE STATE OF TENNESSEE )
)
     Plaintiff )
)
vs.              FILED     Knox )    No. 58183-A
)
FEB 1 4 1996 )
)
                CRIMINAL COURT )
CHRISTA GAIL PIKE )        DIVISION II
)
     Defendant )

## A F F I D A V I T

STATE OF TENNESSEE

COUNTY OF KNOX

      Comes now your Affiant, Frank Cagle, and after being duly sworn according to law makes oath as follows:

      1. That I am the Managing Editor of The Knoxville News-Sentinel which is a newspaper of general daily circulation within Knox County and surrounding areas.

      2. That on the 13th day of February, 1996, I was served as managing editor with a copy of a subpoena commanding my appearance on February 15, 1996, at 9:00 a.m. to testify in this cause and to bring with me the following information:

> Copies of videotapes, audiotapes, photographs and copies of any print publication of any and all broadcasts relative to this case or this Defendant. Also, please bring any information regarding station coverage area.

      3. That because of records storage and retrieval transition at the Knoxville News-Sentinel, it is impossible to gather the information sought by this subpoena and provide it to the Court within the time specified and further that any attempt at compliance would be, under the circumstances, unreasonable or oppressive.

      4. That copies of The Knoxville News-Sentinel are available on microfilm at the Knox County Public Library.

      5. That the information sought is presently unavailable and will remain unavailable for at least another 30 to 60 days because of the records transition previously referred to.

6. That the breadth of the request violates the provisions of T.C.A. §24-1-208 since it seeks information gathered for publication or broadcast and, therefore, should not be disclosed until the full and complete compliance of the Defendant with T.C.A. §24-1-208(c) has been established by clear and convincing evidence.

Further Affiant saith not.

Frank Cagle

Sworn or affirmed and subscribed to before me this 14th day of February, 1996.

_____
Notary Public

My Commission Expires: 3-3-98

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

THE STATE OF TENNESSEE )
                        )
            Plaintiff   )
                        )
                        FILED
                        BY MARTHA PHILLIPS CLERK
vs.                     )              No. 58183-A
                        FEB 1 4 1996
                        )
                        KNOX COUNTY CRIMINAL COURT
                        KHOXVILLE, TN
CHRISTA GAIL PIKE       )          DIVISION II
                        )
            Defendant   )

MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER

Comes now Frank Cagle, the Managing Editor of The Knoxville News-Sentinel, a newspaper of general daily circulation within Knox County and surrounding areas, and moves the Court, pursuant to Rule 17(c) of the Tennessee Rules of Criminal Procedure and T.C.A. §24-1-208, to quash the subpoena issued and served on him on the 13th day of February, 1996, commanding his appearance on

the 15th day of February, 1996, at 9:00 a.m., and further commanding him to bring with him the following information:

> Copies of videotapes, audiotapes, photographs and copies of any and all print publication of any and all broadcasts relative to this case or this Defendant. Also, please bring any information regarding station coverage area.

A copy of the subpoena is attached.

The Petitioner also relies upon his Affidavit which is appended hereto as an exhibit.

The Petitioner further understands and avers upon this information and belief that the thrust of the subpoena is an attempt to compel his testimony concerning information obtained for publication or broadcast with regard to news coverage of the above captioned matter in its previous aspects and, therefore, in reliance upon the provisions of T.C.A. §24-1-208, et seq. and the decisional law of the State of Tennessee decided pursuant thereto, it is respectfully requested that the subpoena be quashed and that a hearing upon this motion be held pursuant to said statute in aid thereof and that any further action or conduct of any party in furtherance of said subpoena be held in abeyance until the determination of the issues raised hereby.

Respectfully submitted, this the 14th day of February, 1996.

Richard L. Hollow
Attorney for Petitioner

WATSON, HOLLOW & REEVES
P. O. Box 131
Knoxville, TN   37901
Ph. 522-3803

## CERTIFICATE OF SERVICE

I certify that true and perfect copies of the foregoing Motion to Quash Subpoena and/or for Protective Order, Affidavit and Memorandum have been mailed and telefaxed to the attorneys for Christa Gail Pike and the State of Tennessee, this 14 day of February, 1996.

Richard L. Hollow

000087 Rick Hollow
525-2514

# CRIMINAL COURT OF KNOX COUNTY

| THE STATE OF TENNESSEE | STATE SUBPOENA |
|---|---|
| Vs | State of Tennessee. Knox County |
| CHRISTA GAIL PIKE | CASE NO.     58183-A |
| | DOCKET NO. |
| DEFENDANT(s) | |

TO:   MANAGING EDITOR OR DESIGNATE
      KNOXVILLE NEWS SENTINEL
      KNOXVILLE, TN  37919

_Bill Tallman_

## YOU ARE HEREBY REQUIRED TO APPEAR BEFORE
## THE CRIMINAL COURT OF KNOX COUNTY

ON (date) :     FEBRUARY 15, 1996 AT 9:00 A.M.
AT (time) :     DIVISION III
AT (place) :    CITY-COUNTY BUILDING
                KNOXVILLE, TN.

TO TESTIFY ON BEHALF OF THE ☐ STATE OF TENNESSEE ☒ DEFENDANT(S) AS A WITNESS
IN THE CASE OF THE STATE OF TENNESSEE VERSUS THE ABOVE NAMED DEFENDANT(S).

AND BRING WITH YOU THE FOLLOWING:   COPIES OF VIDEOTAPES, AUDIOTAPES, PHOTOGRAPHS
    AND COPIES OF ANY PRINT PUBLICATION OF ANY AND ALL BROADCASTS RELATIVE
    TO THIS CASE OR THIS DEFENDANT.  ALSO, PLEASE BRING ANY INFORMATION
    REGARDING STATION COVERAGE AREA.

CALL 521-2492 IF YOU HAVE ANY QUESTIONS CONCERNING YOUR COURT APPEARANCE IN THIS CASE.

MARTHA PHILLIPS, CLERK

By _____, Deputy Clerk

| Post-it® Fax Note   7671 | Date | # of pages ▶ |
|---|---|---|
| To Rick Hollow | From Frank Cagle | |
| Co./Dept. | Co. | |
| Phone # | Phone # | |
| Fax # 525-2514 | Fax # 521-8124 | |

000088



COURT ADJOURNED UNTIL THURSDAY, FEBRUARY 15, 1996 AT 9:00 A.M.


(S) MARY BETH LEIBOWITZ
      MARY BETH LEIBOWITZ, JUDGE
      DIVISION III
      CRIMINAL COURT

000089

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 161, PAGE 551

THURSDAY, FEBRUARY 15, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

THE STATE                          NO. 58183A

   VS

CHRISTA PIKE, ALIAS                 1ST DEGREE MURDER &
                                    CONSP.TO COMMIT 1ST
                                    DEGREE MURDER

Came the Attorney General for the State, also defendant in proper person, having counsel present and came on for hearing on defendant's Motion for Change of Venue. Said Motion being argued by counsel, ruling is hereby reserved. Defendant's Motion to Conduct Individual Voir Dire came on for hearing and said Motion being argued by counsel, ruling is hereby reserved. Defendant's Motion to Strike "Alias" came on to be heard and said Motion is hereby GRANTED. Defendant's Motion to Instruct the Jury came on to be heard and said Motion being argued by counsel is hereby GRANTED. Defendant's Motion in Limine Regarding Prior Bad Acts came on to be heard and said Motion being argued by counsel, is hereby GRANTED.

Defendant's Motion for Exclusion of Witnesses came on to be heard and said Motion being argued by counsel is hereby GRANTED. Defendant's Motion for Discovery came on to be heard and the State announces that said Motion will be complied with. Defendant's Motion for An Order Directing State to Add Any Prospective Witnesses to Indictment by Date Certain came on to be heard and said Motion being argued by counsel, ruling is hereby reserved. Defendant's Motion in Limine Regarding an Order

000090

Prohibiting the State from Introducing Photographs Alleged to be of the Victim came on to be heard and said Motion being argued by counsel, ruling is hereby reserved.

Motion to Suppress Defendant's Conversation With Counsel at Preliminary Hearing Allegedly Overheard by Knox County Officers Providing Court Security came on to be heard and said Motion being argued by counsel, ruling is hereby reserved. Motion to Suppress Various Body Parts and Soft Tissue Samples From Being Introduced Into Evidence came on to be heard and said Motion being argued by counsel, ruling is hereby reserved. Motion to Suppress Skull from Being Introduced Into Evidence came on to be heard and said Motion being argued by counsel, ruling is hereby reserved. Defendant's Request to District Attorney General for Discovery Or, In the Alternatives, Motion to Compel Disclosure of Discovery came on to be heard and said Motion being argued by counsel, ruling is hereby reserved.

This case is continued to February 26, 1996 for hearing on Motion, continued to February 29, 1996 for hearing on Motion for Change of Venue and the trial date of March 18, 1996 is confirmed.

COURT ADJOURNED UNTIL FRIDAY, FEBRUARY 16, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

082

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 162, PAGE 281

MONDAY, FEBRUARY 26, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

### DIVISION III

STATE OF TENNESSEE

VS.

CHRISTA G. PIKE, ALIAS

FILED
BY MARTHA PHILLIPS, CLERK

FEB 26 1996

KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

No. 58183-A

### ORDER

In this cause, it appearing that an additional witnesses have been found in behalf of the State of Tennessee by the names of:

Dr. Sandra K. Elkins
UT Pathology Department
Drawer 108
1928 Alcoa Highway
Knoxville, TN 37920

Raymond A. DePriest
TBI
P.O. Box 140170
Nashville, TN 37214

Glenn Everette
TBI
P.O. Box 140170
Nashville, TN 37214

Margaret Bash
TBI
P.O. Box 140170
Nashville, TN 37214

Inv. Terry Clowers
KPD
800 E. Church Avenue
Knoxville, TN  37915

Sgt. Dan Brock
KPD
800 E. Church Avenue
Knoxville, TN  37915

Sgt. Dennis Bowman
KPD
800 E. Church Avenue
Knoxville, TN  37915

Officer Robert Rector
KPD
800 E. Church Avenue
Knoxville, TN  37915

Officer Lanny Janeway
KPD
800 E. Church Avenue
Knoxville, TN  37915

Sgt. Tim DeBoard
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Kevin Tarbell
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Frank Wolfe
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Ernest Bowman, Jr.
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Ann Elaine Fisher
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Jeanette Harris
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Officer Charles Price
KCSD
City-County Building
400 Main Avenue
Knoxville, TN  37902

Chief Ed Yovella
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Asst. Chief Mark Welker
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Det. Don Cook
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Sgt. Lee Stanton
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Officer John Johnson
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Officer Oscar Stiles
UT Police Department
1115 UT Drive
Knoxville, TN   37996

Capt. Hudson
Job Corps Security

Lt. Stiles
Job Corps Security

Charles Terry
Job Corps Security

Dr. Murray K. Marks
252 S. Stadium Hall
Knoxville, TN   37996

Ms. Lee Meadows Jantz
252 S. Stadium Hall
Knoxville, TN   37996

Duncan Sutherland
UT Physical Plant/Plumbing Shop
2233 Volunteer Boulevard
Knoxville, TN   37996-3000

Kip O'Hara
219 E. Margin Street
Bolivar, TN   38008
(901) 658-3579

Sharenda Channel Harris
c/o Annie Harris
950 New Town Circle #G
Atlanta, GA   30315
(404) 635-1261
(404) 627-0474

Jeanette Marquez
c/o Mrs. Ayda M. Revis
1203 Lenor Avenue
Kinston, NC   28501

Mary Elizabeth Cogdell
c/o Calene Beals
7613 Roxboro Lane
Stanley, NC
(704) 827-2003

Gdongalay Parlo Berry
c/o Freddricka Coffee
Deer Run Drive
Knoxville, TN   37912

John Harper Farmer
c/o Lorraine Parmes
1213 Bellemeade
Chattanooga, TN   37411

Teresa Dawn Williams
c/o Kathy Lewis
414 Belmont Avenue
Wilson, NC   37893
(919) 237-4899

Stephanie Leigh Wilson
c/o Crystal Wilson
302 Sheringham Drive
Gastonia, NC   28056
(704) 922-0984

Brandy Leigh Rogers
c/o Brinda Compton
Route #9, Box 139
Pursley Road
Ringold, GA
(706) 866-5349

William Hilton Rives
c/o Andrea White
709 County Road
Englewood, TN
(423) 263-5508

Tamara Lashune Ragland
c/o Gwendolyn Long
191 Holiday Drive
Jackson, TN   38305
(901)-664-1942

Kimberly Anne IloIlo
c/o Deborah Comeau
527 Stice Shoal Road
Shelby, NC   28152
(704) 487-9876

Robert Alfred Pollock
2919 Browning Avenue
Knoxville, TN   37921
(423) 524-2080

Daniel W. Wayland, Jr.
1400 Florence Avenue
Madison, TN   37115
(615) 868-6783

000094

Jennifer Louise McCrary
113 School Street
Hendersonville, NC   28739
(704) 693-1543

Maresa Boatright
1320 Calloway
Knoxville, TN   37921

and that a motion has been made to place the names on the

Indictment in the above-captioned case.

Dr. Sandra K. Elkins
UT Pathology Department
Drawer 108
1928 Alcoa Highway
Knoxville, TN   37920

Raymond A. DePriest
TBI
P.O. Box 140170
Nashville, TN   37214

Glenn Everette
TBI
P.O. Box 140170
Nashville, TN   37214

Margaret Bash
TBI
P.O. Box 140170
Nashville, TN   37214

Inv. Terry Clowers
KPD
800 E. Church Avenue
Knoxville, TN   37915

Sgt. Dan Brock
KPD
800 E. Church Avenue
Knoxville, TN   37915

Sgt. Dennis Bowman
KPD
800 E. Church Avenue
Knoxville, TN   37915

Officer Robert Rector
KPD
800 E. Church Avenue
Knoxville, TN   37915

Officer Lanny Janeway
KPD
800 E. Church Avenue
Knoxville, TN   37915

Sgt. Tim DeBoard
KCSD
City-County Building
400 Main Avenue
Knoxville, TN   37902

Officer Kevin Tarbell
KCSD
City-County Building
400 Main Avenue
Knoxville, TN   37902

Officer Frank Wolfe
KCSD
City-County Building
400 Main Avenue
Knoxville, TN 37902

Officer Ernest Bowman, Jr.
KCSD
City-County Building
400 Main Avenue
Knoxville, TN 37902

Officer Ann Elaine Fisher
KCSD
City-County Building
400 Main Avenue
Knoxville, TN 37902

Officer Jeanette Harris
KCSD
City-County Building
400 Main Avenue
Knoxville, TN 37902

Officer Charles Price
KCSD
City-County Building
400 Main Avenue
Knoxville, TN 37902

Chief Ed Yovella
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Asst. Chief Mark Welker
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Det. Don Cook
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Sgt. Lee Stanton
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Officer John Johnson
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Officer Oscar Stiles
UT Police Department
1115 UT Drive
Knoxville, TN 37996

Capt. Hudson
Job Corps Security

Lt. Stiles
Job Corps Security

Charles Terry
Job Corps Security

Dr. Murray K. Marks
252 S. Stadium Hall
Knoxville, TN   37996

Ms. Lee Meadows Jantz
252 S. Stadium Hall
Knoxville, TN   37996

Duncan Sutherland
UT Physical Plant/Plumbing Shop
2233 Volunteer Boulevard
Knoxville, TN   37996-3000

Kip O'Hara
219 E. Margin Street
Bolivar, TN   38008
(901) 658-3579

Sharenda Channel Harris
c/o Annie Harris
950 New Town Circle #G
Atlanta, GA   30315
(404) 635-1261
(404) 627-0474

Jeanette Marquez
c/o Mrs. Ayda M. Revis
1203 Lenor Avenue
Kinston, NC   28501

Mary Elizabeth Cogdell
c/o Calene Beals
7613 Roxboro Lane
Stanley, NC
(704) 827-2003

Gdongalay Parlo Berry
c/o Freddricka Coffee
Deer Run Drive
Knoxville, TN   37912

John Harper Farmer
c/o Lorraine Parmes
1213 Bellemeade
Chattanooga, TN   37411

Teresa Dawn Williams
c/o Kathy Lewis
414 Belmont Avenue
Wilson, NC   37893
(919) 237-4899

Stephanie Leigh Wilson
c/o Crystal Wilson
302 Sheringham Drive
Gastonia, NC   28056
(704) 922-0984

Brandy Leigh Rogers
c/o Brinda Compton
Route #9, Box 139
Pursley Road
Ringold, GA
(706) 866-5349

00098

William Hilton Rives
c/o Andrea White
709 County Road
Englewood, TN
(423) 263-5508

Tamara Lashune Ragland
c/o Gwendolyn Long
191 Holiday Drive
Jackson, TN  38305
(901)-664-1942

Kimberly Anne IloIlo
c/o Deborah Comeau
527 Stice Shoal Road
Shelby, NC  28152
(704) 487-9876

Robert Alfred Pollock
2919 Browning Avenue
Knoxville, TN  37921
(423) 524-2080

Daniel W. Wayland, Jr.
1400 Florence Avenue
Madison, TN  37115
(615) 868-6783

Jennifer Louise McCrary
113 School Street
Hendersonville, NC  28739
(704) 693-1543

Maresa Boatright
1320 Calloway
Knoxville, TN  37921

IT IS THEREFORE ORDERED that the names of

be placed upon the face of the Indictment in the above-captioned

case in the space provided for witnesses.

ENTER this the 26ᵗʰ day of February, 1996.

MARY BETH LEIBOWITZ
CRIMINAL COURT JUDGE, DIVISION III

APPROVED FOR ENTRY:

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

BY: _____
JO HELM
ASSISTANT DISTRICT ATTORNEY

000099

## CERTIFICATE

I hereby certify that I have delivered a true and exact copy of the captioned ORDER to Bill Tallman, P.O. Box 506, Knoxville, TN 37901 and Julie Martin, 706 Walnut Street, Knoxville, TN 37902, attorneys for the defendant, by depositing the same in the United States Mail with sufficient postage thereon to carry same to its destination this the 26 day of February, 1996.

JO HELM
ASSISTANT DISTRICT ATTORNEY

COURT ADJOURNED UNTIL TUESDAY, FEBRUARY 27, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
NOVEMBER TERM 1995
MINUTE BOOK 162, PAGE 424

THURSDAY, FEBRUARY 29, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

THE STATE                           NO. 58183A

   VS

CHRISTA PIKE, ALIAS                 1ST DEGREE MURDER & CONSPIRACY
                                    TO COMMIT 1ST DEGREE MURDER

Defendant's Renewed Motion to Restrict Media Coverage of Pre-Trial Proceedings is hereby OVERRULED. This case is continued to March 14, 1996 for motions and the trial date of March 18, 1996 is hereby confirmed.

COURT ADJOURNED UNTIL FRIDAY, MARCH 1, 1996 AT 9:00 A.M.

      (S) MARY BETH LEIBOWITZ
        MARY BETH LEIBOWITZ, JUDGE
        DIVISION III
        CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 199, PAGE 575

MONDAY, MARCH 4, 1996

STATE OF TENNESSEE

BE IT REMEMBERED that a Criminal Court for Knox County, Tennessee was begun and held in and for said County at the City-County Building in the City of Knoxville on the First Monday in March, 1996, the same being the 4th day of said month and year, and being the time designated and fixed by law for holding said Court. At which time, present and presiding the Honorable Mary Beth Leibowitz, the duly elected and qualified Special Criminal Judge, Division III of the 6th Judicial Circuit of the State of Tennessee, when the following proceedings were had and entered of record, to-wit:

Court was opened in due form by Tim Hutchison, High Sheriff of Knox County, Tennessee.

COURT ADJOURNED UNTIL TUESDAY, MARCH 5, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

000102

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 162, PAGE 649

WEDNESDAY, MARCH 6, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

### DIVISION III

FILED
BY MARTHA PHILLIPS CLERK

STATE OF TENNESSEE

MAR 6 1996

KNOX COUNTY CRIMINAL COURT
KNOXVILLE TN

VS.

No. 58183-A

CHRISTA G. PIKE, ALIAS

### ORDER

In this cause, it appearing that an additional witness has been found in behalf of the State of Tennessee by the name of:

David Burns
KPD
800 E. Church Avenue
Knoxville, TN 37915

and that a motion has been made to place the name on the Indictment in the above-captioned case.

IT IS THEREFORE ORDERED that the above name of

David Burns
KPD
800 E. Church Avenue
Knoxville, TN 37915

be placed upon the face of the Indictment in the above-captioned case in the space provided for witnesses.

094

ENTER this the 6th day of March, 1996.

MARY BETH LEIBOWITZ
CRIMINAL COURT JUDGE, DIVISION III

APPROVED FOR ENTRY:

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

BY: _____
JO HELM
ASSISTANT DISTRICT ATTORNEY

## CERTIFICATE

I hereby certify that I have delivered a true and exact copy of the captioned ORDER to Bill Talman, P.O. Box 506, Knoxville, TN 37901 and Julie Martin, 706 Walnut Street, Knoxville, TN 37902, attorneys for the defendant, by depositing the same in the United States Mail with sufficient postage thereon to carry same to its destination this the 6 day of March, 1996.

_____
JO HELM
ASSISTANT DISTRICT ATTORNEY

COURT ADJOURNED UNTIL THURSDAY, MARCH 7, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 103 of 156
PageID #: 127 095

000104

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 162, PAGE 698

THURSDAY, MARCH 7, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**

**DIVISION III**

FILED
BY MARTHA PHILLIPS CLERK

MAR 7 1996

KNOX COUNTY CRIMINAL COURT
KNOXVILLE TN

**STATE OF TENNESSEE**

**VS.**

**No. 58183-A**

**CHRISTA G. PIKE, ALIAS**

**ORDER**

In this cause, it appearing that an additional witness has been found in behalf of the State of Tennessee by the name of:

Leeona R. Long
c/o Dwight Foster
Attorney at Law
110-1/2 Jackson Avenue
Knoxville, TN 37915
(423) 525-8413

and that a motion has been made to place the name on the Indictment in the above-captioned case.

IT IS THEREFORE ORDERED that the above name of

Leeona R. Long
c/o Dwight Foster
Attorney at Law
110-1/2 Jackson Avenue
Knoxville, TN 37915
(423) 525-8413

be placed upon the face of the Indictment in the above-captioned

case in the space provided for witnesses.

ENTER this the 7 day of March, 1996.

*MARY BETH LEIBOWITZ*
CRIMINAL COURT JUDGE, DIVISION III

APPROVED FOR ENTRY:

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

BY: *Jo Helm*
JO HELM
ASSISTANT DISTRICT ATTORNEY

## CERTIFICATE

I hereby certify that I have delivered a true and exact copy of the captioned ORDER to Bill Talman, P.O. Box 506, Knoxville, TN 37901 and Julie Martin, 706 Walnut Street, Knoxville, TN 37902, attorneys for the defendant, by depositing the same in the United States Mail with sufficient postage thereon to carry same to its destination this the 7 day of March, 1996.

*Jo Helm*
JO HELM
ASSISTANT DISTRICT ATTORNEY

COURT ADJOURNED UNTIL FRIDAY, MARCH 8, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 105 of 156   PageID #: 129

000106

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 163, PAGE 140

WEDNESDAY, MARCH 13, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

### DIVISION III

FILED
BY MARTHA PHILLIPS ERK

STATE OF TENNESSEE

MAR 1 3 1996

VS.                                      NO.   58183-A
                        K        COURT
CHRISTA GAIL PIKE, ALIAS                  DIVISION III

### MOTION FOR DISCOVERY

The State of Tennessee, by and through the District Attorney General for Knox County, Tennessee, requests the defendant to provide Discovery under Tennessee Rules of Criminal Procedure 16(b)(1), the defendant having previously requested Discovery under 16(a)(1)(c) and 16(a)(1)(d).

The State requests materials as follows:

(1)   The inspection and copying or photographing of books, papers, documents, photographs, tangible objects, or copies or portions thereof which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at trial;

(2)   The inspection and copying or photographing of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results reports relate to her testimony.

The State requests that this material be provided in a timely and proper manner and that this continuing duty be followed until this matter is concluded.

RESPECTFULLY SUBMITTED,

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

BY: _____
JO HELM
ASSISTANT DISTRICT ATTORNEY

## CERTIFICATE

I hereby certify that I have delivered a true and exact copy of the captioned William C. Talman, P. O. Box 506, Knoxville, Tennessee 37901, attorney for defendant, by depositing the same in the United States Mail with sufficient postage thereon to carry same to its destination this the _13_ day of March, 1996.

_____
JO HELM
ASSISTANT DISTRICT ATTORNEY

099

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

STATE OF TENNESSEE

FILED
BY MARTHA PHILLIPS, CLERK

MAR 1 3 1996

K        COURT

VS.                                      NO. 58183A

CHRISTA GAIL PIKE

### RESPONSE TO MOTION FOR DISCOVERY

Comes the State of Tennessee, by and through Randall E. Nichols, District Attorney General and for answer to the abovestyled motion, says:

1. The State of Tennessee does have a recorded statement made by the defendant and a transcript thereof. The transcript has been delivered to counsel for the defendant and a copy of the recording is available. The State is also providing counsel for the defendant with transcripts of statements taken from Knox County sheriff's deputies Frank Wolf and Kevin Tarbell concerning conversations they had with the defendant. By providing these transcripts taken from Knox County sheriff's deputies Frank Wolf and Kevin Tarbell the state is not saying that they are discoverable under Rule 16 of the Rules of Criminal Procedure but is providing them in an abundance of precaution. That State also has a tape recording and transcript which covers part of a statement made by the defendant when she took officers of the Knoxville Police Department to the scene of the incident

2. The defendant has previously been charged with misdemeanor theft. That case is presently pending.

3. The State has permitted the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the State, and which are material to the preparation of the defendant's defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belong to the defendant

4. The State has permitted the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general and which are material to the preparation of the defense or are intended for use by the State as evidence in chief at the trial. Included are the following:

     a. Autopsy Report

     b. Report of Dr. Marks

     c. TBI Serology Report

     d. Report by the County Medical Examiner

     e. TBI Forensic Chemistry Report

     f. TBI DNA Report

5. The names and addresses of witnesses the State intends to call in chief at the trial of the above styled case are listed on the indictment or any subsequent order adding witnesses to said indictment.

6. The State submits that the defendant is not entitled, pursuant to Rule 16, to any of the additional requests made in the Request to District Attorney General for Discovery Or, In the Alternative, Motion to Compel Disclosure of Discovery.

Respectfully submitted this 12th day of March, 1996.

Randall E. Nichols
District Attorney General

by: _Jo Helm_
Assistant District Attorney General

## CERTIFICATE

I do hereby certify that I have sent a true and exact copy of this document to William C. Tallman, Attorney for the defendant this 13 day of Mar 1996 :

District Attorney General
Randall E. Nichols

by: _Jo Helm_
Assistant District Attorney General

COURT ADJOURNED UNTIL THURSDAY, MARCH 14, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 163, PAGE 232

THURSDAY, MARCH 14, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

THE STATE                          NO. 58183A

  VS

CHRISTA PIKE, ALIAS            1ST DEGREE MURDER &
                              CONSPIRACY TO COMMIT 1ST
                              DEGREE MURDER

Came the Attorney General for the State, also defendant in proper person, having counsel present and came on for hearing on defendant's Motion for Change of Venue.  Said Motion being argued by counsel, is taken under advisement.

COURT ADJOURNED UNTIL FRIDAY, MARCH 15, 1996 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

000111

IN THE CRIMINAL COURT OF KNOX COUNTY, TENNESSEE, DIVISION III
MARCH TERM 1996
MINUTE BOOK 163, PAGE 275

FIDAY, MARCH 15, 1996

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE DIVISION III

| | |
|---|---|
| STATE OF TENNESSEE, | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] No.: 58183-A |
| | ] |
| CHRISTA GAIL PIKE, | ] |
| Defendant. | ] |

FILED
BY MARTHA P. PHIPPS, CLERK
MAR 1 5 1996
K COURT

### AFFIDAVIT OF MARGIE NICHOLS

I, MARGIE NICHOLS, after being duly sworn according to law, hereby make oath or affirm as follows:

1. I am the News Director for WBIR-TV Channel 10 in Knoxville, Tennessee.

2. That I am familiar with and supervise the news programming for this station.

3. At the request of defense Counsel, a search of our records has been completed to ascertain the number of news stories that have appeared on our station relative to this case.

4. The attached documents represent a true, correct and complete account of the news stories which appeared on our station relative to this case.

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 111 of 156   PageID #: 135

5. The attached area coverage map represents a true and accurate depiction of this station's broadcast coverage area.

6. That the foregoing information is true and correct to the best of my knowledge, information and belief.

This the 13th day of March, 1996.

**STATE OF TENNESSEE** ]
                     ] ss.
**COUNTY OF KNOX** ]

_Margie Nichols_

Margie Nichols, News Director

Sworn to and subscribed before me, this the 13th day of March, 1996.

_Linda Brown_

NOTARY PUBLIC

My Commission Expires: 3-19-99 .

000113



## WBIR-TV Coverage Map

**WBIR-TV reaches 418,120 households in 22 DMA counties (colored in gray or dark gray) consisting of over one million persons\*. The Knoxville DMA is America's 63rd largest in households and is America's 71st largest market with $6,266,173,000 in retail sales\*\*. WBIR has a sign on- sign off dominance of households reached in 20 of these 22 counties\*\*\*.**

Sources:
\* Nielsen November 1994.
\*\* Sales & Marketing Management 1994.
\*\*\* Nielsen County Coverage Study 1995.

000114

T:/AG CAMPUS MURDER/ 2:00/01-13-95

12 fri

    (GENE) THE UNIVERSITY OF TENNESSEE IS I' 'IING A SAFETY WARNING , OLLOWING A GRUESOME DISCOVERY THIS MORNING.
    TWO U-T EMPLOYEES FOUND THE BODY OF A WOMAN LYING IN SOME BRUSH ON THE AGRICULTURE CAMPUS.
    KNOXVILLE POLICE CONFIRM THE WOMAN WAS MURDERED.

    (KRISTIN) ACTION 10'S JENNIFER LESLIE JOINS US FROM THE NEWSROOM WITH MORE...JENNIFER?

TAKE NZRM:------------------------------
#JENNIFER LESLIE

    (JENNIFER) GENE AND KRISTIN, POLICE DESCRIBE THE VICTIM AS A WHITE WOMAN BETWEEN THE AGES OF 18 AND 22 WITH LIGHT BROWN HAIR.
    SHE HAD NO IDENTIFICATION ON HER, SO POLICE DON'T KNOW IF SHE'S A U-T STUDENT OR EMPLOYEE OR SOMEONE FROM OUTSIDE THE CAMPUS.

TAKE VO:------------------------------
#UNIVERSITY OF TENNESSEE
#AG CAMPUS

    POLICE SAY SHORTLY BEFORE EIGHT O'CLOCK THIS MORNING, TWO UNIVERSITY EMPLOYEES FOUND THE WOMAN'S BADLY BEATEN BODY BEHIND THE OLD STEAM PLANT ON THE AGRICULTURAL CAMPUS.
    THE WORKERS CALLED 911, AND CITY AND CAMPUS POLICE RESPONDED.
    UNIVERSITY OFFICIALS WERE ALSO ON HAND, EXPRESSING CONCERN ABOUT CAMPUS SAFETY.

TAKE SOT:------------------------------  ------------------------------
#PHIL SCHEURER
#VICE CHANCELLOR FOR STUDENT AFFAIRS

    (7:00) "At this point all we can do is put out the advisory and increase the patrols...both foot and vehicular patrols...and then advise everyone that they are cautious about where they walk and who they walk with."

CONT VO:------------------------------  ------------------------------

    (JENNIFER) UNIVERSITY OFFICIALS PLAN TO POST FLYERS ACROSS THE CAMPUS THIS AFTERNOON GIVING STUDENTS AND EMPLOYEES WHAT LITTLE INFORMATION IS NOW AVAILABLE.
    VICE CHANCELLOR PHIL SCHEURER SAYS THERE HAVE BEEN NO REPORTS OF MISSING STUDENTS.

BACK ON CAM:------------------------------
    INVESTIGATORS PLAN TO GO OVER THE CRIME SCENE INCH BY INCH TODAY...AND AN

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 06/01/12   Page 114 of 156   PageID #: 138
106

000115

AUTOPSY ON THE BODY SHOULD
BE COMPLETE BY TOMORROW.
HERE'S A MOR' DETAILED
DESCRIPTION OF ,HE WOMAN
POLICE GAVE US JUST MOMENTS
AGO.
AGAIN, SHE'S BETWEEN THE
AGES OF 18 AND 22,
FIVE-FEET-FOUR INCHES TALL,
WEIGHING 105 TO 110 POUNDS.
SHE WAS WEARING JEANS,
SIZE EIGHT WHITE NIKE TENNIS
SHOES, A FULL-LENGTH FOREST
GREEN COAT AND A PINK
SWEATER.
SHE HAS A LARGE MOLE ON
THE LEFT SIDE OF HER
ABDOMEN.

(GENE) YOU MENTIONED THE
WOMAN HAD BEEN BADLY BEATEN
- WERE THERE ANY OTHER SIGNS
INDICATING SHE'D BEEN
STABBED OR SHOT?

(JENNIFER) POLICE JUST
AREN'T RELEASING ANY OF
THAT INFORMATION...THEIR
INVESTIGATION IS SO
PRELIMINARY, THEY DON'T WANT
TO COMPROMISE IT.
WE DO KNOW THAT SHE WAS
CLOTHED AND HER BODY WAS
LYING IN PLAIN SIGHT IN THE
BRUSH.

T:/CAMPUS MURDER/00:25/01-13-95

5 fri

TAKE VO:---------------------------------
#THE UNIVERSITY OF TENNESSEE
#AG CAMPUS

A GRUESOME MURDER HAS THE
UNIVERSITY OF  VNESSEE ON
ALERT.
TWO U-T EMPLOYEES FOUND
THE BEATEN BODY OF A YOUNG
WOMAN ON THE AGRICULTURAL
CAMPUS THIS MORNING.
KNOXVILLE POLICE SAY THE
WOMAN WAS MURDERED.
THE VICTIM IS A WHITE
WOMAN BETWEEN THE AGES OF 18
AND 22 WITH LIGHT BROWN
HAIR, BUT SHE HAD NO
IDENTIFICATION ON HER.
CITY INVESTIGATORS ARE
STILL SEARCHING FOR CLUES.
THEY WILL NOT SAY WHERE
THE MURDER TOOK PLACE OR
WHEN.

BACK ON CAM:---------------------------------
TONIGHT AT SIX WE'LL HAVE
LIVE REPORTS ON THE
INVESTIGATION AND THE
UNIVERSITY'S EFFORTS TO STEP
UP PATROLS.

000116

090117

T:/MURDER ON AG CAMPUS/ 2:30/01-13-95

6 fri

TAKE MAP---------------------------

(BILL) THE UNIVERSITY OF TENNESSEE IS I  JING A WARNING AFTER A GRUESOME DISCOVERY THIS MORNING.
TWO U-T EMPLOYEES FOUND THE BEATEN BODY OF A YOUNG WOMAN ON THE AGRICULTURAL CAMPUS.
KNOXVILLE POLICE SAY THE WOMAN WAS MURDERED.

(KIM) ACTION 10'S JENNIFER LESLIE JOINS US FROM THE CRIME SCENE WITH THE FIRST OF OUR TEAM REPORT...
JENNIFER?

TAKE LAC:------------------------------
#JENNIFER LESLIE
#AG CAMPUS
#LIVE

(JENNIFER) BILL AND KIM, THE BODY WAS FOUND LYING IN SOME BRUSH JUST DOWN THIS ROAD.
POLICE SAY THE VICTIM IS A WHITE WOMAN BETWEEN THE AGES OF 18 AND 22.
SHE HAD NO IDENTIFICATION ON HER, SO POLICE DON'T KNOW IF SHE'S A U-T STUDENT, EMPLOYEE OR SOMEONE FROM OUTSIDE THE CAMPUS.
BUT THE UNIVERSITY IS ON ALERT.

TAKE PKG:------------------------------
#UNIVERSITY OF TENNESSEE
#AG CAMPUS

#FOSTER ARNETT
#KNOXVILLE POLICE

#FHILIP SCHEURER (TAKE NOTE OF SPELLING)
#VICE CHANCELLOR FOR STUDENT AFFAIRS

the young woman's badly beaten body was found in a remote area of u-t's ag campus.
police say it was a gruesome murder.
the crime scene is covered with blood.

(foster, 3:41) "there's a lot of physical evidence that has to be gleaned. we're gonna spend a lot of time going over this area inch by inch."
just before eight o'clock this morning, two u-t employees found the body lying behind the old steam plant.
' it was in plain sight in some brush about 30 yards from the bike trail.
police say the victim is a white woman between the ages of 18 and 22 with light brown hair.
she's five-feet-four-inches tall, weighing about 115 pounds.
she was wearing jeans, size eight white nike tennis

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 117 of 156   PageID #1149

green wool coat and a pink
sweater.
  city investi  ;ors are
still searching for clues
while campus police step up
their patrols.
  university officials are
issuing a warning.
  (scheurer, 7:05) "and then
advise everyone that they
are cautious about where
they walk and who they walk
with, clearly not to be
alone anywhere until the
details of this are made
known."
  nat
  early this afternoon,
students posted flyers in
this women's dorm and other
places around
campus.
  the university wants
students to be aware of the
murder and their own safety.

take lac:------------------------------- (JENNIFER) UNIVERSITY
OFFICIALS SAY THERE HAVE
BEEN NO REPORTS OF
ANY MISSING STUDENTS.
  POLICE WON'T SAY HOW
THE YOUNG WOMAN DIED OR
WHEN.
  BUT AUTOPSY RESULTS
SHOULD BE AVAILABLE SOON.
TAKE DUAL BOX----------------- THE QUESTION NOW IS -
SHOULD THE UNIVERSITY
COMMUNITY BE ALARMED...
  LANCE WEST JOINS US FROM
ANOTHER AREA OF CAMPUS WITH
SOME ANSWERS.
  LANCE?

T:/BODY FOUND AT UT/ :45/01-13-95

*Wfri*

TAKE MAP

# This Morning
# U.T. Campus

FX VO

TAKE SOT

VO CONT

(BILL)
OFFICIALS A'  STILL
WORKING TONIGHT TO DETERMINE
THE IDENTITY OF A YOUNG
WOMAN FOUND BRUTALLY
MURDERED ON THE U-T CAMPUS.
    TWO U-T EMPLOYEES FOUND
THE BEATEN BODY OF THE
WOMAN ON THE AGRICULTURAL
CAMPUS THIS MORNING.
    THE BODY WAS IN A REMOTE
AREA BEHIND THE OLD STEAM
PLANT.
    POLICE SAY THE WOMAN HAD
NO IDENTIFICATION.
    OFFICIALS SAY IT WAS A
GRUESOME MURDER AND THE
CRIME SCENE IS COVERED IN
BLOOD.
----------------------------
    (foster)
    "there's a lot of
physical evidence that has
to ge gleaned we're gonna
spend a lot of time going
over this area inch by
inch."
----------------------------
    (BILL)    POLICE SAY THE
VICTIM IS A WHITE WOMAN
BETWEEN THE AGES OF 18 AND
22 WITH LIGHT BROWN HAIR.
    SHE'S
FIVE-FEET-FOUR-INCHES TALL,
WEIGHING 105 TO 110 POUNDS.
SHE WAS WEARING JEANS, SIZE
EIGHT WHITE NIKE TENNIS
SHOES, A FULL-LENGTH FOREST
GREEN WOOL COAT AND A PINK
SWEATER.

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 119 of 156
PageID #: 143  111

T:/CAMPUS MURDER SOLVED/ 2:25/01-14-95

6sat

SINGLE SHOT-----------------------

TAKE PKG -----------

#Yesterday
#UT Ag Campus

#Chief Phil Keith
#Knoxville Police Dept.

#Lance West (sj)

#valerie hembree
#u-t student

#susan abernathy
#J-t student

3:14

3:28

(CASSANDRA) A DAY AFTER A GRISLY MURDE )N THE UNIVERSITY OF TENNESSEF CAMPUS ... POLICE HAVE THREE SUSPECTS IN CUSTODY.
    (AL) INVESTIGATORS SAY THE SUSPECTS AND VICTIM - ARE NOT - ASSOCIATED WITH THE UNIVERSITY.
    AS ACTION 10'S LANCE WEST REPORTS ... A TRIO OF SUSPECTS IS FROM KNOXVILLE'S JOB CORPS CENTER....AND A BROKEN RELATIONSHIP MAY HAVE EEEN THE MOTIVE FOR MURDER.
***************************
(nat sound) the brutal murder of a 19-year-old woman created fear and speculation among students and staff friday. knoxville police quickly dispelled any myths about the case .. with a break in their investigation.
------------------------------
(phil) it did not involve a student.
(phil) it did not occur on the bike trail, it was not a random or stranger to stranger incident.
------------------------------
(lance) a tip led authorities to knoxville's job corps .. where 18-year-old christa pike and a 17-year old male companion were arrested arond 2:00 saturday morning. police say the murder suspects were close to the victim.
------------------------------
(phil) the motive of the crime appears to be a love triangle.
(phil) it appears that both females had been involved with the 17-year old male.
------------------------------
(lance) investigators say the suspects led their victim to this isolated area of campus .. on the premise they'd smoke marijuana here. instead she was brutally stabbed and beaten.
------------------------------
(s-u) the victim's partially dressed body was found in this brush friday

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 120 of 156
PageID #: 1144

morning ... confirms she had been slashed repeatedly with a meat cleaver and another

000121

small knife. authorities
say she was them beaten over
the head with . arge chunk
of asphalt from this pile.
--------------------------------
(lance)  news of the arrests
was quick to circulate
around u-t.
--------------------------------

18:38

(valerie) i'm glad it wasn't
a student ... but it's still
frightening it happened
here.
--------------------------------

17:30

(susan) you just don't think
it'll ever happen to you.
you think "i can walk
around" .. but this really
makes you stop and think.
--------------------------------
(lance)  while the murder
was not directly linked to
the university other than
location ... authorities say
students and faculty should
always exercise caution,
especially in areas like
this.  lance west action
10 news.

TAKE VO-------------------------------------

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
     (AL)  LATE TODAY,
KNOXVILLE POLICE ARRESTED A
THIRD SUSPECT ... 18-YEAR
OLD SHADOLLA PETERSON.
     INVESTIGATORS SAY ALL
THREE SUSPECTS ARE CHARGED
WITH FIRST DEGREE MURDER ..
AND ARE BEING HELD WITHOUT
BOND.
     POLICE SAY THEY'LL PUSH
TO PROSECUTE 17-YEAR OLD
TADARYL SHIPP AS AN ADULT.

CAMPUS MURDER SOLVED/ 2:30/01-14-95

11 sat

TAKE PKG----------------------------
trt 1:42
#Yesterday
#UT Ag Campus          :07

#Chief Phil Keith
#Knoxville Police Dept.    :15

#Lance West (su)         1:01

#Valerie Hembree         1:18
#UT student

#Susan Abernathy         1:24
#UT student

                    3:14

                    3:28

(AL) INVESTIGATORS SAY
IT WAS NOT A R  )OM ACT,
BUT ONE PLANNED ON THE
HEELS OF A BROKEN
RELATIONSHIP.
     THREE SUSPECTS FACE
MURDER CHARGES AFTER THE
APPARENT TORTURE...AND
KILLING OF A YOUNG WOMAN
WHOSE BODY WAS FOUND
YESTERDAY ON THE U-T
CAMPUS.
     LANCE WEST REPORTS ON THE
UNRAVELING PLOT.
****************************
     (nat sound) the brutal
murder of 19-year-old colene
slemmer created fear and
speculation among students
and staff friday.
knoxville police quickly
dispelled any myths about
the case .. with a break in
their investigation.
------------------------------
(phil) it did not involve a
student.
(phil) it did not occur on
the bike trail, it was not a
random or stranger to
stranger incident.
------------------------------
(lance) a tip led
authorities to knoxville's
job corps .. where 18-year-
old Christa Pike and 17-year
old Tadaryl Shipp were
arrested arond 2:00 saturday
morning. police say the
murder suspects were close
to the victim.
------------------------------
(phil)  the motive of the
crime appears to be a love
triangle.
(phil)  it appears that both
females had been involved
with the 17-year old male.
------------------------------
(lance) investigators say
the suspects led their
victim to this isolated area
of campus .. on the premise
they'd smoke marijuana here.
instead she was brutally
stabbed and beaten.
------------------------------
(s-j)  the victim's
partially dressed body was
found in this brush friday
morning. an autopsy
... had her
slashed repeatedly with a
meat cleaver and another
small knife .. authorities

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 122 of 156
                    PageID #: 1146

T:/CAMPUS MURDER FOLO/   :50/01-15-95

6 sun

TAKE VO    -----------

#Friday
#UT Agriculture Campus

#Yesterday
#Knoxville Police Department

(AL) THREE YOUNG MURDER
SUSPECTS ARE BEHIND BARS --
BUT KNOXVILLE POLICE
CONTINUE TO INVESTIGATE THE
BRUTAL TORTURE AND KILLING
OF A 19-YEAR OLD WOMAN.
    THE BODY OF COLLEEN
SLEMMER...WHO POLICE SAY
WAS FROM ORANGE PARK,
FLORIDA...WAS FOUND FRIDAY
MORNING ON THE UNIVERSITY
OF TENNESSEE AGRICULTURE
CAMPUS.
    POLICE SAY THE WOMAN HAD
BEEN REPEATEDLY SLASHED WITH
A MEAT CLEAVER AND ANOTHER
KNIFE....AND BEATEN OVER THE
HEAD WITH A LARGE CHUNK OF
ASPHALT.
    THREE OF HER FELLOW
KNOXVILLE JOB CORPS
WORKERS....17-YEAR OLD
TADARYL SHIPP, 18-YEAR OLD
CHRISTA PIKE, AND 18-YEAR
OLD SHADOLLA PETERSON...FACE
FIRST-DEGREE MURDER CHARGES.
    POLICE DESCRIBE THE
PRIMARY MOTIVE FOR THE
MURDER AS A LOVE TRIANGLE.
    THE JUVENILE SUSPECT,
SHIPP, WHO IS FROM MEMPHIS,
FACES A DETENTION HEARING
TOMORROW.

000123

say she was them beaten over
the head with a large chunk
of asphalt fro  this pile.
--------------------------------

(lance)  news of the arrests
was quick to circulate
around u-t.
--------------------------------

18:38

(valerie) i'm glad it wasn't
a student ... but it's still
frightening it happened
here.
--------------------------------

17:30

(susan) you just don't think
it'll ever happen to you.
you think "i can walk
around" .. but this really
makes you stop and think.
--------------------------------

(lance)  while the murder
was not directly linked to
the university other than
location ... authorities say
students and faculty should
always exercise caution,
especially in areas like
this.  lance west action
10 news night beat.

DVE TO VO---------------------------------

****************************
    (AL) THE THIRD SUSPECT
ARRESTED IN THE CASE IS
18-YEAR OLD SHADOLLA
PETERSON.
    INVESTIGATORS SAY ALL
THREE SUSPECTS ARE CHARGED
WITH FIRST DEGREE MURDER ..
AND ARE BEING HELD WITHOUT
BOND.

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 124 of 156
PageID #: 148

T:/CAMPUS MURDER FOLO/ :45/01-15-95

\\ sum

TAKE VO ------------

#Friday
#UT Agriculture Campus

(AL) THE ARRESTS OF
THREE TEENAGED JRDER
SUSPECTS DOES NOT MARK THE
END OF A POLICE
INVESTIGATION INTO A BRUTAL
KILLING ON THE UNIVERSITY OF
TENNESSEE AGRICULTURE
CAMPUS.

POLICE DESCRIBE THE
PRIMARY MOTIVE FOR THE
MURDER OF 19-YEAR OLD
COLLEEN SLEMMER AS A LOVE
TRIANGLE.

BUT THEY'RE TRYING TO
FIND OUT WHAT ELSE MIGHT
HAVE PROMPTED THE TORTURE OF
THE FLORIDA NATIVE.

POLICE SAY THE KNOXVILLE
JOB CORPS WORKER WAS
REPEATEDLY SLASHED WITH A
MEAT CLEAVER AND ANOTHER
SMALL KNIFE....AND BEATEN
OVER THE HEAD WITH A LARGE
CHUNK OF ASPHALT.

THREE OTHER JOB CORPS
WORKERS....17-YEAR OLD
TADARYL SHIPP, 18-YEAR OLD
CHRISTA PIKE, AND 18-YEAR
OLD SHADOLLA PETERSON...ARE
BEING HELD WITHOUT BOND ON
FIRST-DEGREE MURDER CHARGES.

000126

T:/CAMPUS MURDER FOLLO/ :30/01-16-95

AM mon

TAKE VO--------------------------------

#FRIDAY
#U.T. AG CAMPUS

VIDEO OUT-----------------------------

(GENE) INVESTIGATORS ARE
STILL LOOKING I . ONE OF THE
WEAPONS USED TO MURDER
NINETEEN YEAR OLD COLEEN
SLEMMER.
     HER STABBED AND BEATEN
BODY WAS FOUND FRIDAY
MORNING ON THE U.T. AG
CAMPUS.
     POLICE HAVE ARRESTED
THREE OF HER FELLOW JOB
CORPS WORKERS.
     17-YEAR OLD TADARYL SHIPP,
18-YEAR OLD CHRISTA PIKE,
AND 18-YEAR OLD SHADOLLA
PETERSON...ARE EACH CHARGED
WITH FIRST DEGREE MURDER.
     ALL OF THE SUSPECTS ARE
BEING HELD WITHOUT BOND.
     POLICE SAY THE MOTIVE
FOR SLEMMER'S MURDER
STEMMED FROM A LOVE
TRIANGLE.

T:/JOB CORP MURDERS/ 2:00/01-16-95

5 mon

(TED) THE BEATING DEATH OF
A JOB CORPS STUDENT AND THE
ARRESTS OF THREE OTHERS IS
RAISING QUESTIONS ABOUT THE
FEDERALLY-FUNDED PROGRAM.

(MOIRA) THREE STUDENTS
WERE ARRESTED SATURDAY AFTER
POLICE FOUND THE BODY OF
19-YEAR-OLD COLLEEN SLEMMER
ON U-T'S AG CAMPUS.
ACTION 10'S JENNIFER
LESLIE JOINS US FROM THE
NEWSROOM WITH MORE.

TAKE NZRM:------------------------------
#JENNIFER LESLIE

(JENNIFER) TED AND MOIRA,
THIS SHOCKING MURDER HAS ALL
EYES ON KNOXVILLE'S JOB
CORPS...WHERE POLICE ALLEGE
A BROKEN RELATIONSHIP TURNED
DEADLY.

TAKE VO:------------------------------

17-YEAR-OLD TADARYL SHIPP
OF MEMPHIS AND 18-YEAR-OLDS
CHRISTA PIKE AND SHADOLLA
PETERSON WERE ARRESTED
SATURDAY.

#FRIDAY
#UNIVERSITY OF TENNESSEE

POLICE CONTEND THEY
STABBED SLEMMER REPEATEDLY
WITH A MINI CLEAVER AND
STRUCK HER WITH A CHUNK OF
ASPHALT.
HER TORTURE AND DEATH
WERE APPARENTLY THE RESULT
OF A LOVE TRIANGLE.
THIS GRISLY MURDER COMES
ON THE HEELS OF A SERIES OF
LESSER CRIMES INVOLVING
JOB CORPS STUDENTS.
BUT THE CENTER'S DIRECTOR
SAYS JUVENILE VIOLENCE IS
NOT A PROBLEM JUST FOR THE
JOB CORPS, IT'S FOR ALL OF
SOCIETY.

TAKE SOT:------------------------------
#JERY OETTLE
#JOB CORPS DIRECTOR

(1:59) "The fact is, these
activities, maybe not this
particular acitivyt, are
happening all over the
nation, and i think everyone
needs to be concerned."

#KIP O'HARA
#JOB CORPS STUDENT

(8:46) "For every bad job
corps student there is,
there's 30 more that are
doing good."

TAKE NZRM:------------------------------

(JENNIFER) FRIDAY'S MURDER
AND THE WEEKEND ARRESTS HAVE
HAD A DEVASTATING EFFECT ON
THE JOB CORPS STUDENT BODY.
TONIGHT AT SIX WE'LL TELL
YOU ABOUT HOW THE STUDENTS
ARE DEALING WITH THEIR SHOCK
AND GRIEF.

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 127 of 156
PageID #: 151

119

T:/SLEMMER MURDER FOLO/  :30/01-16-95

*12 mon.*

TAKE VO --

(GENE) THE DIRECTOR OF
KNOXVILLE'S JOE  ORPS SAYS
STUDENTS THERE ARE SHOCKED
ABOUT THE WEEKEND ARRESTS OF
THREE STUDENTS CHARGED WITH
BRUTALLY MURDERING A
CLASSMATE.
   JERRY DETTLE (ettly) SAYS
HE'S CALLED IN COUNSELORS
FOR THE STUDENTS AND MET
WITH PARENTS ABOUT THEIR
CONCERNS.
   17-YEAR-OLD TADARYL SHIPP
OF MEMPHIS AND TWO OTHERS -
ALL JOB CORPS STUDENTS -
HAVE BEEN CHARGED IN
FRIDAY'S MURDER OF
19-YEAR-OLD COLLEEN
SLEMMER.
     SLEMMER'S BADLY BEATEN
BODY WAS FOUND ON THE U.T.
AG CAMPUS FRIDAY MORNING.
     POLICE ALLEGE SHIPP AND
18 YEAR OLDS - CHRISTA PIKE
AND SHADOLLA PETERSON - USED
A "MINI" CLEAVER ON SLEMMER
BEFORE STRIKING HER WITH A
CHUNK OF ASPHALT KILLING
HER.
     ALL THREE SUSPECTS ARE
BEING HELD WITHOUT BOND.
   SHIPP COULD BE TRIED AS AN
ADULT...HE'S EXPECTED IN
COURT LATER THIS WEEK,
ALONG WITH THE TWO OTHER
SUSPECTS.

(?) WHAT HAPPENS NEXT IN THE CASE?

(?) HOW DID THE STUDENTS FIND OUT ABOUT THE MURDER AND ARRESTS?

(?) DID ANYONE SEE THIS COMING?

121

T:/JOB CORPS MURDER/ 2:25/01-16-95

*Limon*

(KIM) STUDENTS AND
STAFFERS AT KNC 'ILLE'S JOB
CORPS CENTER ARE SHOCKED BY
THE BEATING DEATH OF ONE OF
THEIR CLASSMATES AND THE
ARRESTS OF THREE OTHERS.
    THE STUDENTS WERE
ARRESTED SATURDAY AFTER
POLICE FOUND THE BODY OF
19-YEAR-OLD COLLEEN SLEMMER
ON U-T'S AG CAMPUS.

    (BILL) NOW THE BIZARRE
MURDER IS RAISING QUESTIONS
ABOUT THE JOB CORPS ITSELF.
    ACTION 10'S JENNIFER
LESLIE JOINS US LIVE FROM
THE CENTER WITH MORE.

TAKE LAC:------------------------------
#JENNIFER LESLIE
#FORT SANDERS
#LIVE

    (JENNIFER) BILL AND KIM,
THE MURDER HAPPENED MILES
AWAY ON THE UNIVERSITY OF
TENNESSEE'S AG CAMPUS.
    BUT THE FOCUS IS NOW
HERE ON THE JOB CORPS
CENTER.

TAKE PKG:------------------------------
#FRIDAY
#UNIVERSITY OF TENNESSEE

#JERRY OETTLE
#JOB CORPS DIRECTOR

#KIP O'HARA
#STUDENT

#SEPTEMBER 1993

    police say colleen slemmer
was caught in a deadly love
triangle...
    but her fellow students
and staffers at knoxville's
job corps center say they
didn't even know about it
and they didn't see this
coming.
    (jerry oettle) "there was
nothing to indicate this
bizarre activity, or they
would be gone."
    17-year-old tadaryl shipp
of memphis and 18-year-olds
christa pike and shadolla
peterson were arrested
saturday.
    police allege they stabbed
slemmer repeatedly with a
mini cleaver and struck her
with a chunk of asphalt...
    her torture and death
apparently came on the heels
of a broken relationship.
    (kip o'hara) "the reaction
was shock. we know these
students, we associate with
these students, some of
these students are our
friends."
    most job corps students
live on campus behind gates
    they are here to get an
edcuation and learn some
skills through programs

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 130 of 156
PageID #: 154

000130

funded by you the taxpayer.
but this isn't the first
time job corps   udents have
had run-ins with the law.
in september 1993, two
students were accused of
assalting, kidnapping and
raping a u-t grad.
and there have been other
arrests as well.
the center's director says
juvenile violence is not a
problem just for the job
corps, but for all of
society.
(jerry oettle) "the fact
is, these activities, maybe
not this particular
activity, are happening all
over the nation, and i think
everyone needs to be
concerned."
(o'hara) "for every bad
job corps student there is,
there's 30 more that are
doing good."
now the center
must struggle to overcome
this tragedy and rebuild its
image.

TAKE LAC :------------------------------

(JENNIFER) THE STUDENT
GOVERNMENT PRESIDENT SAYS
STUDENTS HERE ARE COMING
TOGETHER IN THE WAKE OF THIS
TRAGEDY LIKE NEVER BEFORE.
COUNSELORS HAVE WORKED
AROUND THE CLOCK TO HELP
STUDENTS HERE DEAL WITH
THEIR GRIEF.

(KIM) IS THERE ANY WAY TO
TRACK HOW MANY CRIMES JOB
CORPS STUDENTS COMMIT?

(JENNIFER) KNOXVILLE
POLICE SAY THAT'S ALMOST
IMPOSSIBLE...BECAUSE
SOMETIMES STUDENTS GIVE
DIFFERENT ADDRESSES OR
FLAT-OUT LIE.
SO IT'S HARD TO GET A
HANDLE ON JUST HOW BIG THE
PROBLEM IS.

123

000132

T:/JOB CORPS CRIME/00:20/01-16-95

ll mon.

TAKE VO

# Friday
# U.T. Campus

(BILL)
THREE JOB CO S STUDENTS
ARE EXPECTED IN COURT THIS
WEEK CHARGED WITH THE MURDER
OF ONE OF THEIR OWN.
17-YEAR-OLD TADARYL SHIPP
OF MEMPHIS AND TWO OTHERS -
ALL JOB CORPS STUDENTS -
HAVE BEEN CHARGED IN
FRIDAY'S MURDER OF
19-YEAR-OLD COLLEEN
SLEMMER.
SLEMMER'S BADLY BEATEN
BODY WAS FOUND ON THE U.T.
AG CAMPUS FRIDAY MORNING.
POLICE ALLEGE SHIPP AND
18 YEAR OLDS - CHRISTA PIKE
AND SHADOLLA PETERSON - USED
A "MINI" CLEAVER ON SLEMMER
BEFORE STRIKING HER WITH A
CHUNK OF ASPHALT KILLING
HER.

000133

T:/SHIPP DETENTION HRG/00:30/01-17-95

12 tues.

TAKE VO:------------------------------

#FRIDAY
#UNIVERSITY OF TENNESSEE

A MEMPHIS TEENAGER
CHARGED WITH ML ERING A
FELLOW JOB CORFS STUDENT
WILL STAY BEHIND BARS FOR
NOW.

17-YEAR-OLD TADARYL SHIPP
APPEARED IN JUVENILE COURT
THIS MORNING, WHERE A JUDGE
RULED HE "SHOULD" BE HELD
WITHOUT BOND UNTIL HIS TRIAL
OR TRANSFER TO CRIMINAL
COURT.

SHIPP WAS CHARGED ALONG
WITH 18-YEAR-OLDS CHRISTA
PIKE AND SHADOLLA PETERSON
IN THE MURDER OF COLLEEN
SLEMMER.

SLEMMER'S BADLY BEATEN
BODY WAS FOUND FRIDAY IN A
REMOTE AREA OF U-T'S AG
CAMPUS.

A COURT OFFICER SAYS THE
JUDGE CONSIDERS SHIPP A
DANGER TO THE COMMUNITY AND
A FLIGHT RISK.

000134

T:/JOB CORFS MURDERS/00:30/01-17-95

11 tries

TAKE VO

#DOWNTOWN KNOXVILLE

AN EAST TENNE EE CONGRESSMAN WANTS TO GET RID OF THE JOB CORFS PROGRAM FOLLOWING THE MURDER OF ONE STUDENT AND THE ARRESTS OF THREE OTHERS.

CONGRESSMAN JOHN DUNCAN SAYS LAST WEEK'S MURDER IS JUST THE LATEST IN A SERIES OF CRIMINAL TROUBLES INVOLVING STUDENTS THERE.

THREE STUDENTS ARE BEHIND BARS, CHARGED WITH THE TORTURE AND DEATH OF COLLEEN SLEMMER.

HER BEATEN BODY WAS FOUND ON U-T'S AG CAMPUS.

DUNCAN SAYS THE JOB CORFS PROGRAM IS A WASTE OF YOUR TAX DOLLARS AND SHOULD BE ABOLISHED.

TAKE STILL

# Tadaryl Shipp
# Held Without Bond

# CHRISTA PIKE
# SHADOLLA PETERSON
# $100,000 BOND

TONIGHT, 17-YEAR OLD TADARYL SHIPP IS BEING HELD WITHOUT BOND AFTER A HEARING BY A JUVENILE COURT JUDGE TODAY.

18 YEAR OLD'S CHRISTA PIKE AND SHADOLLA PETERSON ARE BEING HELD ON A HUNDRED THOUSAND DOLLARS BOND TONIGHT PENDING A HEARING ON FRIDAY.

000135

T:/DUNCAN JOB CORPS/ :25/01-18-95
Am Wed,


TAKE VO

#YESTERDAY
#DOWNTOWN KNOXVILLE

(KRISTIN) EAST TENNESSEE
CONGRESSMAN JOE DUNCAN
WANTS TO GET RID OF THE JOB
CORPS PROGRAM IN THE WAKE OF
ONE STUDENT'S MURDER THE
OTHER STUDENTS' ARRESTS.

DUNCAN SAYS THE JOB CORPS
PROGRAM IS A WASTE OF TAX
DOLLARS.

AND HE SAYS LAST WEEK'S
MURDER IS THE LATEST IN A
SERIES OF CRIMINAL TROUBLES
INVOLVING STUDENTS THERE.

THREE STUDENTS ARE BEHIND
BARS, CHARGED WITH THE
TORTURE AND DEATH OF COLLEEN
SLEMMER.

HER BEATEN BODY WAS
FOUND ON U-T'S AG CAMPUS.

17-YEAR OLD TADARYL
SHIPP IS BEING HELD WITHOUT
BOND AFTER A HEARING BY A
JUVENILE COURT JUDGE.

18 YEAR OLD'S CHRISTA
PIKE AND SHADOLLA PETERSON
ARE BEING HELD ON A HUNDRED
THOUSAND DOLLARS BOND
PENDING A HEARING ON FRIDAY.

T:/JOB CORPS ARRAIGN/ :30/01-18-95
Am ~~Thurs~~, Wed,

(GENE) TWO SUSPECTS IN
THE MURDER OF A OB CORPS
STUDENT AWAIT A COURT
HEARING LATER THIS WEEK.
18 YEAR OLD'S CHRISTA
PIKE AND SHADOLLA PETERSON
ARE BEING HELD ON A HUNDRED
THOUSAND DOLLARS BOND
PENDING THAT HEARING ON
FRIDAY.
THE OTHER SUSPECT...
17-YEAR OLD TADARYL SHIPP IS
ALSO BEING HELD WITHOUT BOND
AFTER A HEARING BY A
JUVENILE COURT JUDGE.
ALL THREE SUSPECTS ARE
JOB CORPS STUDENTS.
EAST TENNESSEE
CONGRESSMAN JOHN DUNCAN
WANTS TO GET RID OF THE JOB
CORPS PROGRAM IN THE WAKE OF
THIS RECENT CASE.
HE SAYS LAST WEEK'S
MURDER IS THE LATEST IN A
SERIES OF CRIMINAL TROUBLES
INVOLVING STUDENTS THERE.
HE CALLS THE JOB CORPS
PROGRAM A WASTE OF MONEY.

TAKE VO-------------------------------
#YESTERDAY
#DOWNTOWN KNOXVILLE

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 136 of 156
PageID #: 160

128

000137

T:/CAMPUS MURDER SOLVED/ 2:25/01-14-95

6 sat

SINGLE SHOT------------------------

TAKE PKG ------------

#Yesterday
#UT Ag Campus

#Chief Phil Keith
#Knoxville Police Dept.

#Lance West (su)

#valerie hemtree
#u-t student

#susan abernathy
#J-t student

3:14

3:28

(CASSANDRA) A DAY AFTER
A GRISLY MURDER N THE
UNIVERSITY OF TENNESSEE
CAMPUS ... POLICE HAVE
THREE SUSPECTS IN CUSTODY.
       (AL) INVESTIGATORS SAY
THE SUSPECTS AND VICTIM -
ARE NOT - ASSOCIATED WITH
THE UNIVERSITY.
       AS ACTION 10'S LANCE
WEST REPORTS ... A TRIO OF
SUSPECTS IS FROM KNOXVILLE'S
JOB CORPS CENTER....AND A
BROKEN RELATIONSHIP MAY HAVE
BEEN THE MOTIVE FOR MURDER.
***************************
(nat sound) the brutal
murder of a 19-year-old
woman created fear and
speculation among students
and staff friday.
knoxville police quickly
dispelled any myths about
the case .. with a break in
their investigation.
------------------------------
(phil) it did not involve a
student.
(phil) it did not occur on
the bike trail, it was not a
random or stranger to
stranger incident.
------------------------------
(lance) a tip led
authorities to knoxville's
job corps .. where 18-year-
old christa pike and a
17-year old male companion
were arrested arond 2:00
saturday morning. police say
the murder suspects were
close to the victim.
------------------------------
(phil)  the motive of the
crime appears to be a love
triangle.
(phil)  it appears that both
females had been involved
with the 17-year old male.
------------------------------
(lance) investigators say
the suspects led their
victim to this isolated area
of campus .. on the premise
they'd smoke marijuana here.
instead she was brutally
stabbed and beaten.
------------------------------
(s-u)  the victim's
partially dressed body was
found in this brush friday
aut... au...
confirms she had been
slashed repeatedly with a

small knife. authorities
say she was them beaten over
the head with a xrqe chunk
of asphalt from this pile.
--------------------------------
(lance) news of the arrests
was quick to circulate
around u-t.
--------------------------------
18:38

(valerie) i'm glad it wasn't
a student ... but it's still
frightening it happened
here.
--------------------------------
17:30

(susan) you just don't think
it'll ever happen to you.
you think "i can walk
around" .. but this really
makes you stop and think.
--------------------------------
(lance) while the murder
was not directly linked to
the university other than
location ... authorities say
students and faculty should
always exercise caution,
especially in areas like
this. lance west action
10 news.

TAKE VO--------------------------------------------- ***************************
(AL) LATE TODAY,
KNOXVILLE POLICE ARRESTED A
THIRD SUSPECT ... 18-YEAR
OLD SHADOLLA PETERSON.
INVESTIGATORS SAY ALL
THREE SUSFECTS ARE CHARGED
WITH FIRST DEGREE MURDER ..
AND ARE BEING HELD WITHOUT
BOND.
POLICE SAY THEY'LL PUSH
TO FROSECUTE 17-YEAR OLD
TADARYL SHIPP AS AN ADULT.

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 138 of 156
PageID #: 162   130

000139

T:/CAMPUS MURDER SOLVED/ 2:30/01-14-95

\\sat

(AL) INVESTIGATORS SAY
IT WAS NOT A RANDOM ACT,
BUT ONE PLANNED ON THE
HEELS OF A BROKEN
RELATIONSHIP.
     THREE SUSPECTS FACE
MURDER CHARGES AFTER THE
APPARENT TORTURE...AND
KILLING OF A YOUNG WOMAN
WHOSE BODY WAS FOUND
YESTERDAY ON THE U-T
CAMPUS.
     LANCE WEST REPORTS ON THE
UNRAVELING PLOT.
****************************

TAKE PKG----------------------------
trt 1:42
#Yesterday
#UT Ag Campus          :07

     (nat sound) the brutal
murder of 19-year-old colene
slemmer created fear and
speculation among students
and staff friday.

#Chief Phil Keith
#Knoxville Police Dept.    :15

knoxville police quickly
dispelled any myths about
the case .. with a break in
their investigation.

#Lance West (su)          1:01

------------------------------
(phil) it did not involve a
student.

#Valerie Hembree          1:18
#UT student

(phil) it did not occur on
the bike trail, it was not a
random or stranger to

#Susan Abernathy          1:24
#UT student

stranger incident.
------------------------------
(lance) a tip led
authorities to knoxville's
job corps .. where 18-year-
old Christa Pike and 17-year
old Tadaryl Shipp were
arrested arond 2:00 saturday
morning. police say the
murder suspects were close
to the victim.
------------------------------

3:14

(phil)  the motive of the
crime appears to be a love
triangle.

3:28

(phil)  it appears that both
females had been involved
with the 17-year old male.
------------------------------
(lance) investigators say
the suspects led their
victim to this isolated area
of campus .. on the premise
they'd smoke marijuana here.
instead she was brutally
stabbed and beaten.
------------------------------
(s-u)  the victim's
partially dressed body was
found in this brush friday
morning.  an autopsy
revealed she had been
slashed repeatedly with a
meat cleaver and another
small knife.  authorities

say she was them beaten over
the head with ~ large chunk
of asphalt fro this pile.
------------------------------
(lance)  news of the arrests
was quick to circulate
around u-t.
------------------------------

18:38

(valerie) i'm glad it wasn't
a student ... but it's still
frightening it happened
here.
------------------------------

17:30

(susan) you just don't think
it'll ever happen to you.
you think "i can walk
around" .. but this really
makes you stop and think.
------------------------------

(lance)  while the murder
was not directly linked to
the university other than
location ... authorities say
students and faculty should
always exercise caution,
especially in areas like
this.  lance west action
10 news night beat.
****************************

DVE TO VO------------------------------

(AL) THE THIRD SUSPECT
ARRESTED IN THE CASE IS
18-YEAR OLD SHADOLLA
PETERSON.
     INVESTIGATORS SAY ALL
THREE SUSPECTS ARE CHARGED
WITH FIRST DEGREE MURDER ..
AND ARE BEING HELD WITHOUT
BOND.

!

T:/PIKE-PETERSON HRG./ :30/01-20-95

AM Fri.

TAKE VO-----------------------------
(PICTURES FIRST)

#January 13
#UT Ag Campus

(KRISTIN) TODAY ANOTHER
CHAPTER UNFOLD. IN THE
BIZARRE MURDER CASE OF A
JOB CORPS STUDENT.

(GENE) TWO OF COLLEEN
SLEMMER'S ACCUSED KILLERS
ARE DUE IN COURT FOR
PRELIMINARY HEARINGS.
FELLOW JOB CORPS
STUDENTS CHRISTA PIKE AND
SHADOLLA PETERSON ARE BEING
HELD ON BOND PENDING TODAY'S
HEARINGS.
THEY'RE ACCUSED, ALONG
WITH A THIRD SUSPECT, OF
MURDERING SLEMMER IN WHAT
POLICE SAY WAS A TORTURE
KILLING WITH OCCULT
ASPECTS.
A SATANIC SYMBOL WAS
CARVED INTO THE VICTIM'S
CHEST AND A PIECE OF HER
SKULL WAS TAKEN FROM THE
CRIME SCENE.

000141

000142

T:/PIKE-PETERSON HRG./   :30/01-20-95

Am Fri.

TAKE VO---------------------------
(PICTURES FIRST)

#January 13
#UT Ag Campus

(GENE) ACCUSED MURDERERS
ARE DUE IN COU... TODAY...A
WEEK AFTER THE MURDER OF A
JOB CORPS STUDENT.

(KRISTIN) THOSE ACCUSED
OF KILLING COLLEEN SLEMMER
ARE DUE IN COURT FOR
PRELIMINARY HEARINGS.

FELLOW JOB CORPS
STUDENTS CHRISTA PIKE AND
SHADOLLA PETERSON ARE BEING
HELD ON BOND PENDING TODAY'S
HEARINGS.

THEY'RE ACCUSED, ALONG
WITH A THIRD SUSPECT, OF
MURDERING SLEMMER IN WHAT
POLICE SAY WAS A TORTURE
KILLING WITH OCCULT
ASPECTS.

A SATANIC SYMBOL WAS
CARVED INTO THE VICTIM'S
CHEST AND A PIECE OF HER
SKULL WAS TAKEN FROM THE
CRIME SCENE.

000143

T:/JOB CORPS SUSPECTS/   :20/01-20-95

6 fri.

TAKE VO-----------

A COURT APPEARANCE FOR TWO SUSPECTS I THE MURDER OF A JOB CORPS STUDENT IS BEING POSTPONED...

A PRELIMINARY HEARING FOR 18 YEAR OLD CHRISTA PIKE AND 18 YEAR OLD SHADOLLA PETERSON WILL BE HELD NEXT WEEK....

INVESTIGATORS SAY THEY HAVE A VIDEOTAPE OF PIKE AS SHE RE-ENACTED THE SLAYING OF 19 YEAR OLD COLLEEN SLEMMER FOR THEM....

PIKE'S ATTORNEY WILLIAM BROWN SAYS HIS CLIENT IS IN NO WAY CONNECTED WITH THE OCCULT, SOMETHING THAT HAS BEEN ALLEGED IN SLEMMER'S DEATH...

A THIRD SUSPECT, TADARYL SHIPP IS EXPECTED TO BE TRANSFERRED FROM JUVENILE COURT TO CRIMINAL COURT...

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 143 of 156
PageID #: 167      135

T:/JOB CORP IN COURT/00:20/01-20-95
F∨ VO

# LAST FRIDAY
# U.T. CAMPUS

)\ fr\

(KIM)
    INVESTIGATO.. SAY THEY
HAVE A VIDEOTAPE OF ONE OF
THE SUSPECTS IN THE BRUTAL
MURDER OF A JOB CORP STUDENT
RE-ENACTING THE SLAYING OF
19-YEAR-OLD COLLEEN SLEMMER.
    A PRELIMINARY HEARING FOR
18-YEAR-OLD CHRISTA PIKE AND
18-YEAR-OLD SHADOLLA
PETERSON SCHEDULED FOR TODAY
WAS POSTPONED UNTIL NEXT
WEEK....
    A THIRD SUSPECT, TADARYL
SHIPP IS EXPECTED TO BE
TRANSFERRED FROM JUVENILE
COURT TO CRIMINAL COURT...

000144

T:/10FOL: JOB CORP MURDER/ :30/01-22-95

6 sun

TAKE VO ------------

#January 13 (NOT OFF TOP!!)
#UT Agriculture Campus

(AL) TWO SUSPECTS IN THE BRUTAL MURDER .. A KNOXVILLE JOB CORPS STUDENT ARE DUE IN COURT THIS WEEK....

THE PRELIMINARY HEARING FOR 18-YEAR OLD SHADOLLA PETERSON AND 18-YEAR OLD CHRISTA PIKE WAS POSTPONED FRIDAY.

AS WE REPORTED LAST WEEK, INVESTIGATORS SAY THEY HAVE A VIDEOTAPE OF PIKE RE-ENACTING THE MURDER OF 19-YEAR OLD COLLEEN SLEMMER.

THE CASE OF A THIRD MURDER SUSPECT, 17-YEAR OLD TADARYL SHIPP, IS EXPECTED TO BE TRANSFERRED FROM JUVENILE TO CRIMINAL COURT.

Case 1:12-cv-00035-HSM-SKL    Document 7-1    Filed 08/01/12    Page 145 of 156
PageID #: 169    137

000146

T:/10FOL: JOB CORP/  :30/01-22-95

          ll su—

             TAKE VO  -----------

#January 13         (NOT OFF TOP!!)
#UT Agriculture Campus

(AL) TWO SUSPECTS IN THE
BRUTAL MURDER   A KNOXVILLE
JOB CORPS STUDENT ARE DUE IN
COURT THIS WEEK.....
    THE PRELIMINARY HEARING
FOR 18-YEAR OLD SHADOLLA
PETERSON AND 18-YEAR OLD
CHRISTA PIKE WAS POSTPONED
FRIDAY.
    AS WE REPORTED LAST WEEK,
INVESTIGATORS SAY THEY HAVE
A VIDEOTAPE OF PIKE
RE-ENACTING THE MURDER OF
19-YEAR OLD COLLEEN
SLEMMER.
    THE CASE OF A THIRD
MURDER SUSPECT, 17-YEAR OLD
TADARYL SHIPP, IS EXPECTED
TO BE TRANSFERRED FROM
JUVENILE TO CRIMINAL COURT.

00147

T:/JOB CORFS HRG TODAY/00:30/01-26-95
12 thurs

TAKE VO ---------------

(gene) TWO 18-YEAR OLDS -
ACCUSED OF MURDER - IN THE
DEATH OF A JOB CORPS STUDENT
ARE SCHEDULED FOR COURT THIS
AFTERNOON.
   A PRELIMINARY HEARING FOR
18-YEAR OLDS CHRISTA PIKE
AND SHADOLLA PETERSON WAS
DELAYED UNTIL TODAY.
   THE TWO WOMEN ARE
ACCUSED -- ALONG WITH 17
YEAR OLD TADARYL SHIPP - OF
TORTURING THEN KILLING
19 YEAR OLD COLLEEN SLEMMER
TWO WEEKS AGO.
   INVESTIGATORS SAY THEY
HAVE A VIDEOTAPE OF PIKE
RE-ENACTING THE CRIME.
   POLICE SAY OCCULT
ACTIVITY MAY HAVE BEEN
INVOLVED IN THE MURDER.
   ALL THREE DEFENDENTS ARE
JOB CORPS MEMBERS.
   SHIPP IS EXPECTED TO BE
TRANSFERRED FROM JUVENILE
COURT TO CRIMINAL COURT.

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 147 of 156
PageID #: 171   139

T:/J.C. SUSFECTS HRG./ 2:25/01-26-95

*L thurs*

(BILL) AT LE T ONE SUSFECT IN THE bRUTAL BEATING DEATH OF A JOB CORPS STUDENT WILL NOW FACE THE DEATH PENALTY.

18-YEAR-OLD CHRISTA PIKE WAS IN COURT THIS AFTERNOON FOR A PRELIMINARY HEARING, WHERE A SESSIONS COURT JUDGE RULED THERE'S PROBABLE CAUSE TO BELIEVE SHE COMMITTED THE CRIME.

(KIM) ACTION 10'S JENNIFER LESLIE JOINS US FROM THE NEWSROOM WITH DETAILS.

TAKE NZRM:----------------------------

(JENNIFER) BILL AND KIM, A KNOXVILLE POLICE DETECTIVE SAID PIKE TOLD HIM SHE WAS DRIVEN TO COMMIT MURDER BY A VOICE INSIDE HER HEAD, SAYING YOU'VE DONE IT NOW, YOU BETTER FINISH IT OFF.

THESE FOLLOWING DETAILS ARE GRUESOME.

TAKE VO:----------------------------

IN TODAY'S HEARING, DETECTIVE RANDY YORK TESTIFIED THAT PIKE CONFESSED TO THE CRIME A DAY LATER AND ACTUALLY TOOK OFFICERS BACK TO THE CRIME SCENE TO RE-ENACT THE ATTACK.

PIKE IS ONE OF THREE JOB CORPS STUDENTS ACCUSED OF KILLING 19-YEAR-OLD COLLEEN SLEMMER ALMOST TWO WEEKS AGO.

YORK TESTIFIED PIKE SAID SHE AND OTHERS LURED SLEMMER TO A REMOTE PART OF U-T'S AG CAMPUS, WHERE THEY BEAT HER AND SLASHED HER WITH A CHEESE CUTTER KNIFE AND BOX CUTTER.

YORK SAID SLEMMER HAD SLASH MARKS ON HER FACE, HEAD, CHEST AND BACK, AND HER SKULL WAS CRUSHED.

HE SAID AFTER THE BODY WAS CLEANED, POLICE FOUND A PENTAGRAM CARVED INTO HER CHEST--IT WAS APPARENTLY DONE WHILE SHE WAS STILL ALIVE.

A RAG WAS ALSO FOUND SHOVED DOWN HER THROAT TO APPARENTLY KEEP HER FROM SCREAMING.

THE DETECTIVE SAID THE CRIME SCENE COVERED A LARGE AREA WITH SEVERAL POOLS OF BLOOD AND SCATTERED CLOTHES.

----------------------------

TAKE SOT:---------------------------

#DETECTIVE RANDY YORK

140 IN.

#KNOXVILLE POLICE DEPT.

#WILLIAM BROWN
#DEFENSE ATTORNEY

OUT: SPECULATION
RUNS: ABOUT 20 SEC.

BACK ON CAM:----------------------------- ---------------------------

ANOTHER SUSPECT
18-YEAR-OLD SHADOLLA
PETERSON WAS SUPPOSED TO
HAVE A PRELIMINARY HEARING
TODAY, BUT HER ATTORNEY
ASKED THAT THE CASES BE
SEPARATED.

ATTORNEYS WILL BE BACK
IN COURT TOMORROW TO ARGUE
PIKE'S BOND...PROSECUTORS
WANT TO INCREASE HER
100-THOUSAND-DOLLAR BOND,
SAYING THE RISK OF FLIGHT IS
EXTREME.

HER CASE NOW GOES TO THE
GRAND JURY.

000150

T:/JOB CORPS SUSPECT HRG./ 2:00/01-26-95

11 thurs

95-1512
tc 17:33
trt 1:23

TAKE PKG:-----------------------------

Detective Randy York
Knoxville Police Dept.                    :30

william brown
defense attorney

(BILL) THE STA    WILL SEEK
THE DEATH PENALIY AGAINST
ONE OF THREE TEENS ACCUSED
OF KILLING OF A FELLOW JOB
CORPS STUDENT.
    18-YEAR-OLD CHRISTA PIKE
WAS IN COURT THIS AFTERNOON
FOR A PRELIMINARY HEARING
WHEN PROSECUTORS ANNOUNCED
THEIR DECISION.
    AS ACTION 10'S JENNIFER
LESLIE REPORTS, TODAY'S
HEARING LAID OUT GRUESOME
DETAILS OF THE MURDER.

    christa pike said she was
driven to kill by a voice
inside her head, according
to testimony from a
knoxville police detective.
    pike is one of three
knoxville job corps students
accused of killing
19-year-old colleen slemmer
two weeks ago.
    detective randy york said
pike confessed to the crime
a day later and actually
took oficers back to the
crime scene for a
re-enactment.
    slemmer's body was found
in a remote part of u-t's ag
campus half-nude, with slash
marks to her face, head,
chest and back.
    (york, 1:01:42) "there was
times she did try to get up
and run, and was pushed
down, shoved down."
    detective york says
during this intense
struggle, slemmer begged her
attackers to stop.
    he says a pentagram was
carved into slemmer's chest
while she was still alive.
    police are
now investigating that and
other evidence of possible
occult activity involving
pike and the other suspects.
    (brown, 58:29) "i wanted
to bring out the fact that
she's not a devil
worshipper. she never has
been a devil worshipper,
there's nothing to it. it's
speculation."
    pike sobbed through much
of the testimony and her
family members left court
in tears.
    the state announced it's
seeking the death penalty

000151

jo helm
assistant district attorney

1:10

and fears pike will try to
make bond and take off.
(helm, 59:50 "there would
be a whole lot more
incentive to leave than to
stay."
a bond hearing for pike
is scheduled friday morning.
jennifer leslie, action 10
news, nightbeat.

BACK ON CAM:------------------------------

TAKE VO

(BILL) PIKE'S CASE WILL NOW
GO TO A GRAND JURY.
ANOTHER SUSPECT
18-YEAR-OLD SHADOLLA
PETERSON WAS SUPPOSED TO
HAVE A PRELIMINARY HEARING
TODAY, BUT HER ATTORNEY
ASKED THAT THE CASES BE
SEPARATED.
THE THIRD SUSPECT
17-YEAR-OLD TADARYL SHIPP
IS DUE BACK IN JUVENILE
COURT IN MARCH FOR A
TRANSFER HEARING.

T:/JOB CORPS SUSPECTS/ 2:00/01-27-95

am Fri.

95-1512
tc 17:33
trt 1:23

TAKE PKG:------------------------------

(SEE FONTS LOWER ON PAGE)

(KRISTIN) TH' STATE WILL SEEK THE DEATH PENALTY AGAINST ONE OF THREE TEENS ACCUSED OF KILLING OF A FELLOW JOB CORPS STUDENT.
(GENE) 18-YEAR-OLD CHRISTA PIKE WAS IN COURT YESTERDAY FOR A PRELIMINARY HEARING WHEN PROSECUTORS ANNOUNCED THEIR DECISION.
AS ACTION 10'S JENNIFER LESLIE REPORTS THE HEARING LAID OUT GRUESOME DETAILS OF THE MURDER.
***************************
christa pike said she was driven to kill by a voice inside her head, according to testimony from a knoxville police detective.
pike is one of three knoxville job corps students accused of killing 19-year-old colleen slemmer two weeks ago.
detective randy york said pike confessed to the crime a day later and actually took oficers back to the crime scene for a re-enactment.
slemmer's body was found in a remote part of u-t's ag campus half-nude, with slash marks to her face, head, chest and back.

Detective Randy York
Knoxville Police Dept.

:30   (york, 1:01:42) "there was times she did try to get up and run, and was pushed down, shoved down."
detective york says during this intense struggle, slemmer begged her attackers to stop.
he says a pentagram was carved into slemmer's chest while she was still alive.
police are now investigating that and other evidence of possible occult activity involving pike and the other suspects.

william brown
defense attorney

(brown, 58:29) "i wanted to bring out the fact that she's not a devil worshipper. she never has been a devil worshipper, there's nothing to it. it's speculation."
pike sobbed through much of the testimony and her family members left court in tears.
the state announced it's

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 152 of 156   PageID #: 176

144

000153

jo helm
assistant district attorney

1:10

ON CAMERA----------------------------------

and fears pike will try to
make bond and  ke off.
  (helm, 59:50, "there would
be a whole lot more
incentive to leave than to
stay."
  a bond hearing for pike
is scheduled friday
morning."
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
  (KRISTIN) PIKE'S CASE WILL
NOW GO TO A GRAND JURY.
  ANOTHER SUSPECT
18-YEAR-OLD SHADOLLA
PETERSON WAS SUPPOSED TO
HAVE A PRELIMINARY HEARING
YESTERDAY, BUT HER ATTORNEY
ASKED THAT THE CASES BE
SEPARATED.
  THE THIRD SUSPECT
17-YEAR-OLD TADARYL SHIPP
IS DUE BACK IN JUVENILE
COURT IN MARCH FOR A
TRANSFER HEARING.

T:/JOB CORPS SUSPECTS/ 1:40/01-27-95
AM Fri.

(KRISTIN) HERE IN EAST TENNESSEE, THE PROSECUTORS WILL SEEK THE DEATH PENALTY AGAINST ONE OF THE THREE TEENS ACCUSED OF KILLING A FELLOW JOB CORPS STUDENT.

TAKE VO------------------------------
(PIKE PICTURE)

18-YEAR-OLD CHRISTA PIKE WAS IN A COURT HEARING YESTERDAY WHEN PROSECUTORS ANNOUNCED THEIR DECISION.

DETECTIVE RANDY YORK TESTIFIED THAT PIKE CONFESSED TO THE CRIME A DAY LATER AND ACTUALLY TOOK OFFICERS BACK TO THE CRIME SCENE TO RE-ENACT THE ATTACK.

(COLLEEN SLEMMER)

PIKE IS ONE OF THREE JOB CORPS STUDENTS ACCUSED OF KILLING 19-YEAR-OLD COLLEEN SLEMMER TWO WEEKS AGO.

ON CAMERA------------------------------

YORK TESTIFIED PIKE SAID SHE AND OTHERS LURED SLEMMER TO A REMOTE PART OF U-T'S AG CAMPUS, WHERE THEY BEAT HER AND SLASHED HER WITH A CHEESE CUTTER KNIFE AND BOX CUTTER.

HE SAID POLICE FOUND A PENTAGRAM CARVED INTO HER CHEST--IT WAS APPARENTLY DONE WHILE SHE WAS STILL ALIVE.

THE DETECTIVE SAID THE CRIME SCENE COVERED A LARGE AREA WITH SEVERAL POOLS OF BLOOD AND SCATTERED CLOTHES.
------------------------------

TAKE SOT------------------------------
#DETECTIVE RANDY YORK
#KNOXVILLE POLICE DEPT.

IN:

#WILLIAM BROWN
#DEFENSE ATTORNEY

OUT: SPECULATION
RUNS: ABOUT 20 SEC.
------------------------------

ON CAMERA------------------------------

(KRISTIN) SUSPECT 18-YEAR-OLD SHADOLLA PETERSON WAS SUPPOSED TO HAVE A PRELIMINARY HEARING YESTERDAY, BUT HER ATTORNEY ASKED THAT THE CASES BE SEPARATED.

ATTORNEYS WILL BE BACK IN COURT TODAY TO ARGUE PIKE'S BOND....PROSECUTORS WANT TO INCREASE HER 100-THOUSAND-DOLLAR BOND, SAYING THE RISK OF FLIGHT IS EXTREME.

000154

T:/J.C. BOND HEARING/  :25/01-27-95

5 fri

TAKE VO:--------------------------------

(kim) A SESSIO COURT JUDGE
TODAY RULED THERE'S ENOUGH
PROOF TO DENY BAIL FOR
18-YEAR-OLD CHRISTA PIKE OF
DURHAM, NORTH CAROLINA.

PIKE IS ONE OF THREE JOB
CORPS STUDENTS CHARGED IN
THE KILLING OF 19-YEAR-OLD
COLLEEN SLEMMER TWO WEEKS
AGO.
PROSECUTORS SAY THEY WILL
SEEK THE DEATH PENATLY
FOR PIKE.
TWO OTHER CO-DEFENDENTS
FACE HEARINGS LATER.

000155

Case 1:12-cv-00035-HSM-SKL   Document 7-1   Filed 08/01/12   Page 155 of 156
PageID #: 179  147

000156

T:/J.C. BOND HEARING/00:25/01-27-95

6fri

TAKE VO:------------------------------

(KIM) A TEEN ER ACCUSED OF KILLING A FELLOW JOB CORPS STUDENT IS BEHIND BARS WITH NO CHANCE OF GETTING OUT ON BOND.

A SESSIONS COURT JUDGE TODAY DENIED BAIL FOR 18-YEAR-OLD CHRISTA PIKE.

SHE'S ONE OF THREE JOB CORPS STUDENTS CHARGED IN THE MURDER OF 19-YEAR-OLD COLLEEN SLEMMER TWO WEEKS AGO.

THE STATE ANNOUNCED YESTERDAY IT WILL SEEK THE DEATH PENALTY FOR PIKE.

HER TWO CO-DEFENDENTS HAVE LATER COURT DATES SCHEDULED.

148