# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

CHRISTA GAIL PIKE )
)
    Petitioner, )
)
v. )     No. 1:12-CV-35
)     **DEATH PENALTY CASE**
DEBRA JOHNSON, WARDEN )
)
    Respondent. )

---

## ADDENDUM 3

## DOCUMENT 8

---

# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

STATE OF TENNESSEE,           )
                              )
    Appellee,             )
                              )
v.                            )        No.: 03S01-9712-CR-00147
                              )        KNOX COUNTY
CHRISTA GAIL PIKE,            )
                              )        Death Penalty
    Appellant.            )

## PETITION FOR REHEARING

Comes the Appellant, Christa Gail Pike, respectfully petitions this Honorable Court to rehear her appeal to correct a misapplication in this case of the (i)(6) aggravating circumstance, which provides that "[t]he murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution of the defendant or another", T.C.A. § 39-13-204(i)(6). Rehearing is necessary to reconcile this Court's holding that the (i)(6) aggravating circumstance was properly applied in this case, with the Court's line of decisions regarding the (i)(6) aggravating circumstance.

The (i)(6) aggravating circumstance clearly was not intended to cover cases such as the Appellants. The victim in this case was not a witness to, nor a victim of, any separate offense by the Appellant. Nor was the victim in possession of knowledge concerning any separate offense. Further, there is no evidence in the record to support that Appellant was involved in the perpetration of a separate felony upon the victim or another at the time the victim was killed.

Page 1

Case 1:12-cv-00035-HSM-SKL    Document 8-23    Filed 08/01/12    Page 2 of 8
PageID #: 3727

This Court's recent holding in State v. Bush, 942 S.W.2d 489 (Tenn., 1997) recognized that "the (i)(6) aggravating circumstance logically can not and does not apply when the only theory advanced by the State is that the victim was killed to prevent the defendant from being arrested for the killing", Id. at 504. In Bush, the facts demonstrated that the victim was killed to prevent the Defendants prosecution for a **separate offense**, that of burglary. Id. In stark contrast, the record in this case does not support the finding that Appellant killed the victim to escape prosecution for a separate offense. It clearly would defy reason to argue that a defendant would kill a person to prevent that same person from testifying against him *for that very homicide*. Yet, the Opinion in this case adopts this reasoning, and allows the (i)(6) aggravator to stand, where it would not survive under this Court's reasoning in Bush.

This Court held in State v. Cone, 665 S.W.2d 87, cert. denied, 467 U.S. 1210, 104 S.Ct. 2400, 81 L.Ed.2d 357 (Tenn., 1984), that the (i)(6) aggravating factor was appropriate where the defendant had killed his victims because they refused to cooperate in his attempt to flee arrest for a separate offense. Cone is easily distinguished from this case: the Defendant in Cone was attempting to evade prosecution for a **separate offense**. According to this Court's own opinion, the Appellant in this case had formed the requisite premeditation to kill the victim on the day prior to the victim's death. In finding the evidence sufficient to support a conviction for premeditated murder, the Opinion in this Court states that "Pike told a friend one day before the killing that she was going to kill the victim. The defendant procured weapons to accomplish the crime . . . ." Where premeditation to commit murder is found to have been formed a day before the killing took place, where there is no separate crime contemplated by Appellant against the victim or

Page 2

003702

another, and no crime to which the intended victim is a witness, there is no way that the desire to avoid arrest or prosecution provides even the slightest motive for homicide. If premeditation to murder was formed the day before the killing it cannot logically follow that with that premeditation existing, that Appellant's killing of the victim was motivated even in part by the desire to avoid prosecution.

While the desire to escape prosecution need not be the sole motive for a homicide, State v. Carter, 714 S.W.2d 241, 250 (Tenn. 1986), in this case the facts do not support that such a desire or motive existed for the homicide. The logic of this Opinion relies upon the fiction of a separate crime where none was ever contemplated by the Appellant. Certainly the prosecution never argued that Appellant and her co-defendants intended only to assault the victim. This Court should revisit its Opinion to ensure that the State is not permitted to have its cake and eat it too by arguing that premeditation to support a first degree murder conviction existed the day before the killing, and then turning around and arguing at the penalty phase that premeditation to commit murder relied even in part on a desire to avoid prosecution or arrest for another separate offense.

As applied in this case, the (i)(6) aggravating factor fails to narrow the class of death eligible offenders. If rehearing is not granted to correct this misinterpretation of the (i)(6) aggravating factor, Tennessee's capital sentencing scheme will permit any defendant charged with murder to be sentenced to death for murder under the circular reasoning used to support the Opinion in this case: *that the victim was killed to prevent the victim from prosecuting the defendant for the killing.* This flies in the face not only of logic, but of the requirement that

Page 3

capital sentencing schemes genuinely narrow the class of death eligible offenders, in violation of Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), and the Eighth Amendment to the United States Supreme Court.

This Court's interpretation of the (i)(6) aggravating circumstances renders Tennessee completely out of step with the jurisdictions that authorize the death penalty for homicides committed for the purpose of avoiding arrest or prosecution. The interpretation has now broadened with the Opinion in this case to not only include homicides where the defendant is not evading capture or prosecution for a separate offense, but also cases where there is no separate offense being perpetrated at the time of the killing. Both factual scenarios violate Article I, § 16 of the Tennessee Constitution, the Eighth Amendment of the United States Constitution, and the requirement under Gregg, supra, that capital sentencing schemes genuinely narrow the class of death eligible offenders. In Tennessee, the (i)(6) aggravator can be read to apply to every murder or felony murder committed in this State.

To pass constitutional muster the (i)(6) aggravator should apply only in situations where the defendant is attempting to evade lawful arrest or prosecution for a separate offense. The most obvious examples of this type of homicide include the killing of a person who has witnessed an unrelated crime, a person who intends to testify against the defendant or another for a separate offense, or a person who is in the process of effectuating an authorized arrest, i.e., law enforcement officers.

Page 4

This Court's interpretation of (i)(6) provides a loophole through which the State may circumvent the double counting that was condemned by this Court in State v. Middlebrooks, 840 S.W.2d 317 (Tenn., 1992), that this Court's interpretation of the (i)(6) factor dresses the (i)(7) circumstance (felony murder) in sheep's clothing in a great number of cases. See e.g., State v. Smith, 857 S.W.2d 1 (Tenn., 1993); State v. Evans, 838 S.W.2d 185 (Tenn., 1992); State v. Coe, 655 S.W.2d 903 (Tenn., 1983); Houston v. State, 593 S.W.2d 267 (Tenn., 1980), cert. denied, 449 U.S. 891; State v. Cone, supra. Although in the instant case, there was no underlying felony taking place at the time the victim was killed, the interpretation of (i)(6) permits its use in cases of felony murder.

This Court should revisit its line of decisions on the (i)(6) aggravating circumstance to ensure that it complies with the narrowing function required by the Eighth Amendment. In so doing, Appellant urges this Court to consider the evading arrest or prosecution aggravating factors adopted in other States. For instance, Florida requires that unless the victim is a police officer, avoiding arrest must be the sole or the dominant motive for the killing, and that it be supported by very strong proof. See e.g., Griffin v. State, 474 So.2d 777 (Fla., 1985); Clark v. State, 443 So.2d 973 (Fla., 1983); Menendez v. State, 368 So.2d 1278 (Fla., 1979).

In Illinois, the killing to avoid arrest or prosecution aggravator does not apply where the victim is the victim of the substantive crime. People v. Brownell I, 404 N.E.2d 181 (Ill., 1980). Louisiana follows the same rule in this regard. State v. Byrne, 483 So.2d 564 (La., 1986) (victim may not be a witness to his own victimization). In Alabama this aggravating circumstance applies

Page 5

only when an authorized person is attempting to arrest the defendant or another; it does not apply to prevent disclosure by a victim. Ex parte Johnson, 339 So.2d 873 (Ala., 1979).

## CONCLUSION

The Appellant would respectfully ask this Court to revisit its line of decisions interpreting the (i)(6) aggravating circumstance so that this aggravator provides for the narrowing of death eligible offenders that Article I, § 16 of the Tennessee Constitution and the Eighth Amendment of the United States constitution require. This Court should rehear Appellant's case to ensure that the (i)(6) circumstance narrows the class of offenders for whom death is an appropriate punishment.

This the 15th day of October, 1998.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Lead Counsel for Appellant
P.O. Box 506
Knoxville, Tennessee 37901-0506

BY: _____

Julie A. Martin
Supreme Court BPR# 015546
Co-Counsel for Appellant
P.O. Box 426
Knoxville, Tennessee 37901-0426

Page 6

## CER IFICATE OF SERVICE

I, William C. Talman, Attorne for Appellant, hereby certify that I have served a true and correct copy of the fore going Petition for Rehearing, by depositing same in the U.S. Mail, with sufficient first class postage to reach it's destination, upon Hon. John Knox Walkup, Attorney General and Reporter, c/o Hon. Kathy Morante, Assistant Attorney General, 450 James Robertson Parkway, Nashville, Tennessee 37243-0485.

This 15th day of October, 1998.

William C. Talman, Attorney

Page 7