003707

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **No. 1:12-CV-35** |
| | ) | **DEATH PENALTY CASE** |
| **DEBRA JOHNSON, WARDEN** | ) | |
| | ) | |
| Respondent. | ) | |

## ADDENDUM 3

## DOCUMENT 9

*Jack. L*

# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE



FILED

JAN 28 1999

Clerk of the Courts

by_____

STATE OF TENNESSEE,              ]

     Appellee,             ]   STATE OF TENN

                            ATTORNEY GENERAL

vs.                                No.: 03S01-9712-CR-00147
                   FEB 01 1999

CHRISTA GAIL PIKE,     ]    KNOX COUNTY - CAPITAL CASE

                     CRIMINAL JUSTICE DIV

     Appellant.            ]

## MOTION TO STAY EXECUTION

Comes the Appellant, Christa Gail Pike, by and through Counsel, who respectfully moves this Honorable Court for an Order staying her execution, which is presently scheduled for February 5, 1999. As grounds and in support thereof, the Appellant would show unto the Court as follows:

1. Counsel for Appellant has received a letter from the Department of Corrections advising Counsel that an execution date of February 5, 1999 has been scheduled in this case and that the Department was taking steps to initiate the execution process. A copy of said letter, to which reference is hereby made, is attached to and incorporated in this motion as an exhibit.

2. This court entered an order on November 24, 1998 denying the Appellant's petition for rehearing in this cause.

3. Rule 13.1 of the Rules of the Supreme Court of the United States allow a ninety (90) day period within which to seek review of this Court's action by writ of certiorari. This ninety (90) day time period has not yet elapsed and will not elapse until February 22, 1999.

4. Counsel would respectfully submit that it is inappropriate to schedule an execution date

prior to the expiration of the ninety (90) day time limit for filing an application for writ of certiorari, and upon the filing of said petition, pending the resolution of the petition by the United States Supreme Court.

5. Counsel has contacted the Office of the State Attorney General to inquire as to their position regarding this motion to stay execution. Counsel spoke with Assistant Attorney General Amy Tarkington, who advised Counsel that the State had no objection to the Court entering an order staying Appellant's execution until the expiration of the time period allowed for the filing of said petition for writ of certiorari. Upon the timely filing of said petition, the State has no objection to the execution date being staying pending the resolution of said petition by the Supreme Court of the United States.

**WHEREFORE**, the Appellant respectfully moves this Honorable Court to grant the relief sought herein the premises of this motion.

This the ___28th___ day of January, 1999.

CHRISTA GAIL PIKE

BY: _____

William C. Talman
Supreme Court BPR# 012262
Lead Counsel for Appellant
P.O. Box 506
Knoxville, Tennessee 37901

Telephone: (423) 579-9060
Facsimile: (423) 573-2032

Page 2

## CERTIFICATE OF SERVICE

I, William C. Talman, Lead Attorney for the Appellant, hereby certify that I have served a true and correct copy of the foregoing Motion to stay execution, by depositing same in the U.S. Mail, with sufficient postage to reach it's destination, upon Hon. Paul G. Summers, Attorney General and Reporter, c/o Hon. Amy Tarkington, Assistant Attorney General, 450 James Robertson Parkway, Nashville, Tennessee 37243-0493.

This the __28th__ day of January, 1999.

William C. Talman, Attorney

Page 3