UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:12-CV-35** |
| | ) | **DEATH PENALTY CASE** |
| **DEBRA JOHNSON, WARDEN** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**ADDENDUM 4**

**DOCUMENT 3**

---

E2009-00016-CCA-R3-PD

004053

III

VOLUME III OF V

# TECHNICAL RECORD

NO. 68280

DEFENDANT: CHRISTA GAIL PIKE, PETITIONER
(Defendant Indigent)

## APPEALED FROM

## KNOX COUNTY CRIMINAL COURT

## AT KNOXVILLE, TENNESSEE

FILED
APR 07 2009
Clerk of the Courts
Rec'd by RGPowal

HON. MARY BETH LEIBOWITZ JUDGE – DIVISION III

JOY R. MCCROSKEY CLERK

IN THE CASE OF
CHRISTA GAIL PIKE, PETITIONER

VS.

STATE OF TENNESSEE, RESPONDENT

PETITION DISMISSED

CHARGE: PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## TO THE

## COURT OF CRIMINAL APPEALS

## KNOXVILLE, TENNESSEE

HONORABLE DONALD DAWSON, Attorney - at - Law
530 Church Street
Suite 600
Nashville, TN 37243

Attorneys for Appellant

HONORABLE RANDALL E. NICHOLS, District Attorney General
HONORABLE LELAND PRICE, Assistant Attorney General
City County Building
Knoxville, TN 37902

Attorneys for Appellee

FILED 3 DAY OF April 2009

CRIMINAL COURT JOY R. MCCROSKEY CLERK

NO. 68280 SHEILA MELTABARGER DEP. CLERK

APPELLANT PRISON NO. 2612368
3881 Stewarts Lane
Nashville, TN 37243

Case 1:12-cv-00035-HSM-SKL Document 9-3 Filed 08/01/12 Page 2 of 153 PageID #: 4083

(e) by failing to object to the instruction "The murder was especially heinous, atrocious or cruel in that it involved torture or serious physical abuse beyond that necessary to produce death." This aggravating factor, as defined in Tennessee, fails to narrow the class of individuals that are eligible for a sentence of death because the statutory language, even with the definitions of "heinous", "atrocious", "cruel", and "torture" given in the instructions, plainly fails to provide any guidance for the jurors. In fact, the words and their definitions are a mere tautology with "atrocious" being defined as cruel, "cruel" being defined as inflicting pain, and "torture" being defined as the infliction of severe pain. Under this instruction, the jury could return a verdict of death by merely finding that the victim suffered momentary pain, which of course is an element present in nearly every first degree or felony murder.

(f) by failing to object to the instruction that stated that a unanimous verdict is necessary in order for Petitioner to receive a life sentence;

(g) by failing to request that the jury be instructed in the sentencing phase pursuant to T.C.A. 39-13-204(j)(6) and TPI Instruction 7.04(a) that Ms. Pike "acted ... under the substantial domination of another person."

(h) By failing to request specific instructions concerning non-statutory mitigation including but not limited to the severe physical, sexual and psychological abuse that Petitioner encountered as a child, her low self-esteem and the causes therefore, the instability and neglect that she experienced as a child, her alcohol and drug abuse, her medical and psychological history including severe seizures as an infant, the poor role modeling of her parents and

the other significant adults in her life, and her predisposition to adverse influence by any who superficially appeared to care about her.

13. Counsel failed to maintain their workload at the level acceptable to handling a capital murder trial (ABA Death Penalty Guidelines 6.1).

14. Trial counsel were ineffective for failing to object to prosecutorial misconduct in the penalty phase closing argument to the jury. Counsel failed to object to the state's improper, inflammatory, prejudicial, inappropriate, and misleading or inaccurate statements concerning the law, the evidence and Petitioner during opening and closing arguments. Had Counsel fulfilled this duty, the Court may have corrected the errors in the state's comments and presentation of evidence.

15. Trial counsel were ineffective in failing to object, during voir dire to the State's suggesting that the jury should not consider Ms. Pike's age (18 at the time of the offense) as mitigating evidence that alone would justify the return of a life sentence.

16. Counsel failed to file pre-trial motions challenging the constitutionality of Tennessee's murder statute and its sentencing provisions, especially the portions relating to the death sentence and the manner in which it is to be carried out. Had Counsel fulfilled this duty Petitioner's indictment may have been dismissed and/or these constitutional issues would have been preserved in the record for consideration on appeal and in post-conviction. Specifically, Counsel did not file motions challenging the constitutionality of Tennessee's death penalty statutes (Tenn. Code Ann. § 39-13-204 and 206) which, for the following reasons, are arbitrary and capricious and are therefore a violation of the Eighth and Fourteenth Amendments to the United States Constitution; and Article I, §§ 6, 7, 8, 9,10, 16, 17 and 19 and Article XI, § 8 of the Tennessee Constitution:

(1) These statutes provide insufficient guidance to the jury concerning what standard of proof the jury should use in making the determination that the aggravating circumstances outweigh the mitigating circumstances.

(2) These statutes do not sufficiently narrow the population of defendants convicted of first degree murder who are eligible for a sentence of death.

(3) These statutes do not sufficiently limit the exercise of the jury's discretion, because once the jury finds the existence of one aggravating factor, it can impose a sentence of death no matter what evidence of mitigation is shown.

(4) These statutes limit the jury's discretion to exercise mercy by requiring the jury to impose a sentence of death if it finds that the aggravating factors outweigh the mitigating factors.

(5) These statutes fail to ensure that non-statutory mitigating factors are given the same weight as statutory mitigating factors by not requiring that the jury be given written instructions on the equal weight of non-statutory mitigating factors.

(6) These statutes do not require the jury to make the ultimate determination that the appropriate punishment is a death sentence.

(7) These statutes do not require that the jury be instructed in writing that it may impose a life sentence on the basis of mercy alone.

(8) These statutes do not provide a way to correct, by written instructions or the presentation of evidence, jurors' common misperceptions regarding the actual terms of life sentences and death sentences, the cost of

incarceration and the cost of executions, the death penalty's deterrent value, and the painful nature of death by electrocution.

(9) These statutes prevent effective review on appeal because they do not require the jury to make specific findings with respect to the presence or absence of mitigating factors.

(10) These statutes provide for a punishment, death, which is cruel and unusual. Since petitioner was first charged with this offense, many nations across the world, including Russia and South Africa, as well as the European Economic Union, have abolished the death penalty. Thus, it is a punishment which has become increasingly unusual and contrary to evolving standards of decency and human rights.

(11) These statutes are applied in a discriminatory manner -- unfairly affecting racial, gender, geographic, economic and political classes.

(12) These statutes do not provide an adequate method for proportionality and arbitrariness review by the Tennessee Supreme Court.

(13) These statutes have been applied by prosecutors in a manner that abuses their discretion because the statutes do not provide uniform standards for application of the death sentence.

(14) These statutes have produced violations of the equal protection clauses of the state and federal constitutions because they do not provide uniform standards for qualifying jurors for service on capital juries.

(15) These statutes permit the introduction of unreliable evidence in support of aggravating factors and in rebuttal of mitigating factors.

(16) These statutes allow the state to make closing arguments to the jury in the penalty phase.

(17) These statutes do not require that the jury be instructed in writing regarding the consequences of its failure to reach a unanimous verdict in the penalty phase.

(18) These statutes require the jury to agree to a unanimous verdict in order to impose a life sentence.

(19) In 1998 the legislature amended TCA §40-23-114 to allow a person sentenced to death by electrocution for a crime committed prior to January 1, 1999, to elect lethal injection instead of electrocution. Nevertheless, petitioner submits that execution by electrocution constitutes cruel and unusual punishment in violation of Art. I, §16 of the Tennessee Constitution and the 8th Amendment to the U.S. Constitution. Similarly, petitioner submits that lethal injection is cruel and unusual punishment, also in violation of Art. I, §16 of the Tennessee Constitution and the 8th Amendment to the U.S. Constitution. Even if lethal injection were found to not be cruel and unusual, the choice between a constitutional and unconstitutional method of execution violates the 8th and 14th Amendments to the U.S. Constitution, and Art. I, §§8 and 16 of the Tennessee Constitution.

17. Counsel were ineffective for failing to move to strike the death penalty as punishment because it violates treaties which have been ratified by the United States and violates established international law, as set forth in Ground Four, *infra*.

18. Counsel were ineffective for failing to move to strike the death penalty as punishment because it denies Ms. Pike her right to life under the State and Federal Constitutions. The State has presented no compelling state interest in executing Ms. Pike. In fact, the state offered Ms. Pike a sentence less than death had she agreed to enter a plea of guilty.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Petitioner's 1996 first degree murder conviction and death sentence and conviction for conspiracy to commit murder are invalid and should be vacated because she did not receive effective assistance of counsel on appeal, as required by or necessary to the enforcement of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, §§ 6, 8, 9, 16, 17 and 19 of the Tennessee Constitution. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Mr. Talman and Ms. Rice, Petitioner's appointed trial counsel, continued to represent Petitioner on appeal. The deficiencies in Counsel's performance on appeal and the prejudice resulting from such deficiencies include, but are not limited to, the following:

1. Counsel failed to include on the appeal many of the issues that counsel had earlier failed to raise by pretrial motion. These issues include, but are not limited to:

    a) Tennessee's death penalty statutes provide insufficient guidance to the jury concerning what standard of proof the jury should use in making the determination that the aggravating circumstances outweigh the mitigating circumstances.

b) Tennessee's death penalty statutes do not sufficiently narrow the population of defendants convicted of first degree murder who are eligible for a sentence of death.

c) Tennessee's death penalty statutes do not sufficiently limit the exercise of the jury's discretion, because once the jury finds the existence of one aggravating factor, it can impose a sentence of death no matter what evidence of mitigation is shown.

d) Tennessee's death penalty statutes limit the jury's discretion to exercise mercy by requiring the jury to impose a sentence of death if it finds that the aggravating factors outweigh the mitigating factors.

e) Tennessee's death penalty statutes fail to ensure that non-statutory mitigating factors are given the same weight as statutory mitigating factors by not requiring that the jury be given written instructions on the equal weight of non-statutory mitigating factors.

f) Tennessee's death penalty statutes do not require the jury to make the ultimate determination that the appropriate punishment is a death sentence.

g) Tennessee's death penalty statutes do not require that the jury be instructed in writing that it may impose a life sentence on the basis of mercy alone.

h) Tennessee's death penalty statutes do not provide a way to correct, by written instructions or the presentation of evidence, jurors' common misperceptions regarding the actual terms of life sentences and death sentences, the cost of incarceration and the cost of executions, the death penalty's deterrent value, and the painful nature of death by electrocution.

i) Tennessee's death penalty statutes prevent effective review on appeal because they do not require the jury to make specific findings with respect to the presence or absence of mitigating factors.

j) Tennessee's death penalty statutes provide for a punishment, death, which is cruel and unusual.

k) Counsel failed to present evidence or argument challenging the manner in which the appellate courts of Tennessee conduct proportionality review.

l) To the extent that this case was on appeal at the time the legislature amended T.C.A. 40-23-114 in 1998 to allow a person sentenced to death by electrocution to elect to be executed by lethal injection, counsel failed to take any steps to protect Ms. Pike's right to be free from cruel and unusual punishment under Article I, § 16 of the Tennessee Constitution and the Eighth Amendment to the United States Constitution by raising the issue that lethal injection constitutes cruel and unusual punishment and that, if lethal injection does not violate Article I, § 16 of the Tennessee Constitution and the Eighth Amendment to the United States Constitution, then requiring Ms. Pike to choose to be executed in a constitutional manner rather that the unconstitutional manner or electrocution violates her rights under Article I, §§ 8 and 16 of the Tennessee Constitution and the Eighth and Fourteenth Amendments to the United States Constitution.

m) Tennessee's death penalty statutes are applied in a discriminatory manner - unfairly affecting racial, gender, geographic, economic and political classes.

n) Tennessee's death penalty statutes and developed case law do not provide an adequate method for proportionality and arbitrariness review by the Tennessee Supreme Court.

o) Tennessee's death penalty statutes have been applied by prosecutors in a manner that abuses their discretion because the statutes do not provide uniform standards for application of the death sentence.

p) Tennessee's death penalty statutes have produced violations of the equal protection clauses of the state and federal constitutions because they do not provide uniform standards for qualifying jurors for service on capital juries.

q) Tennessee's death penalty statutes permit the introduction of unreliable evidence in support of aggravating factors and in rebuttal of mitigating factors.

r) Tennessee's death penalty statutes allow the state to make the final closing arguments to the jury in the penalty phase.

s) Tennessee's death penalty statutes do not require that the jury be instructed regarding the consequences of its failure to reach a unanimous verdict in the penalty phase.

t) Tennessee's death penalty statutes require the jury to agree to a unanimous verdict in order to impose a life sentence.

2. Counsel failed to raise on appeal issues concerning the jury instructions, including but not limited to the following:

a) By failing to raise on appeal a challenge to that portion of the conspiracy to commit first degree murder instruction that stated, in defining first degree murder, that "premeditation can be found if the decision to kill is first formed

during the heat of passion, but the accused commits the act after the passion has subsided." (TR Trial Vol. XXVIII at 2433.) While this part of the instruction was necessary in the instruction on first degree murder itself, it was both inconsistent with the State's theory of conspiracy in this case and with any evidence supporting conspiracy in this case. The State, by the proof presented, advanced two theories of first degree murder in this case. First it suggested that the murder was planned by Ms. Pike and her codefendants prior to inviting Ms. Slemmer to join them the evening of the killing. If the jury accepted this theory then it would support the State's theory of a conspiracy. The second theory of first degree murder advanced by the prosecution was that during the course of the assault on Ms. Slemmer, Ms. Pike formed the intent to kill and then after a period of reflection (when she went to see if a noise she heard was someone else in the area) she carried our the intent to kill. This theory does not support the State's theory of conspiracy and yet this instruction invited the jury to find that both the intent to kill and the conspiracy to kill were formed during the assault on Ms. Peterson. As such the giving of this instruction was error and should have been raised on appeal.

b) By failing to raise on appeal that the instruction that equated "reasonable doubt" with "moral certainty" denied her the right to a fair trial by jury.

c) By failing to raise on appeal a challenge to instructions which required the jury to presume the truthfulness of witnesses, thereby denying her a fair trial by violating the jury's prerogative to access the credibility of witnesses and determine the facts.

d) By failing to raise on appeal that an instruction that misstated the role of the finding of an aggravating factor by the jury, in that the Court, after instructing the jury as to the heinous, atrocious or cruel aggravating factor and the interfering with arrest aggravating factor, the Court stated, "You shall not take into account of any other facts or circumstances as the basis for deciding whether the death penalty or imprisonment for life without parole would be appropriate punishment in this case."[9] (TR Trial Vol. XXIX at 2578.) By suggesting that finding an aggravating factor, beyond a reasonable doubt makes the death penalty or life without parole "appropriate" rather than simply making the Petitioner eligible to receive a penalty of death or life without parole, prejudices the Petitioner by creating a presumption that death or life without parole is the "appropriate" sentence in this case, thus shifting the burden to the Petitioner to prove by mitigating evidence that such sentence is not the "appropriate" sentence.

e) By failing raise on appeal that the instruction the "The murder was especially heinous, atrocious or cruel in that it involved torture or serious physical abuse beyond that necessary to produce death" violated Ms. Pike's rights under Article I, §§ 8 and 16 of the Tennessee Constitution and the Eighth and Fourteenth Amendments to the United States Constitution on the ground that this aggravating factor as defined in Tennessee fails to narrow the class of individuals that are eligible for a sentence of death, in that the statutory language, even with the definitions of "heinous", "atrocious", "cruel", and "torture" given in the

[9] This instruction as given by the Court was in conformity with the T.P.I.-Crim. Intruction 7.04(a).

instructions, plainly fails to provide any guidance for the jurors. In fact the words and their definitions are a mere tautology with "atrocious" being defined as cruel, "cruel" being defined as inflicting pain, and "torture" being defined as the infliction of severe pain. Under this instruction, the jury could return a verdict of death by merely finding that the victim suffered momentary pain, which of course is an element present in nearly every first degree or felony murder.

f) By failing to raise on appeal that the instruction that stated that a unanimous verdict is necessary in order for Petitioner to receive a life sentence, violated her rights under Article I, §§ 8 and 16 of the Tennessee Constitution and the Eighth and Fourteenth Amendments to the United States Constitution.

3. Counsel were ineffective for failing to raise on appeal that the death penalty violates treaties which have been ratified by United States, and violates established international law in violation or Article VI, clause 2 of the United States Constitution, the Supremacy Clause, and customary international law were disregarded. United States v. Belmont, 301 U.S. 324 (1937), The Paquete Habana, 175 U.S. 677, 700 (1900);*see* Breard v. Greene, 118 S. Ct. 1352, 1355 (1998). Those rights include the right to be represented by competent legal counsel during her defense.[10] Counsel failed to file any motions asserting petitioner's rights under international law, including, but not limited to,

a. Her rights under treaties ratified by the United States. Treaties are the supreme law of the land, and the rights guaranteed under them preempt any contradictory state laws. U. S. Const., Art. VI, cl.2; *see, e.g.*, Breard v. Greene, 118 S. Ct. 1352, 1355 (1998). Those treaties include:

i. International Covenant on Civil and Political Rights, Dec. 19, 1966, G.A. Res. 2200, U.N. GAOR, Supp. No. 16 at 52, U.N. Doc. A/6316 (1967), 999 U.N.T.S. 171, art. 24 [hereinafter ICCPR], which was ratified by the United States on June 8, 1992;

ii. The International Convention on the Elimination of All Forms of Racial Discrimination, Mar. 7, 1966, G.A. Res. 2106A, U.N. GAOR, 20th Sess., Supp. No. 14 at 47, U.N. Doc. A/6014 (1965) [hereinafter Race Convention], which was ratified by the United States on October 21, 1994; and

iii. The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10 1984, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. 39/51 (1984) [hereinafter Torture Convention], which was ratified by the Untied States on October 21, 1994.

b. Treaties entered into and signed by the President of the United States. The President's action in the area of foreign relations, including the rights guaranteed under these treaties, preempts any contradictory state

[10] ICCPR, art. 14(3); American Convention, art. 8(2).

law. United States v. Belmont, 301 U.S. 324 (1937). Those treaties include:

i. The American Convention on Human Rights, Nov. 22, 1969, O.A.S.T.S.No. 36, O.A.S. Off. Riec. OEA/Ser. L./V./II.23/Doc. 21 Rev. 6 [hereinafter American Convention] signed on June 1, 1977;

ii. The Convention on the Elimination of All Forms of Discrimination Against Women, Dec. 18, 1979, G.A. Res. 34/180, U.N. GAOR, 34th Sess., Supp. No. 46 at 193, U.N. Doc. A/34/46 (1979) [hereinafter Women's Convention], which was signed on July 17, 1988; and

iii. The International Covenant on Economic, Social and Cultural Rights, Dec. 15, 1966, 1976, 999 U.N.T.S. 3 [hereinafter Economic Covenant], which was signed on October 5, 1977.

c. Customary international law and *jus cogens* norms are binding upon the courts as the law of the land. "The law of nations . . . is part of the law of the land." The Paquete Habana, 175 U.S. 677, 700 (1900). Evidence of customary international laws can be found, *inter alia*, in other treaties and international proclamations neither signed nor ratified by the United States, including but not limited to:

i. The American Declaration of the Rights and Duties of Man, May 2, 1948, Res. XXX, at 38, Final Act, Ninth Int'l Conf. of American States, Bogata, Columbia, Mar. 30-May 2, 1948 (Pan-Am 1948), O.A.S. Off. Rec. OEA/Ser. L./V./ II.23/Doc. 21 Rev. 6 (1979), Art. XX [hereinafter American Declaration] and

ii. Universal Declaration of Human Rights, G.A. Res. 217, U.N. GAOR, 3d Sess., pt.1, U.N. Doc. A/810 (1948) [hereinafter Universal Declaration].

4. Counsel failed to raise on appeal that the death penalty in this case violates Ms. Pike's right to life as the State has not shown a compelling state interest in executing Ms. Pike.

5. Mr. Talman's representation of Ms. Pike was tainted by the actual conflict of interest created by his own financial interest in discussing movie/ book production deals regarding Ms. Pike and her case with interested parties.

6. Mr. Talman was ineffective on appeal by failing to inform Ms. Pike that his misconduct in over billing the indigent defense fund for court appointed work from 1990 to 1993 and the pending actions against him created a conflict of interest for his handling the direct appeal.

## IV. INDEPENDENT CONSTITUTIONAL CLAIMS

The death penalty violates Ms. Pike's rights secured by Article I, §§ 8 and 16 of the Constitution of Tennessee and the Eighth and Fourteenth Amendments to the United States Constitution in that:

A. The death penalty is not and cannot be fairly administered and is therefore unconstitutional. Both Justice Scalia, in his concurring opinion, and Justice Blackmun, in his dissenting opinion, argue in Callins v. Collins, 510 U.S. 1141, 114 S.Ct. 1127, 127 L.Ed.2d 435 (1994), that the death penalty as currently structured is unworkable. The differences in the Justices' positions are that Justice Scalia, concurring in the Court's denial of certiorari, argues that the Court has gone too far in trying to both narrow the class of those eligible for the death penalty and maintain individualized sentencing, while Justice Blackmun finds that the requirements to narrow and individualize are constitutionally required but impossible to effectuate and thus the death penalty must be abandoned. Fundamentally, capital case jurisprudence has now come full circle and we are back to the problems that caused the Court to strike the death penalty as

unconstitutional as applied in Furman v. Georgia, 408 S.Ct. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

B. The death sentence unconstitutionally impinges upon Ms. Pike's fundamental right to life, secured by the United States Constitution and the Tennessee Constitution. Petitioner's right to life is a fundamental constitutional right, and the punishment of death is not necessary to promote any compelling state interest in punishing him, nor has the State shown that there are no less restrictive means of punishing her. Fundamental constitutional rights are those rights "explicitly or implicitly guaranteed in the Constitution." San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 33-34 (1973). The United States Constitution explicitly recognizes the right to life as fundamental in both the due process clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fifth Amendment provides that "no person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. Similarly, the due process clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life liberty, or property, without due process of law." U.S. Const. Amend. XIV. So, too, Article I § 8 of the Tennessee Constitution acknowledges life as a fundamental right.

C. Based upon the recent decisions of the Tennessee Supreme Court defining "torture" it is evident that the imposition of the penalty of death constitutes torture and therefore violates Ms. Pike's rights under Article I § 16 of the Tennessee Constitution and the Eighth Amendment to the United States Constitution.

D. Under the theory behind the decisions in Roper v. Simmons, 543 U.S. 551 (2005) and Atkins v. Virginia 536 U.S. 304 (2002), Ms. Pike is not constitutionally eligible for a sentence death. In Roper v. Simmons, the Court opined that offenders under the age of 18 were not within the class of the worst offenders who could be subject to the death penalty without violating the Eighth Amendment to the United States Constitution. The reasons given by the Court included that the immaturity of juveniles means that their irresponsible behavior is not as morally reprehensible as that of an adult, their own vulnerability and comparative lack of control over their immediate surroundings mean juveniles have a greater claim than adults to be forgiven for failing to escape negative influences in their whole environment, and that because juveniles still struggle to define their identity means it is less supportable to conclude that even a heinous crime committed by a juvenile is evidence of irretrievably depraved character. This same theory of lack of the ultimate culpability to justify the death sentence for the mentally retarded underlies the Court's decision in Atkins. Because Ms. Pike suffers from a severe mental illness that affects her ability to control her actions and the trauma, abuse and neglect she endured as a child and adolescent have the effect of delaying the development of many of the behavioral controls associated with adulthood, Ms. Pike's behavior similarly does not reach the level of culpability that perhaps the ultimate punishment of death which under the Eighth Amendment must be reserved for only a small number of the worst offenders. This issue is not waived because the law has developed since the direct appeal.

E. After the direct appeal in this case was over, the United States Supreme Court

decided the case of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi, the United States Supreme Court held that under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. Id. at 476(quoting Jones v. United States, 526 U.S. 227, 243). In Ring v. Arizona, 536 U.S. 584, 605 (2002), the Court found that aggravating factors that make a defendant eligible for a sentence of death serve as the functional equivalent of an element of a greater offense. Because the United States Supreme Court found that the aggravating factors serve as the functional equivalent of the element of a greater offense, and because Tennessee requires charging by indictment, the Due Process Clause of the Fourteenth Amendment requires that the aggravating factors be found by the grand jury and included in the indictment. In this case, the aggravating factors found by the jury were never charged in the indictment. Therefore, Petitioner's sentence to death violates Article I, §§ 8, 9 and 16 of the Tennessee Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. This issue is not waived because the law has developed since the direct appeal.

F. Ms. Pike was deprived of a trial consistent with due process was denied her rights under Article I, §§ 8 and 16 of the Tennessee Constitution and the Eighth and Fourteenth Amendments to the Constitution of the United States by the Court's insistence that her case be tried on it first setting, despite the appointment of Ms. Rice less than two months prior to trial. By so doing, the Court treated Ms. Pike differently that either of her co-

defendants. The trials of both co-defendants were routinely continued for reasons that could have easily been avoided. Treating Ms. Pike differently denied her the right to trial with counsel were prepared and who had sufficient time in the case to have created a meaningful attorney-client relationship with Ms. Pike and who were prepared for trial. Ms. Pike submits that this is a structural violation for court's duty to ensure effective representation of a defendant facing the death penalty.

## V. PROSECUTORIAL MISCONDUCT

A. Because the District Attorney General of Knox County was involved in the collection of the funds from Mr. Talman for his having over billed the indigent defense fund, see material in Claim I, supra, and also potentially had prosecutorial authority over Mr. Talman for what may have constituted theft from the State, the District Attorney General had a duty to object to the appointment of Mr. Talman to protect the integrity of the process. By failing to take any steps to protect Ms. Pike's right to conflict free counsel, the State unconstitutionally participated in denying Ms. Pike her right to conflict free counsel.

B. By getting a commitment from the jurors not to consider Ms. Pike's age as a sufficient reason to give Ms. Pike a life sentence, the prosecutor undermined Ms. Pike's right to a trial consistent with the requirements of the Eighth and Fourteenth Amendments to the United States Constitution by obtaining from the jurors the equivalent of a pledge not to consider the powerful mitigating factor of youth. After all, at the time of the offense Ms. Pike was 18 and just barely over the age at which both the Tennessee statute and the United State's constitution forbid eligibility for the death penalty. This action by the prosecutor further served to reduce the

burden of the state to prove that the aggravating circumstances outweighed the mitigating evidence beyond a reasonable doubt.

C. The prosecutor violated Ms. Pike's rights under Article I, §§ 8 and 16 and the Eighth and Fourteenth Amendments to the United States Constitution, by state's improper, inflammatory, prejudicial, inappropriate and misleading or inaccurate statements concerning the law, the evidence and Petitioner during opening and closing arguments.

## VI. THE DEATH PENALTY VIOLATES INTERNATIONAL LAW.

Article VI, clause 2 of the United States Constitution, the Supremacy Clause, was violated when petitioner's rights under treaties to which the United States is bound and customary international law were disregarded. United States v. Belmont, 301 U.S. 324 (1937), The Paquete Habana, 175 U.S. 677, 700 (1900);*see* Breard v. Greene, 118 S. Ct. 1352, 1355 (1998). Those rights include the right to be represented by competent legal counsel during her defense.[11] Counsel failed to file any motions asserting petitioner's rights under international law, including, but not limited to,

1. Her rights under treaties ratified by the United States. Treaties are the supreme law of the land, and the rights guaranteed under them preempt any contradictory state laws. U. S. Const., Art. VI, cl.2; *see, e.g.*, Breard v. Greene, 118 S. Ct. 1352, 1355 (1998). Those treaties include:

[11]ICCPR, art. 14(3); American Convention, art. 8(2).

a. International Covenant on Civil and Political Rights, Dec. 19, 1966, G.A. Res. 2200, U.N. GAOR, Supp. No. 16 at 52, U.N. Doc. A/6316 (1967), 999 U.N.T.S. 171, art. 24 [hereinafter ICCPR], which was ratified by the United States on June 8, 1992;

b. The International Convention on the Elimination of All Forms of Racial Discrimination, Mar. 7, 1966, G.A. Res. 2106A, U.N. GAOR, 20th Sess., Supp. No. 14 at 47, U.N. Doc. A/6014 (1965) [hereinafter Race Convention], which was ratified by the United States on October 21, 1994; and

c. The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10 1984, G.A. Res. 39/46, U.N. GAOR, 39th Sess.; Supp. No. 51, at 197, U.N. Doc. 39/51 (1984) [hereinafter Torture Convention], which was ratified by the Untied States on October 21, 1994.

2. Trial counsel were also ineffective for failing to move to strike the death penalty for its violation of treaties entered into and signed by the President of the United States. The President's action in the area of foreign relations, including the rights guaranteed under these treaties, preempts any contradictory state law. United States v. Belmont, 301 U.S. 324 (1937). Those treaties include:

a. The American Convention on Human Rights, Nov. 22, 1969, O.A.S.T.S.No. 36, O.A.S. Off. Riec. OEA/Ser. L./V./II.23/Doc. 21 Rev. 6 [hereinafter American Convention] signed on June 1, 1977;

b. The Convention on the Elimination of All Forms of Discrimination Against Women, Dec. 18, 1979, G.A. Res. 34/180, U.N. GAOR, 34th Sess., Supp. No. 46 at 193, U.N.

Doc. A/34/46 (1979) [hereinafter Women's Convention], which was signed on July 17, 1988; and

c. The International Covenant on Economic, Social and Cultural Rights, Dec. 15, 1966, 1976, 999 U.N.T.S. 3 [hereinafter Economic Covenant], which was signed on October 5, 1977.

3. Trial counsel were also ineffective for failing to move to strike the death penalty for its violation of petitioner's rights under customary international law. Customary international law and *jus cogens* norms are binding upon the courts as the law of the land. "The law of nations . . . is part of the law of the land." The Paquete Habana, 175 U.S. 677, 700 (1900). Evidence of customary international laws can be found, *inter alia*, in other treaties and international proclamations neither signed nor ratified by the United States, including but not limited to:

a. The American Declaration of the Rights and Duties of Man, May 2, 1948, Res. XXX, at 38, Final Act, Ninth Int'l Conf. of American States, Bogata, Columbia, Mar. 30-May 2, 1948 (Pan-Am 1948), O.A.S. Off. Rec. OEA/Ser. L./V./ II.23/Doc. 21 Rev. 6 (1979), Art. XX [hereinafter American Declaration] and

b. Universal Declaration of Human Rights, G.A. Res. 217, U.N. GAOR, 3d Sess., pt.1, U.N. Doc. A/810 (1948) [hereinafter Universal Declaration].

Those rights guaranteed to petitioner through treaties and customary international law that counsel failed to raise, include, but are not limited to:

1. The right to life[12];

2. The right to be free from racial discrimination[13];

---

[12]ICCPR, art. 6(1); American Declaration, art. I; Universal Declaration, art. 3; American Convention, art. 4(1).

[13]ICCPR, arts. 3, 14(1), 16, and 26; Universal Declaration, arts. 1, 2, 6, and 7; American Declaration, art. II; American Convention, arts. 3 and 24; Race Convention.

3. The right to be free from discrimination on the basis of economic status[14];

4. The right not to be sentenced to death for this crime because it was not sufficiently serious to warrant a sentence of death[15];

5.The right not to be put to death by electrocution, because death by electrocution constitutes cruel, inhumane and degrading punishment[16];

6. The right to not be executed by lethal injection, because death by lethal injection constitutes cruel, inhumane and degrading punishment[17];

7. The right to a fair and impartial trial[18];

8. The right to be presumed innocent until proven guilty according to law[19];

9. The right to detailed notice of the charges against him/ her[20];

10. The right to adequate time and resources in which to prepare his defense[21];

11. The right to obtain the attendance of witnesses to testify in his/her defense[22];

---

[14]ICCPR art. 26; *see* ICCPR, arts. 3, 14(1), and 16; Universal Declaration, arts. 1, 2, 6, and 7; American Declaration, art. II; American Convention, arts. 3 and 24; Economic Convention.

[15]ICCPR, art. 6(2); American Convention, art.4(2).

[16]ICCPR, arts. 7, 10, and 16; Universal Declaration, art. 5; American Declaration, art. XXV, American Convention, art. 5; Torture Convention.

[17]ICCPR, arts. 7,10, and 16; Universal Declaration, art. 5; American Declaration, art. XXV, American Convention, art. 5; Torture Convention.

[18]ICCPR, art. 14; Universal Declaration, art. 10; American Declaration, art. XV, art. XVII; American Convention, art. 8.

[19]ICCPR, art. 14(2); Universal Declaration, art. 11(1); American Declaration, art. XXVI; American Convention, art. 8(2).

[20]ICCPR, art. 9(2); American Convention, art. 8(2).

[21]ICCPR, art. 14(3); Universal Declaration art. 11(1); American Convention, art. 8(2); *see also* American Convention, art. 8(2)("the right . . . to obtain the appearance, as witnesses, of experts of other persons who may throw light on the facts.").

12. The right to examine witnesses against him/her[23];
and;

13. The right to be free of coercion to confess guilt[24].

**ABOVE CLAIMS ARE NOT PREVIOUSLY DETERMINED OR WAIVED**

For those claims in which the basis for the claim having not been waived under T.C.A. § 40-30-106(g) is not included within the claim itself, to the extent that a ground for relief presented below has not, but arguably could have been presented to this Court, the Tennessee Court of Criminal Appeals, or the Tennessee Supreme Court in prior proceedings, the ground has not been waived within the meaning of T.C.A. §40-30-106(g) because: (1) of rulings of the trial court on the manner and scope of discovery and the content of the record which prevented or impeded the Petitioner and/or her attorney from presenting the ground(s) for relief; (2) the law regarding the ground(s) for relief was not established at the time; (3) Petitioner and/or her attorney have never had a full and fair opportunity to raise the ground(s) for relief previously; (4) trial and/or appellate counsel provided constitutionally inadequate assistance, an allegation that could not have been presented for determination in any prior proceeding; (5) the Petitioner, personally or through her attorney, did not knowingly or understandingly fail to present the

[22]ICCPR, art. 14(3)("To examine. . . the witnesses against him and to obtain the attendance and examination of witnesses on this behalf *under the same conditions as witnesses against him.*)(emphasis added); American Convention, art. 8(2); *see also* Universal Declaration, art. 11(1)(The right to "all the guarantees necessary for his defence.").

[23]ICCPR, art. 14(3)("To examine. . . the witnesses against him and to obtain the attendance and examination of witnesses on this behalf *under the same conditions as witnesses against him.*)(emphasis added); American Convention, art. 8(2); *see also* Universal Declaration, art. 11(1) (The right to "all the guarantees necessary for his defence.").

[24]ICCPR, art. 14(3); American Convention, art. 8, (2-3).

ground(s) for relief for determination because she was not advised of or did not reasonably understand: (i) the existence of the ground(s) for relief; (ii) the legal principles implicated by the ground(s) for relief; (iii) the facts relating to the ground(s) for relief; (iv) the reasons why the ground(s) for relief should not be presented; and/or, (v) the effect of failing to present the ground(s) for relief in a timely manner on the scope of state or federal post-conviction review; (6) there are facts that exist that have not yet been discovered that have never been considered by any court that support Petitioner's ground(s) for relief and the failure to discover those facts is not attributable to any action or inaction on the Petitioner's part but to factors beyond her control, such as ineffective assistance of counsel and/or state misconduct; (7) Tennessee courts have not uniformly applied the waiver provisions of the Post-Conviction Procedure Act and to find the ground(s) for relief waived in Petitioner's case and not others would constitute a violation of Petitioner's right to equal treatment under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article XI, § 8 of the Tennessee Constitution.

To the extent that one or more of the grounds has been presented to either this Court, the Tennessee Court of Criminal Appeals, or the Tennessee Supreme Court in prior proceedings, the ground has not been previously determined within the meaning of T.C.A. §40-30-106(h) because of: (1) rulings by the trial court on the manner and scope of discovery which impeded or prevented trial and/or appellate counsel from researching, investigating, and presenting the ground(s) for relief fully and completely; (2) the procedures or standards employed by the courts in the prior review of the ground(s) for relief were themselves deficient, defective, in violation of state law, and/or unconstitutional; and/or (3) Petitioner's counsel was ineffective in investigating, researching, and presenting the ground(s) for relief pre-trial, at trial, in the new

trial motion, or on appeal and/or her counsel failed to advise her of the ground(s) for relief or their relevance to her case.

## CONCLUSION

For the foregoing reasons, Petitioner Christa Pike submits that she is entitled to have her conviction and sentence set aside.

Respectfully Submitted,

Donald E. Dawson, BPR No. 010723
Post-Conviction Defender

Catherine Y. Brockenborough, BPR No. 018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9331 / FAX (615) 741-9430

Counsel for Petitioner Christa G. Pike

**PETITIONER'S VERIFICATION UNDER OATH**
**SUBJECT TO PENALTY FOR PERJURY**

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on 6/26/06.
(Date)

Christa Gail Pike

SWORN AND SUBSCRIBED before me this the 26th day of July, 2006.

Notary Public

My commission expires: ______

TAMMY KENNEDY NOTARY PUBLIC AT LARGE DAVIDSON COUNTY, TENN.

My Commission Expires MAY 24, 2008

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy of the foregoing Consolidated Petition has been set by email to Leland Price, Assistant District Attorney General, Office of the District Attorney General, 6th Judicial District, P.O. 1468, Knoxville, Tennessee 37901-1468 on this the 26th day of January, 2006, as well as mailed, first-class postage prepaid.

Donald E. Dawson

FILED
BY MARTHA PHILLIPS, CLERK
2006 AUG -9 AM 2:55
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**WAIVER OF APPEARANCE AT**
**AUGUST 21, 2006 MOTIONS HEARING**

I, Christa Gail Pike, am the petitioner in this post-conviction proceeding. I am aware that this Court has scheduled a hearing on August 21, 2006, on any remaining motions that will be heard by this Court prior to the evidentiary hearing on my petition for post-conviction relief which is scheduled to begin on September 11, 2006. I have confidence in my attorneys and know that they will represent my best interests.

Christa Gail Pike, Petitioner

Sworn to and subscribed before me on this the 27th day of July, 2006.

NOTARY PUBLIC

My Commission Expires:

TAMMY KENNEDY NOTARY PUBLIC AT LARGE ... COUNTY, TENN.
Expires MAY 24, 2008

FILED
PHILLIPS, CLERK
2006 AUG 18 PM 3:54
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, Petitioner, | ) | |
| v. | ) | No. 68280 |
| STATE OF TENNESSEE, Respondent | ) | |

**STATE'S RESPONSE TO CONSOLIDATED PETITION FOR POST-CONVICTION RELIEF**

Comes now Respondent, the State of Tennessee, by and through the District Attorney General for the Sixth Judicial District, in response to Petitioner's Consolidated Petition for Post-Conviction Relief ("Petition"), and says:

The State admits the allegations contained in the procedural history of the Petition.

**Claim I: Trial Court's Violation of Petitioner's Right to Conflict Free Counsel**

The State denies William Talman proceeded under an actual conflict of interest. The State admits Mr. Talman was investigated for over-billing the indigent defense fund and reimbursed the fund following the investigation. The State denies this created a conflict of interest in representing Petitioner.

The State admits that Mr. Talman was appointed to represent Petitioner in 1995. The State admits the Hon. Mary Beth Leibowitz stated she was aware of the Mr. Talman's over-billing issue at the time she appointed him to represent Petitioner. The State has insufficient information to admit or deny whether the Comptroller's findings were published in three major newspapers. The State admits that the record does not reflect that the Court inquired of Petitioner whether Petitioner knew of Mr. Talman's over-billing issue. The State denies this violated Petitioner's right to conflict-free counsel.

The State denies the Court failed in its duty to ensure Petitioner was made aware of the alleged conflict because the State asserts there was no conflict. The State asserts this issue has been waived by Petitioner. The State denies Petitioner had any physical or mental condition which prevented her from objecting to Mr. Talman's appointment and representation in her case.

The State denies this is the first opportunity for Petitioner to raise the issue of Mr. Talman's alleged conflict.

**Claim II. Ineffective Assistance of Counsel At Trial**

The State denies Petitioner received ineffective assistance of counsel.

1. The State denies trial counsel failed to establish proper working relationship with Petitioner.

2. The State denies counsel failed to adequately prepare for their representation.

The State denies counsel failed to discharge their duty. Counsel exercised appropriate trial strategy in developing defenses.

3. The State denies counsel failed to engage in effective motions practice.

a) The State asserts that counsel was not ineffective for challenging Petitioner's interrogation. Petitioner's statements to law enforcement during the course of the investigation were voluntarily made and obtained in accordance with all of her constitutional rights.

The State denies Petitioner was unable to make a voluntary statement on January 14, 1995.

b) The State denies the search of Petitioner's dormitory room violated her constitutional rights.

c) The State has insufficient information to admit or deny allegations concerning

counsel's investigations of co-defendants Shipp and Peterson.

d) The State denies it was ineffective for counsel to fail to obtain a bill of particulars.

e) The State asserts there was no conflict of interest which would have required counsel to seek a withdrawal from the case.

i. The State denies Mr. Talman had a conflict of interest arising from his matter with the indigent defense fund.

ii. The State denies Mr. Talman had an interest in publicity in the case or had a conflict of interest arising from alleged contacts with media.

iii. The State denies Mr. Talman's performance was infected as described in this paragraph of the petition. The State denies Mr. Talman misrepresented when he had received Dr. McCoy's report and denies that the timing of the report had any reason not to call Dr. McCoy.

f) The State denies counsel was ineffective for not seeking a continuance of the trial as a result of Mr. Billy Brown's withdrawal.

g) The State denies counsel was ineffective for not seeking a continuance of the trial as a result of the addition of witness.

h) The State denies counsel was ineffective for failing to challenge the heinous, atrocious or cruel aggravator.

i) The State denies counsel was ineffective for failing to challenge the avoiding arrest aggravator.

j) The State denies counsel was ineffective for failing to file a motion for the State to elect a particular trial theory.

k) The State asserts counsel sought all exculpatory evidence.

l) The State denies counsel was ineffective in investigating this case or seeking discovery from the State.

4. The State denies counsel was ineffective in the timing or hearing of Petitioner's motions.

5. The State denies counsel was ineffective in the use of expert testimony.

a) The State denies counsel was ineffective in preparing Dr. Eric Engum for testimony at trial. The State denies Petitioner suffered from diminished capacity at the time of the crime. The State denies she exaggerated her statement of her own participation in the crime.

b) The State denies Petitioner suffers from bipolar illness. The State further denies counsel failed to properly utilize Dr. Engum.

c) The State denies counsel failed to understand proper and effective use of a psychiatrist:

(i) The State denies counsel failed to effectively use Dr. Bernet:

(a) The State denies counsel's redirect of Dr. Bernet was ineffective;

(b) The State denies counsel was ineffective in questioning Dr. Bernet.

(ii) The State asserts counsel provided Dr. Bernet all pertinent information.

(iii) The State denies counsel was ineffective in utilizing the service of the defense psychiatric expert.

(iv) The State denies counsel failed to conduct a sufficient investigation. The State denies Petitioner suffered from manic-depressive and/or bipolar illness.

6. The State denies Mr. Talman had a conflict of interest during his representation of Petitioner.

(i) The State denies the Office of the District Attorney General for the Sixth Judicial District had any significant role in the investigation of Mr. Talman and certainly not to the extent that it created a conflict of interest in Petitioner's case.

(ii) The State denies Mr. Talman had a conflict of interest arising from his contacts with the media or from an alleged proposal to co-author a book.

(iii) The State denies Mr. Talman misrepresented when he had received Dr. McCoy's report and denies that the timing of the report had any reason not to call Dr. McCoy.

7. The State denies counsel were ineffective in voir dire of prospective jurors.

a) The State denies counsel was ineffective in retaining jurors with opposition to the death penalty.

b) The State denies counsel failed to exclude jurors who would not listen to mitigating evidence.

c) The State denies counsel were ineffective for failing to question jurors on the issue of inter-racial relationships.

d) The State denies counsel were ineffective for failing to question jurors on Mr. Talman's alleged over-billing matter.

e) The State denies counsel were ineffective in their questioning of jurors.

f) The State denies counsel filed to effectively utilize their jury consultant.

g) The State denies discrimination was used in its use of peremptory challenges at trial.

h) The State asserts that questions concerning the influence of Petitioner's age were proper during voir dire.

i) The State denies the procedure for excusing jurors was objectionable.

9. The State denies counsel were ineffective for failing to investigate or present evidence of Petitioner's diminished capacity and state of mind around the time of the offense. The State denies was under the influence and substantial domination of Tadaryl Shipp.

10. The State denies counsel were ineffective during the penalty phase of Petitioner's trial.

(a) The State denies counsel were ineffective in presenting Petitioner's life history.

(b) The State denies counsel were ineffective for failing to call Dr. Diana McCoy.

(c) The State denies counsel had an actual conflict of interest concerning Dr. McCoy. Further, the State denies counsel were ineffective in their presentation of testimony in the penalty phase.

(d) The State denies counsel were ineffective in their presentation of testimony in the penalty phase.

(e) The State denies counsel were ineffective in the preparation of mitigation witnesses.

(f) The State denies counsel's performance was inadequate during the penalty phase.

(g) The State denies counsel were ineffective for failing to use Dr. Engum in the penalty phase.

(i) The State denies counsel were ineffective for failing to present evidence of Petitioner's alleged medical problems.

11. The State denies counsel failed to be aware of the law applicable to Petitioner's case.

12. The State denies counsel was ineffective regarding jury instructions.

(a) The State denies it advanced two inconsistent theories of first degree murder in the case.

(b) The State denies reasonable doubt was equated with moral certainty in the jury

instruction.

(c) The State denies the jury's prerogative to assess credibility was violated by the jury instructions.

(d) The State denies the jury instructions created a presumption regarding the sentence.

(e) The State denies the instruction concerning the heinous, atrocious, or cruel aggravating factor was objectionable.

(f) The State denies that the instruction that a unanimous verdict is necessary for Petitioner to receive a life sentence is objectionable.

(g) The State denies counsel were ineffective for failing to request the substantial domination instruction.

(h) The State denies counsel were ineffective for failing to request instructions concerning non-statutory mitigation.

13. The State denies counsel failed to maintain their workload at an acceptable level.

14. The State denies prosecutors made improper, inflammatory, prejudicial, inappropriate, misleading or inaccurate statements during the penalty phase closing argument.

15. The State denies prosecutors posed objectionable questions concerning Petitioner's age during voir dire.

16. The State asserts the Tennessee's murder statue and its sentencing provisions are constitutional.

17. The State denies counsel were ineffective for failing to move that the death penalty be struck in this case on the grounds that the death penalty violates treaties and international law.

**III. Ineffective Assistance of Counsel On Appeal**

The State asserts Petitioner received effective assistance of counsel on appeal.

1. The State admits counsel failed to raise on appeal many of the issues that counsel had earlier failed to raise by pretrial motion. The issues were not raised during pretrial or appeal because they have no legal merit.

2. The State asserts counsel failed to raise on appeal issues regarding the jury instructions as detailed in the petition because the issues detailed in the petition have no legal merit.

   a) The State denies prosecutors presented two inconsistent theories of first degree murder in this case.

   b) The State denies reasonable doubt and moral certainty are equated in the jury instructions.

   c) The State denies the jury instructions violated the jury's prerogative to assess the credibility of witnesses.

   d) The State denies the jury instructions created a presumption about the sentence to be imposed.

   e) The State denies the heinous, atrocious or cruel instruction is unconstitutional.

   f) The State denies the jury instruction regarding unanimity violated Petitioner's constitutional rights.

3. The State denies counsel were ineffective for failing to raise on appeal that the death penalty violates treaties or international law.

4. The State denies counsel were ineffective for failing to raise on appeal that the death penalty violates Petitioner's right to life.

5. The State denies Mr. Talman had a conflict of interest created by his alleged financial interest

in movie/book production deals.

6. The State denies Mr. Talman had a conflict of interest arising from his over-billing matter.

## IV. Independent Constitutional Claims

The State denies the death penalty violates the Petitioner's constitutional rights.

A. The State denies the death penalty is unfairly administered.

B. The State denies the death penalty violates Petitioner's right to life.

C. The State denies the imposition of the death penalty constitutes torture under the Tennessee and U.S. constitutions.

D. The State denies Petitioner suffers from a severe mental illness or is developmentally delayed. The State asserts Petitioner falls squarely in the class of offenders for whom the death penalty should be imposed.

E. The State denies the death penalty procedure established in Tennessee violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny, Ring v. Arizona, 536 U.S. 584 (2002).

F. The State denies Petitioner was deprived of her due process rights guaranteed by the Tennessee and U.S. constitutions.

## V. Prosecutorial Misconduct

A. The State denies it violated Petitioner's right to conflict-free counsel or unconstitutionally participated in denying Petitioner's right to conflict free counsel.

B. The State denies it obtained a pledge from the jury not to consider Petitioner's age in its sentencing deliberations.

C. The State denies is employed improper, inflammatory, prejudicial, inappropriate, misleading,

or inaccurate statements during argument.

**VI. The Death Penalty Violates International Law**

The State denies Petitioner's rights were violated under international law.

1. The State admits counsel did not file any motions asserting Petitioner's rights under treaties ratified by the United States.

2. The State denies counsel were ineffective for failing to move to strike the death penalty for violation of international treaties.

3. The State denies counsel were ineffective for failing to move strike the death penalty for its alleged violation of Petitioner's rights under customary international law.

**Above Claims Are Not Previously Determined Or Waived**

The State asserts that claims asserted by Petitioner which are not based on ineffective assistance of counsel have been waived pursuant to T.C.A. § 40-30-106(g).

**ADDITIONAL DEFENSES ASSERTED BY THE STATE**

The State submits that the Petition fails to show that the claims for relief have not been waived or previously waived pursuant to T.C.A. § 40-30-106(g). Petitioner has failed to allege a factual basis showing why the claims for relief have not been waived or previously determined.

The State would move to dismiss the Petition because "failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." T.C.A. § 40-30-106(d).

RESPECTFULLY SUBMITTED,

RANDALL E. NICHOLS
DISTRICT ATTORNEY GENERAL

BY: ___________________________
LELAND L. PRICE, BPR# 018853
Assistant District Attorney General
Suite 168, City-County Building
P.O. Box 1468
Knoxville, TN 37901
Telephone: (865) 215-2515

CERTIFICATE

I hereby certify that I have delivered a true and exact copy of the above-captioned pleading via fax and first-class mail, postage prepaid, to:

Donald E. Dawson
Catherine Y. Brockenborough
Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243

Attorneys for the Defendant, this the 18 day of August, 2006.

___________________________
LELAND L. PRICE
ASSISTANT DISTRICT ATTORNEY



Case 1:12-cv-00035-HSM-SKL Document 9-3 Filed 08/01/12 Page 41 of 153 PageID #: 4122

MONDAY, AUGUST 21, 2006

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Defendant's Motion for Declaration That She Retains Her Fifth Amendment Right Against Self-Incrimination and to Limit Cross-Examination came on for hearing and taken under advisement. Defendant's Motion Not to House Ms. Pike at the Knox County Penal farm for Women or to Permit officer's Employed by the Knox County Sheriff's Department to Transport Ms. Pike hearing and said Motion is DENIED.

Defendant's Motion for Extension fo Time to Provide the Reports of Her expert Witnesses to the State came on for hearing and said Motion is hereby GRANTED. The defense is given until August 31, 2006.

COURT ADJOURNED UNTIL TUESDAY, AUGUST 22, 2006 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

FILED
MARTHA PHILLIPS, CLERK
2006 AUG 22 AM 11:41
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

DIVISION THREE

CHRISTA GAIL PIKE,
Petitioner,

v.

STATE OF TENNESSEE,
Respondent.

Case No. 68280

**ORDER GRANTING PETITIONER'S MOTION FOR DECLARATION THAT SHE RETAINS HER FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AND TO LIMIT CROSS-EXAMINATION**

On August 21, 2006, the court heard argument related to the petitioner's Fifth Amendment rights at her post-conviction evidentiary hearing. Upon full consideration of the pleadings filed and the arguments of counsel, the court holds as follows:

(1) that, because of the possibility of a retrial of this death penalty case at some later date, the petitioner, Christa Gail Pike, shall be allowed to exercise her Fifth Amendment right against self-incrimination if the state chooses to call her to testify in her post-conviction evidentiary hearing; and

(2) that the petitioner, Christa Gail Pike, shall be allowed to testify in order to present relevant evidence at her post-conviction evidentiary hearing, but that any cross-examination by the state shall be limited to those matters elicited on direct examination. See State v. Cazes, 875 S.W.2d 253 (Tenn. 1994) (cross-examination of capital defendant at penalty phase of trial limited to matters discussed on direct examination).

ENTERED this the 22nd day of August, 2006.

Mary Beth Leibowitz
Criminal Court Judge, Division III

FILED
BY MARTHA PHILLIPS, CLERK
2006 SEP 7 PM 12: 54
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**CHRISTA GAIL PIKE v. STATE OF TENNESSEE**

**Criminal Court for Knox County**
**No. 68280**

---

**No. E2006-00520-CCA-R9-PD**

---

FILED
MAY 11 2006
Clerk of the Courts
Rec'd by

**ORDER**

The petitioner, Christa Gail Pike, through counsel, seeks an interlocutory appeal from the order of the trial court denying the petitioner's motion to recuse the trial court from continuing to preside over the petitioner's post-conviction case. See Rule 9, T.R.A.P. The state opposes the application.

A jury convicted the petitioner of first degree murder and imposed a sentence of death. The judgment was affirmed on appeal. See State v. Pike, 978 S.W.2d 904 (Tenn. 1998), cert. denied, 526 U.S. 1147, 119 S. Ct. 2025 (1999). The petitioner filed for post-conviction relief, later moved to withdraw the petition, then changed her mind and attempted to reinstate her petition. Following an evidentiary hearing, the trial court declined to reinstate the petition and this court affirmed the judgment. On further review, the Tennessee Supreme Court reversed and remanded for reinstatement of the petition. See Pike v. State, 164 S.W.3d 257 (Tenn. 2005). On remand, the petitioner filed a motion seeking recusal of the trial court based on the trial court's initial appointment of Mr. William Talman as the petitioner's lead counsel at a time when Mr. Talman's billing practices relating to his representation of indigent defendants had been under investigation. The trial court heard the motion in a February 27, 2006 evidentiary hearing.

Briefly summarized, the evidence showed that in early 1994, the State Comptroller was informed by the Administrative Office of the Courts of possible over billing by several private attorneys, including Mr. Talman, who were paid by the state to represent indigent criminal defendants in appointed cases from 1990 - 1993. In April 1995, Mr. Talman reimbursed the state the entire amount of the challenged fees. On May 23, 1995, the trial court appointed Mr. Talman as lead counsel to the petitioner in her prosecution for capital murder. At the hearing, the petitioner asserted that by appointing Mr. Talman, the trial court denied the petitioner her fundamental right to conflict-free counsel. The petitioner argued that the "very core nature" of the attorney/client relationship, particularly in a "high profile" capital murder case, and the court's appointment of an attorney with a known, "serious conflict," made the appointment of counsel a decision fundamentally different than the other decisions that a post-conviction court is routinely called upon to make. The petitioner concluded that the interest of the court in protecting its decision disqualified the trial court from presiding further over the petitioner's case.

Following arguments, the trial court issued a bench ruling denying the motion for recusal. The trial court found that its appointment of Mr. Talman presented no valid reason to recuse itself from the petitioner's post-conviction case. On February 28, 2006, the trial court granted the petitioner's application for permission to appeal pursuant to Rule 9, T.R.A.P., citing the need to prevent needless, expensive and protracted litigation in the event its decision not to recuse itself was erroneous. As reflected in the hearing transcript, the court expressly granted the application "on the basis of judicial economy not irreparable harm," noting that the issue was reviewable on direct appeal. See Rule 9(a)(1), (2).

Upon due consideration of the pleadings and record before us, we conclude that no issue is presented which requires our immediate review. As the trial court recognized, the petitioner suffers no irreparable harm as a result of our denial of interlocutory review. The challenged order is reviewable upon entry of a final judgment and a denial of this application in no way prejudices the petitioner's right to pursue an appeal under Rule 3(b), T.R.A.P. Moreover, we conclude that the probability of reversal of the challenged ruling is low. See Rule 9(a)(2), T.R.A.P. A motion to recuse is addressed to the sound discretion of the trial court and will not be reversed absent clear abuse appearing on the face of the record. State v. Conway, 77 S.W.3d 213, 224 (Tenn. Crim. App. May 8, 2001) (citing Owens v. State, 13 S.W.3d 742, 757 (Tenn. Crim. App. 1999) (citations omitted)). In our view, it is most unlikely that interlocutory review in this case would result in a net reduction in the duration and expense of the litigation. See Rule 9(a)(2), T.R.A.P.

Based on the foregoing, it is ORDERED that the application for interlocutory appeal is hereby DENIED. It appearing that the petitioner is indigent, costs on appeal are taxed to the state.

The clerk shall send a copy of this order to the Honorable Mary Beth Leibowitz, Criminal Court for Knox County, in addition to the parties.

Norma McGee Ogle

NORMA MCGEE OGLE, JUDGE

Gary R. Wade

GARY R. WADE, PRESIDING JUDGE

Joseph M. Tipton

JOSEPH M. TIPTON, JUDGE

I, Michael W. Catalano, Clerk, hereby certify that this is a true and exact copy of the original Order filed in the cause.
This 1 day of Sept, 2006
CLERK OF COURT
By: J. Newsome D.C.

Supreme Court - E[illegible]rn Division
P. O. Box 444
505 Main Street, Suite 200
Knoxville, TN 37901-0444
(865)594-6700

004098

Knox County Criminal Court Clerk
City-County Building
400 Main Street
Knoxville, TN 37902

**Date Printed:** 09/01/2006
**Notice Date:** 09/01/2006
**Case Style:** Christa Gail Pike vs. State of Tennessee
**Case Number:** E2006-00520-SC-S09-PD
**Action:** Issuance Date: 09/01/2006 MANDATE: Court of Criminal Appeals Mandate Issued - Death Penalty - Dispositive Order Only ::
**Trial Court:** Knox County Criminal Court **Trial Court Number:** 68280

This Office has issued the mandate in the above-styled appeal. The mandate consists of certified copies of the judgment, any order as to costs, and a copy of the opinion. This Office has transmitted the mandate in its entirety to the trial court clerk. This action signifies the end of the case. The Appellate Court Clerk's office will not accept any filing after issuance of mandate except those requesting recall of the mandate, those related to withdrawing the record or portions thereof and those related to the assessment of costs.

JMN

C: TENNESSEE DEPARTMENT OF CORRECTION

# MANDATE

## STATE OF TENNESSEE

68280

***To the Honorable Judge of the Knox County Criminal Court***

*Whereas, in our* ***Court of Criminal Appeals, Eastern Division*** *at* ***Knoxville,*** *it was adjudged and ordered in the cause of* ***Christa Gail Pike*** *vs.* ***State of Tennessee*** *appealed to our said Court that the same be remanded thereto for further proceedings and final determination therein.*

*These are, therefore, to require you, the* ***Knox County Criminal Court*** *as aforesaid, that you proceed with the execution of this Judgment of our said* ***Court of Criminal Appeals*** *by such further proceedings in your Court as shall effectuate the objects of this order to remand, and attain the ends of justice.*

***Witness,*** *Michael W. Catalano,* ***Clerk of said Court at office in Nashville.***

***Michael W. Catalano, Clerk***

***By*** Joanne Newsome***, Deputy Clerk***

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

FILED
BY MARTHA PHILLIPS, CLERK
2006 DEC -7 AM 11: 18
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## PETITIONER'S FOURTH MOTION TO DISQUALIFY THE OFFICE OF THE KNOX COUNTY DISTRICT ATTORNEY GENERAL

Petitioner, Christa Pike, by counsel and for the reasons set forth below, is compelled to file her fourth motion to disqualify the Office of the Knox County District Attorney General from any further involvement in this matter. The history of conflicts of interest in Ms. Pike's case has undermined the fairness of her trial and post-conviction proceedings and denied her rights guaranteed by Article I, §§ 8, 9, 16, and 17 and Article XI, § 8 of the Tennessee Constitution, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Ms. Pike's trial and now her post-conviction proceedings have been rife with conflicts of interest. Her post-conviction petition outlines the conflicts under which her trial and direct appeal counsel labored, including the conflict created by lead counsel's having been under investigation for over billing the indigent defense system, by lead and co-counsel's willingness to profit from stories concerning Ms. Pike and her criminal case, and by lead counsel's decision not to present significant mitigation evidence that he had intended to introduce through the testimony of the mitigation specialist who worked on the case. Lead counsel's conflict was

exacerbated by the court's complicity in appointing counsel knowing that the conflict existed. (*See* Petitioner's Motion To Recuse This Honorable Court From Serving as Judge and Fact-Finder in This Case, filed on or about January 27, 2006.) The post-conviction proceeding has been contaminated by various conflicts related to the Knox County District Attorney's Office. While many of the previously alleged conflicts have been abandoned or resolved,[1] there remains the problem set out in detail in Petitioner's Renewed Motion To Disqualify The Office Of The Knox County District Attorney General filed on or about January 27, 2006.

In October 2006, counsel for Ms. Pike learned of yet a new conflict regarding the Office of the Knox County District Attorney General; i.e., that the a member of the Post-Conviction Defender Commission had begun employment as an assistant district attorney general with that office. In Ms. Pike's case, this is an actual conflict of interest rather than simply an appearance of impropriety.

**FACTUAL BASIS OF MOTION**

1. In 1995, the Tennessee legislature created the Post-Conviction Defender Commission and the Office of the Post-Conviction Defender. *See* Tenn. Code Ann. § 40-30-201, *et seq*. The statutory duties of the nine person commission[2] are to appoint a qualified attorney to the office of post-conviction defender, prepare an annual budget for the office of the post-

[1] One issue involved the need to call Mr. Crabtree and Ms. Helm as witnesses regarding the in chambers conference at the close of the guilt/innocence phase of Ms. Pike's trial with regard to any representations made by Mr. Talman concerning the 3 volumes of materials on mitigation prepared by Dr. Diana McCoy. This issue was resolved by the stipulation of the parties that if they were called to testify, they would state that they do not remember the details of Mr. Talman's statements at that in chambers conference.

[2] The commission is composed of the following nine (9) members: (1) Two (2) members appointed by the governor; (2) Two (2) members appointed by the lieutenant governor; (3) Two (2) members appointed by the speaker of the house of representatives; and (4) Three (3) members appointed by the supreme court of Tennessee. Tenn. Code Ann. § 40-30-203.

conviction defender, administer the funds made available to the office, and oversee the expenditure of the funds. Tenn. Code Ann. § 40-30-204.

2. Kenneth F. Irvine, Jr., was appointed as a member of the Post-Conviction Defender Commission by the Supreme Court of Tennessee on June 28, 2000, to fill a vacancy created by the resignation of Ann Short. He was reappointed by the Court to a full term beginning July 7, 2003 and ending July 6, 2007.

3. When he was appointed to the commission, Mr. Irvine was a criminal defense attorney in private practice in Knoxville, Tennessee. Subsequently he was employed as an Assistant Public Defender for the 6th Judicial District (Knoxville) until he resigned that position in the early part of 2006 to run for the judgeship in Division 2 of the Criminal Court in Knoxville. His run was unsuccessful.

4. On or about September of 2006, Mr. Irvine was hired as an Assistant District Attorney General in the 6th Judicial District.

5. While Mr. Irvine did not resign from the Post-Conviction Defender Commission when he first joined the District Attorney General's office, upon information and belief, he did submit a letter of resignation in late October 2006.

6. The Office of the Post-Conviction Defender has represented Ms. Pike during the entirety of Mr. Irvine's membership on the commission. Due to the extraordinary issues that developed in Ms. Pike's case, in his capacity as a commission member, Mr. Irvine was exposed to various secrets of the client and to attorney work product of the Office of the Post-Conviction Defender as it related to Ms. Pike's case.

From the above it is clear that Mr. Irvine has an actual conflict of interest regarding representing a position adverse to Ms. Pike and under Tenn. Sup. Ct. R. 8, RPC 1.7, he would be

personally disqualified from representing the State of Tennessee in the instant matter. The question now before the Court is whether, pursuant to RPC 1.10, due to his status as an Assistant District Attorney General in the office representing the State in Ms. Pike's post-conviction litigation, Mr. Irvine's disqualification is imputed to the Office of the Knox County District Attorney General. To avoid imputed disqualification the Office of the Knox County District Attorney General must show that both Mr. Irvine and all other members of the staff of the District Attorney General who are related in any way to Ms. Pike's case have acted reasonably to:

> (1) identify that the personally disqualified lawyer is prohibited from participating in the representation of the [State]; and
>
> (2) determine that no lawyer representing the [State] has acquired any information from the personally disqualified lawyer that is material to the current matter and is protected by Rule 1.9(c); and
>
> (3) promptly implement screening procedures to effectively prevent the flow of information about the matter between the personally disqualified lawyer and the other lawyers in the [Office of the District Attorney General]; and
>
> (4) advise the former client in writing of the circumstances that warranted the implementation of the screening procedures required by this Rule and of the actions that have been taken to comply with this Rule.[3]

RPC 1.10(c). Those members are the staff of the District Attorney General who are related to Ms. Pike's case include, but are not limited to: District Attorney General Nichols, Assistant District Attorneys General William Crabtree, Jo Helm, Jeff Blevins and Leland Price

In evaluating whether the disqualification of Mr. Irvine is imputed to the entire office, this Court must consider that over two months has passed since Mr. Irvine joined the Office of the District Attorney General, that Mr. Irvine's office is located in close physical proximity to

[3] Clearly this requirement would be complied with in the instant case by either presenting this advice to Ms. Pike through the Court or through counsel for Ms. Pike.

that of Leland Price, lead counsel for the State, and, to date, Ms. Pike has not been notified either of the existence of Mr. Irvine's disqualification nor that any of the requirements of RPC 1.10(c) have been met. Under these circumstances the Court has no choice but to disqualify the office of the Knox County District Attorney General.

## LEGAL ARGUMENT

The leading Tennessee case on the issue of when to disqualify a district attorney general is *State v. Tate*, 925 S.W.2d 548 (Tenn.1995). In *Tate*, a defendant indicted for several crimes, including murder, moved the trial court to disqualify the district attorney's office. The trial court denied the request and the defendant appealed. The Court of Criminal Appeals reversed the lower court's decision, finding both that the district attorney general had an actual conflict of interest and the existence of the appearance of impropriety. The court also found that the circumstances of the case further necessitated disqualification of the whole office.

*Tate* soundly places the decision to disqualify a district attorney and, if necessary, the entire district attorney's office, within the discretion of the trial court. *Tate*, 925 S.W.2d at 549. *Tate* also articulated the considerations a trial court is to weigh when determining whether a district attorney general should be disqualified. Two years after the *Tate* decision, the Court of Criminal Appeals relied on these standards when it found that the trial court had erred in failing to disqualify the district attorney's office from prosecution. *State v. Mason*, 1997 WL 311900 (Tenn.Crim.App.)(copy attached). The *Mason* court discussed the *Tate* factors:

> In evaluating whether disqualification is necessary, three considerations are relevant. First, we must consider whether the circumstances establish an actual conflict of interest; if so, there must be disqualification. If no actual conflict is discovered, we must determine whether there is an appearance of impropriety warranting disqualification. Finally, if disqualification is required **under either theory**, we must consider whether the entire staff of the district attorney's office

must be disqualified.

*Mason*, at 6 (citations omitted)(emphasis added).

The Tennessee Supreme Court confirmed its earlier *Tate* holding in *State v. Culbreath*, 30 S.W.3d 309 (Tenn.2000). The Court directed:

> In determining whether to disqualify a prosecutor in a criminal case, the trial court must determine whether there is an actual conflict of interest which includes any circumstances in which an attorney cannot exercise his or her independent judgment free of "compromising interests and loyalties." *See* Tenn. R. Sup.Ct. 8, EC 5-1. If there is no actual conflict of interest, the court must nonetheless consider whether conduct has created an appearance of impropriety. See Tenn. R. Sup.Ct. 8, EC 9-1, 9-6.
>
> If disqualification is required under either theory, the trial court must also determine whether the conflict of interest or appearance of impropriety requires disqualification of the entire DA's Office. *See State v. Tate.*

*Culbreath*, 30 S.W.3d at 312-313. Even if a court determines that no actual conflict of interest exists, it must then also determine if an appearance of impropriety exists. *Clinard v. Blackwood*, 46 S.W.3d 177, 187 (Tenn. 2001). "The 'appearance of impropriety' is therefore an independent ground upon which disqualification may be based." *Id.*

Accordingly, this Court must determine whether there is an actual conflict of interest or whether an appearance of impropriety exists in the instant case. As stated above, as a result of his having gained knowledge involving Ms. Pike's secrets and insight into the work product of Ms. Pike's counsel from his involvement as a member of the Post-Conviction Defender Commission, it is clear that Mr. Irvine is disqualified from representing the State in this case. However, even if this Court does not find this to constitute an actual conflict, there is an appearance of impropriety. As referenced at the beginning of this motion, the fairness of Ms. Pike's trial, direct appeal and now post-conviction has been riddled by various conflicts that can be imputed to trial defense counsel, the Court and the District Attorney General. The present

conflict is but another in a now long series of conflicts which undermine the fairness of Ms. Pike's conviction and sentence to death and raise serious doubts about the reliability of the outcome of her case.

This is a death penalty case. For that reason alone, this case merits close scrutiny of whether agents of the State of Tennessee are free from the taint of a conflict of interest or whether their actions have the appearance of impropriety that undermines the integrity of the legal profession and public confidence in the fairness of the death penalty itself. *State v. Terry*, 813 S.W.2d 420, 425 (Tenn. 1991)("Now it is settled law that 'the penalty of death is qualitatively different' from any other sentence, *Woodson v. North Carolina*, 428 U.S. 280, 305, 96 S.Ct. 2978, 2291 [49 L.Ed.2d 944] (1976) (plurality opinion), and that '*this qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed*,' *Lockett v. Ohio*, 438 U.S. [586] at 604, 98 S.Ct. [2954] at 2964 [57 L.Ed.2d 973] [ (1978) ] (plurality opinion). *Clemons v. Mississippi*, [], 494 U.S. [738] at [772-73], 110 S.Ct. [1441]at 1461, [108 L.Ed.2d 725 1990)] (concurring and dissenting opinion) (emphasis added).")

This ethical duty of prosecutors for the sovereign is even greater where the ultimate punishment is sought:

> The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.

*Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, 1321 (1935)(cited with approval in *Judge v. State*, 539 S.W.2d 340, 344-345 (Tenn. Crim. App.1976)). Moreover, the public has an interest both in having confidence in its prosecutor's actions and the criminal justice system in general. *See State v. Tate*, 925 S.W.2d at 555.

> Public respect for law derives in large measure from the image that the administration of justice presents. It is not enough that justice be done; there must also be the appearance of justice. The law is a great teacher not only in its substantive principles but also in the example it sets of dispassionate and rational methods for the resolution of conflicts.

*See* Commentary to Professionalism and the Dignity of Judicial Proceedings, ABA Standards for Criminal Justice, Prosecution Function Standard 3-5.2.

The Tennessee Supreme Court outlined the process for determining if an appearance of impropriety exists and, if it warrants removal from the case:

> [A]n appearance of impropriety exists "in those situations in which an ordinary knowledgeable citizen acquainted with the facts would conclude that the . . . representation poses substantial risk of disservice to either the public interest or the interest of one of the clients."

*Clinard v. Blackwood*, 46 S.W.3d at 187 (quoting N.J. Rules of Prof. Conduct 1.7(c)(2)). The *Clinard* holding specifically survived the revision of Tennessee Supreme Court Rules, Rule 8, Rules of Professional Conduct (effective March 1, 2003). The current Rules state, in pertinent part:

> Although the holding of *Clinard* was grounded in the prior standard from the Code of Professional Responsibility guarding against the "appearance of impropriety," *see* Canon 9, EC 9-6, the Court also noted that its holding was necessary to further lawyer-client communications and to avoid the impression that the judiciary favors considerations of lawyer mobility over those of client confidentiality. Consequently, the *Clinard* rule continues under the present Rules.

Comments [9], RPC 1.10.

One commentator has described the duties inherent in the office of a prosecuting attorney and the relationship between those duties and improper conduct:

> To ensure and maintain public confidence in the integrity of the government, public officials, including prosecutors, must act impartially and responsibly. Government officials must be held to high ethical standards to make certain their activities are conducted in the public's interests. Furthermore, 'governments have a responsibility to the public to avoid even the appearance of impropriety and to act to reduce the opportunities and incentives for unethical behavior by their

> officials and employees.' This is true of the prosecuting attorney because 'an appearance of impropriety on the part of a government attorney will inevitably harm not only the individual attorney, but also the entire system of government that allows such improprieties to take place.'

Flowers, *What You See is What You Get: Applying the Appearance of Impropriety Standard to Prosecutors*, 63 Mo. L.Rev. 60, 68 (1998) (citations omitted), quoted in *Culbreath*, *supra*, at 316.

Serious questions exist as to the constitutional integrity of the proceedings leading to Christa Pike's convictions and death sentence. Consequently, the reliability of those convictions and the sentence of death are in grave doubt. The post-conviction process is designed to ferret out constitutional error to insure that a person sentenced to the ultimate punishment has been afforded every constitutional right necessary to ensure a fair trial and a reliable and non-arbitrary result. Accordingly, the post-conviction proceedings themselves must comport with due process and their integrity must pass ethical scrutiny.

WHEREFORE, Petitioner Christa Pike respectfully requests this Court conduct an evidentiary hearing on this motion and enter an order disqualifying Knox County District Attorney General Randall E. Nichols and his entire office from further participation in this case.

Further, Ms. Pike requests that a hearing be set on this motion as soon as possible in order to maintain the present date for the evidentiary hearing in this matter which is currently set to begin on January 29, 2007.

Respectfully submitted,

Donald E. Dawson, BPR # 10723
Post-Conviction Defender

Catherine Y. Brockenborough, BPR #18340
Assistant Post-Conviction Defender

Office of the Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615)741-9331/ FAX, (615)741-9340

Counsel for Petitioner Christa G. Pike

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy of the foregoing MOTION was sent to Assistant District Attorney General Leland Price via facsimile transmission to 865.215.4253 and via first-class U.S. Mail, postage prepaid, to Office of the District Attorney General, City-County Building, 400 Main Avenue, Knoxville, TN 37902, on this the 6th day of December, 2006.

Catherine Y. Brockenborough

THURSDAY, JANUARY 4, 2007

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Came the Attorney General for the State, also defendant in proper person, having counsel present and the Petitioner's Fourth Motion to Disqualify the Office of the Knox County District Attorney General came on for hearing. Having heard the proof in this cause and having heard arguments of counsel, said Motion is hereby taken under advisement.

The trial date of January 29, 2007 is hereby confirmed.

COURT ADJOURNED UNTIL FRIDAY, JANUARY 5, 2007 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:04
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Peggy Hamlett, with the Department of Juvenile Justice and Delinquency Prevention, 110 E. King Street, Hillsborough, County of Orange, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Peggy Hamlett will be required on January 29, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Peggy Hamlett, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of

Tennessee and of any other state through which the witness may be required to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Orange, State of North Carolina, where said Peggy Hamlett now is, upon proceedings to compel said Peggy Hamlett to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:04
CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Kerry Sherill, with Carrboro Elementary School, 400 Shelton Street, Carrboro, County of Orange, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Kerry Sherill will be required on January 29, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Kerry Sherill, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of

Tennessee and of any other state through which the witness may be required to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Orange, State of North Carolina, where said Kerry Sherill now is, upon proceedings to compel said Kerry Sherill to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BERTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:04
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

## CERTIFICATE OF MATERIALITY

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Onas Perry, now being at 5 Whitson Road, Asheville, County of Buncombe, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Onas Perry will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Onas Perry, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Buncombe, State of North Carolina, where said Onas Perry now is, upon proceedings to compel said Onas Perry to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5d day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:04
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Carol Goehring, now being at 682 Cameron Drive, Creedmoor, County of Granville, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Carol Goehring will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Carol Goehring, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Granville, State of North Carolina, where said Carol Goehring now is, upon proceedings to compel said Carol Goehring to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 8th day of January, 2007.

Mary Beth Leibowitz

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:00
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Shelton Freeman, of 120 Frazier Road, Lot 15, Mebane, County of Alamance, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Shelton Freeman will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Shelton Freeman, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Alamance, State of North Carolina, where said Shelton Freeman now is, upon proceedings to compel said Shelton Freeman to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

Mary Beth Leibowitz

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:01
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Orlando Powell, of 2706 Shaftsbury Street, Durham, County of Durham, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Orlando Powell will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Orlando Powell, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Durham, State of North Carolina, where said Orlando Powell now is, upon proceedings to compel said Orlando Powell to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:01
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Marshall Muse, now being at 568 Caribou Road, Asheville, County of Buncombe, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Marshall Muse will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Marshall Muse, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Buncombe, State of North Carolina, where said Marshall Muse now is, upon proceedings to compel said Marshall Muse to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

Mary Beth Leibowitz

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
<br>PHILLIPS, CLERK
<br>2007 JAN -5 PM 1:02
<br>KNOX COUNTY CRIMINAL COURT
<br>KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Matthew Martin, now being at 3 Briarcliff Drive, Asheville, County of Buncombe, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Matthew Martin will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Matthew Martin, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Buncombe, State of North Carolina, where said Matthew Martin now is, upon proceedings to compel said Matthew Martin to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:02
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Kim Rhodes, of 2861 Old Charlotte Highway, Monroe, County of Union, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Kim Rhodes will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Kim Rhodes, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Union, State of North Carolina, where said Kim Rhodes now is, upon proceedings to compel said Kim Rhodes to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

[signature]
HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

[signature]
Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:02
CRIMINAL COURT KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| **CHRISTA PIKE,** **Petitioner,** | ) ) | **Certificate of Judge Adjudicating Named Person to be Material Witness** |
| **v.** | ) ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** **Respondent.** | ) ) ) ) | **DEATH PENALTY** **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Glenda Blackwood, of 405 Homestead Road, Chapel Hill, County of Orange, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Glenda Blackwood will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Glenda Blackwood, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Orange, State of North Carolina, where said Glenda Blackwood now is, upon proceedings to compel said Glenda Blackwood to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:02
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Glenn Pike, of 214 Mont Phillips Road, Shady Springs, County of Raleigh, State of West Virginia, is a necessary and material witness for Petitioner;

4. That the presence of Glenn Pike will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Glenn Pike, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Raleigh, State of West Virginia, where said Glenn Pike now is, upon proceedings to compel said Glenn Pike to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

FILED
[illegible] PHILLIPS, CLERK
2007 JAN -5 PM 1:02
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

## CERTIFICATE OF MATERIALITY

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Kenny Andrews, of 2501 Pearson Road, Hurdle Mills, County of Person, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Kenny Andrews will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Kenny Andrews, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required

to pass, gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Person, State of North Carolina, where said Kenny Andrews now is, upon proceedings to compel said Kenny Andrews to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

Mary Beth Leibowitz

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 AM 8: 19
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN
PT

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| **v.** | ) | |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**<u>Petitioner's Motion to Secure the Attendance of Out-Of-State Witnesses</u>**

Comes now Petitioner, Christa Pike, by undersigned counsel, pursuant to T.C.A. § 40-17-201 *et seq*., Article I, §§ 8, 9, 16, and 17, Article XI, § 8 of the Tennessee Constitution, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and her rights to a full and fair hearing and due process, and respectfully this Honorable Court to issue Certificates of Materiality to compel the production of witnesses on her behalf. Ms. Pike presents the following as grounds for this motion:

1. There is now pending before the Court Ms. Pike's *pro se* and amended petitions for post-conviction relief from her conviction for first degree murder, and from her sentence of death.

2. This cause is scheduled for an evidentiary hearing to begin on the 29th day of January, 2007.

3. The following are all necessary and material witnesses for Ms. Pike and their presence is required for purposes of giving testimony on her behalf during the evidentiary hearing:

Kristina Hargiss
106 Swannanoa Avenue
Black Mountain, NC 28711
Buncombe County

Debbie Howell
30 Maple Ridge Lane
Asheville, NC 28806
Buncombe County

Hon. Matthew Martin
3 Briarcliff Drive
Asheville, NC 28803
Buncombe County

Marshall Muse
568 Caribou Road
Asheville, NC 28806
Buncombe County

Onas Perry
5 Whitson Road
Asheville, NC 28805
Buncombe County

Andrew Drace
708 Packard Avenue
Kannapolis, NC 28083
Cabarrus County

Brandie Parker
2604 Dovetail Drive
Durham, NC 27704
Durham County

Orlando Powell
2706 Shaftsbury Street
Durham, NC 27704
Durham County

Carol Goehring
682 Cameron Drive
Creedmoor, NC 27522
Granville County

Glenda Blackwood
405 Hempstead Road
Chapel Hill, NC 27516
Orange County

Faye Johnson Guy
400 Davie Road, Apt. 14
Carrboro, NC 27510
Orange County

Peggy Hamlett
Dept. of Juv. Justice & Delinq. Prevention
110 E. King Street
Hillsborough, NC 27278
Orange County

Kerry Sherill
Carrboro Elementary School
400 Shelton Street
Carrboro, NC 27510
Orange County

Kim Rhodes
2861 Old Charlotte Highway
Monroe, NC 28110
Union County

Carissa and Gerard Hansen
3016 55th Street
Lubbock, TX 79413
Lubbock Texas

Glenn Pike
214 Mont Phillips Road
Shady Springs, WV 25918
Raleigh County

Carrie Ross
647 Market Road
Beckley, WV 25801
Raleigh County

Shelton Freeman
120 Frazier Road, Lot 15
Mebane, NC 27302
Alamance County

Alicia Wills
707 Vega Lane
Lubbock, TX 79403
Lubbock County

Kenny Andrews
2501 Pearson Road
Hurdle Mills, NC 27541
Person County

4. It is appropriate for this Court to request the courts of record with proper jurisdiction over the above-referenced witnesses to take such necessary action to compel their attendance at the hearing scheduled to begin on January 29, 2007, wherein their testimony is required on behalf of Petitioner Christa Pike.

5. Ms. Pike moves that this Court issue and Order that if said individuals come into the State of Tennessee in obedience to summonses directing them to attend and testify at said hearing, the laws of the State of Tennessee and of any other state through which the witnesses may travel give them protection from arrest or the service of process, civil or criminal, in connection with matters which arose before their entrances into said state pursuant to said summonses.

6. Ms. Pike moves that this Court certify to the courts of record with jurisdiction over the above-named individuals that the State of Tennessee has adopted and currently has in effect the Uniform Law to Secure the Attendance of Witness from Within or Without a State in Criminal Proceedings, Tenn. Code. Ann. §40-17-201, *et seq*.

7. Ms. Pike further moves this Court to issue orders requiring that Knox County tender checks, to be reimbursed by the State of Tennessee, in the following amounts:

* On behalf of Kristina Hargiss, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Black Mountain,

North Carolina in Buncombe County, said round-trip mileage being two hundred and sixty (260) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for two (2) days, for a total cost of two hundred thirty-six dollars and twenty cents ($236.20).

* On behalf of Debbie Howell, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Asheville, North Carolina in Buncombe County, said roundtrip mileage being two-hundred and twenty-six (226) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for two (2) days, for a total cost of two hundred twenty-one dollars and ninety-two cents ($221.92).

* On behalf of Matthew Martin, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Asheville, North Carolina in Buncombe County, said roundtrip mileage being two-hundred and twenty-six (226) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for two (2) days, for a total cost of two hundred twenty-one dollars and ninety-two cents ($221.92).

* On behalf of Marshall Muse, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Asheville, North Carolina in Buncombe County, said roundtrip mileage being two-hundred and twenty-six (226) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for two (2) days, for a total cost of two hundred twenty-one dollars and ninety-two cents ($221.92).

* On behalf of Onas Perry, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Asheville, North Carolina in Buncombe County, said roundtrip mileage being two-hundred and twenty-six (226) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for two (2) days, for a total cost of two hundred twenty-one dollars and ninety-two cents ($221.92).

* On behalf of Andrew Drace, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Kannapolis, North Carolina in Cabarrus County, said roundtrip mileage being five-hundred and thirty-two (532) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four hundred forty-six dollars and forty-four cents ($446.44).

* On behalf of Brandie Parker, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Durham, North Carolina in Durham County, said roundtrip mileage being six-hundred and eighty-three (683) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for

meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred nine dollars and eighty-six cents ($509.86).

* On behalf of Orlando Powell, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Durham, North Carolina in Durham County, said roundtrip mileage being six-hundred and eighty-three (683) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred nine dollars and eighty-six cents ($509.86).

* On behalf of Carol Goehring, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Creedmoor, North Carolina in Granville County, said roundtrip mileage being six hundred and ninety-two (692) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred thirteen dollars and sixty-four cents ($513.64).

* On behalf of Glenda Blackwood, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Chapel Hill, North Carolina in Orange County, said round-trip mileage being six hundred and sixty-six (666) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred two dollars and seventy-two cents ($502.72).

* On behalf of Faye Johnson Guy, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Carrboro, North Carolina in Orange County, said round-trip mileage being six hundred and seventy (670) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred eight dollars and forty cents ($508.40).

* On behalf of Peggy Hamlett, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Hillsborough, North Carolina in Orange County, said round-trip mileage being six hundred and fifty-two (652) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four hundred ninety-six dollars and eighty-four cents ($496.84).

* On behalf of Kerry Sherill, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Carrboro, North Carolina in Orange County, said round-trip mileage being six hundred and seventy (670) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a per diem for

meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of five hundred eight dollars and forty cents ($508.40).

* On behalf of Kim Rhodes, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Monroe, North Carolina in Union County, said roundtrip mileage being five-hundred and forty-one (541) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four hundred sixty dollars and twenty-two cents ($460.22).

* On behalf of Carissa and Gerard Hansen, a lodging allowance of sixty-five ($65.00) per person per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per person per day for four (4), for a cost of three hundred and nineteen dollars ($319.00) per person and total cost of six-hundred thirty-eight dollars ($638.00).

* On behalf of Glenn Pike, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Shady Springs, West Virginia in Raleigh County, said roundtrip mileage being five-hundred (500) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four hundred thirty-three dollars ($433.00).

* On behalf of Carrie Ross, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Beckley, West Virginia in Raleigh County, said roundtrip mileage being five-hundred and fourteen (514) miles, plus a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four-hundred thirty-eight dollars and eighty-eight cents ($438.88).

* On behalf of Shelton Freeman, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Mebane, North Carolina in Alamance County, said round-trip mileage being six hundred and thirty-six (636) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3) days, for a total cost of four hundred ninety dollars and twelve cents ($490.12).

* On behalf of Alicia Wills, a lodging allowance of sixty-five ($65.00) per night and a per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for three (3), for a total cost of two-hundred twenty-three dollars ($223.00).

* On behalf of Kenny Andrews, the sum of forty-two cents ($0.42) per mile for each mile traveled to and returning from this Court in Knoxville, Tennessee, from Hurdle Mills, North Carolina in Orange County, said round-trip mileage being six hundred and sixty-six (666) miles, plus a lodging allowance of sixty-five dollars ($65.00) per night and a

per diem for meals and incidentals at a rate of thirty-one dollars ($31.00) per day for (3) three days, for a total cost of five hundred two dollars and seventy-two cents ($502.72).

* On behalf of the Office of the Post-Conviction Defender, 530 Church Street, Suite 600, Nashville, Tennessee, 37243, in the sum of one thousand and eighty-six dollars ($1,086.00) for reimbursement of payment for three (3) round-trip airfares between Lubbock, Texas and Knoxville, Tennessee, for the transportation of witnesses Carissa and Gerard Hansen and Alicia Mills.

11. Ms. Pike has previously been declared indigent by this Court and is unable to pay the witness fees required to effect process.

WHEREFORE, Petitioner Christa Pike requests the Court certify to the above and foregoing by the issuance of Certificates thereto for the purposes of being presented to a judge of a court of record in the home counties of the individual witnesses in proceedings to compel their attendance as witnesses at the above-referenced hearing for the time and date set forth and pursuant to governing laws. Petitioner further requests that the Court order advance witness fees be paid by the State of Tennessee pursuant to Rule 17(b), Tennessee Rules of Criminal Procedure.

Respectfully submitted,

Donald E. Dawson, BPR #010723
Post-Conviction Defender

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender

Office of the Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9331
(615) 741-9430, *fax*

Counsel for Petitioner Christa Pike

**Certificate Of Service**

I certify that a copy of the foregoing MOTION has been sent via U.S. Mail, first class postage pre-paid, to Leland Price, Office of the Attorney City/County Building, 400 W. Main Street, Knoxville, Tennessee 37902, on this the 3th day of January, 2007.

Catherine Y. Brockenborough

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:02
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Carrie Ross, of 647 Market Road, Beckley, County of Raleigh, State of West Virginia, is a necessary and material witness for Petitioner;

4. That the presence of Carrie Ross will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Carrie Ross, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Raleigh, State of West Virginia, where said Carrie Ross now is, upon proceedings to compel said Carrie Ross to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Alicia Wills of 707 Vega Lane, Lubbock, County of Lubbock, State of Texas, is a necessary and material witness for Petitioner;

4. That the presence of Alicia Wills will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Alicia Wills, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Lubbock, State of Texas, where said Alicia Wills now is, upon proceedings to compel said Alicia Wills to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

Mary Beth Leibowitz

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Andrew Drace, of 708 Packard Avenue, Kannapolis, County of Cabarrus, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Andrew Drace will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Andrew Drace, as such witness, comes into the State of Tennessee in obedience to a summons directing him to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives him protection from arrest or the service of process upon him, civil or criminal, in connection with matters which arose before him entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Cabarrus, State of North Carolina, where said Andrew Drace now is, upon proceedings to compel said Andrew Drace to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Brandie Parker, of 2604 Dovetail Drive, Durham, County of Durham, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Brandie Parker will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Brandie Parker, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Durham, State of North Carolina, where said Brandie Parker now is, upon proceedings to compel said Brandie Parker to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq*., this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Carissa and Gerard Hansen of 3016 55th Street, Lubbock, County of Lubbock, State of Texas, is a necessary and material witness for Petitioner;

4. That the presence of Carissa and Gerard Hansen will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Carissa and Gerard Hansen, as such witnesses, come into the State of Tennessee in obedience to a summons directing them to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be

required to pass, gives them protection from arrest or the service of process upon them, civil or criminal, in connection with matters which arose before their entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Lubbock, State of Texas, where said Carissa and Gerard Hansen now are, upon proceedings to compel said Carissa and Gerard Hansen to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

## CERTIFICATE OF MATERIALITY

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Kristina Hargiss, now being at 106 Swannanoa Avenue, Black Mountain, County of Buncombe, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Kristina Hargiss will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Kristina Hargiss, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of

the State of Tennessee and of any other state through which the witness may be required to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Buncombe, State of North Carolina, where said Kristina Hargiss now is, upon proceedings to compel said Kristina Hargiss to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5d day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** **Petitioner,** | ) | **Certificate of Judge Adjudicating Named Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** **Respondent.** | ) | |
| | ) | **DEATH PENALTY** **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Debbie Howell, now being at 30 Maple Ridge Lane, Asheville, County of Buncombe, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Debbie Howell will be required on January 30, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Debbie Howell, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of the State of Tennessee and of any other state through which the witness may be required to pass,

gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Buncombe, State of North Carolina, where said Debbie Howell now is, upon proceedings to compel said Debbie Howell to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN -5 PM 1:04
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | **Certificate of Judge Adjudicating Named** |
| **Petitioner,** | ) | **Person to be Material Witness** |
| **v.** | ) | |
| | ) | **CASE NO. 68280** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **Post-Conviction** |

**CERTIFICATE OF MATERIALITY**

Pursuant to Tenn. Code Ann. §40-17-201, *et seq.*, this Court does hereby certify the following:

1. That there is now pending in this Court the above-captioned action for post-conviction relief, wherein Petitioner Christa Pike stands convicted of first degree murder and has been sentenced to death;

2. That the hearing in Petitioner's cause has been set by the Court to be held before said Court beginning on the 29th of January, 2007, at the City-County Building, Knoxville, Tennessee, commencing at 9:00 A.M.;

3. That Faye Johnson Guy, now being at 400 Davie Road, Apt. 14, Carrboro, County of Orange, State of North Carolina, is a necessary and material witness for Petitioner;

4. That the presence of Faye Johnson Guy will be required on January 29, 2007, (or another date during that week to be confirmed with the witness) for the purpose of giving testimony on Petitioner's behalf;

5. That if said Faye Johnson Guy, as such witness, comes into the State of Tennessee in obedience to a summons directing her to testify at said hearing, the laws of

the State of Tennessee and of any other state through which the witness may be required to pass, gives her protection from arrest or the service of process upon her, civil or criminal, in connection with matters which arose before her entrance into said state, pursuant to said summons; and

6. That this certificate is made for the purpose of being presented to a judge of a court of record of the County of Orange, State of North Carolina, where said Faye Johnson Guy now is, upon proceedings to compel said Faye Johnson Guy to attend and testify at the post-conviction hearing before this Court, in Knox County, State of Tennessee, upon the dates and days herein set forth.

ENTERED this 5th day of January, 2007.

HON. MARY BETH LEIBOWITZ
Knox County Criminal Court Judge
Division III

Prepared for Entry:

Catherine Y. Brockenborough, BPR #018340
Assistant Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9336
Counsel for Petitioner Christa Pike

## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
## DIVISION III

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN 16 PM 12:00
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | DOCKET NO. - 68280 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTA GAIL PIKE, ALIAS | ) | |

## ORDER

In this cause the petitioner, by and through counsel, has filed a fourth motion to disqualify the Office of the Knox County District Attorney General. Argument was heard with respect to a possible conflict of interest which has arisen due to the Assistant Attorney General Kenneth F. Irvine, Jr., former position as a member of the Post-Conviction Defender Commission, prior to his becoming an Assistant District Attorney General. General Irvine testified and has indicated to the Court that he has had no contact with counsel in his office as Assistant Attorney General with regard to the Pike Case, nor is aware of where the filings are kept and he agrees to comply with all obligation pursuant to Supreme Court Rule 8 and Rules of Professional Conduct 1.10 with respect to remaining completely away from this case. Further, General Irvine testified that he resigned from the Post-Conviction Defender Commission Board promptly upon realizing that he had a conflict. General Irvine said that while on the Board there were discussions of a general nature about the names of different cases but he did not recall any information with regard to Ms. Pike and has no knowledge of her case. He recalls being present in the Criminal Court during various hearings while attending to business of his own in prior years.

It is the Court's opinion that General Irvine has no conflict of interest with respect to Ms. Pike's case and has acted in compliance with his obligation to shield himself from representation of the state. It is the opinion of the Court that this issue does not arise to appearance of impropriety warranting disqualification. The defendant having not presented any new reason for

the Knox County District Attorney's Office and its employees to recuse themselves from this case. While the rules require prosecutors to have additional obligations, the defense's assertion that it required to call Attorney General Nichols, Assistant Attorney General William Jeffery Blevins, and Assistant Attorney William Crabtree regarding the over billing issues which arose regarding Mr. Talman in April, 1995, create no obligation for the Attorney General's Office to step aside with regard to whether or not Ms. Pike has endured a violation of her constitutional rights. The Attorney General's Office has utilized adequate procedures to insulate Mr. Irvine from Ms. Pike's case and further has not raised new issues with respect to the testimony of members of the Attorney General's Office as to their knowledge of Mr. Talman's billing issues. Therefore the fourth motion for recusal of the Knox County District Attorney General's Office is respectfully denied.

The Clerk will forward a copy of this order to Catherine Y. Brockenborough, Assistant Post-Conviction Defender, and to the office of the Knox County District Attorney General.

ENTER this the 16th day of January, 2007.

Mary Beth Leibowitz

MARY BETH LEIBOWITZ, JUDGE
CRIMINAL COURT DIVISION III
SIXTH JUDICIAL DISTRICT

# IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
# DIVISION III

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

FILED
BY MARTHA PHILLIPS, CLERK
2007 JAN 22 AM 10: 27
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## PETITIONER'S EMERGENCY MOTION FOR CONTINUANCE

Christa Gail Pike, by counsel, pursuant to her right to conflict free counsel and to preserve rights under Article I, §§ 8, 9, 16, and 17, Article XI, § 8 of the Tennessee Constitution, the Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and for the reasons set forth in the memorandum below, moves this Honorable Court to continue the evidentiary hearing currently set to begin on January 29, 2007.

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE

The undersigned counsel have represented Ms. Pike since 1998 and have formed a solid attorney-client relationship. Ms. Pike submits that due to that relationship and the work previously performed by undersigned counsel, it is appropriate and necessary that undersigned counsel be permitted to continue to represent her in this post-conviction challenge to her conviction and sentence. Nevertheless, undersigned counsel presently are proceeding under a temporary conflict of interest that raises a question concerning their present ability to provide

zealous advocacy in this matter. Due to the importance of this hearing, Ms. Pike cannot waive this conflict.

**Nature of the Conflict**

Ms. Pike's petition for post-conviction relief raises, *inter alia*, various allegations that attorney Julie Rice, second chair or co-counsel at Ms. Pike's trial and on direct appeal, represented Ms. Pike in a manner that fell below the standard required under the Sixth and Fourteenth Amendments to the United States Constitution and Article I,§ 9 of the Tennessee Constitution. In addition, the Petition alleges that Ms. Pike's trial and appellate counsel suffered under various conflicts of interest during their representation of Ms. Pike.

On July 17, 2006, Ms. Rice filed a complaint with the Board of Professional Responsibility against undersigned counsel Dawson. The gravamen of her complaint was that Mr. Dawson mailed a letter to her at her home address, rather than her post-office box, with the sole purpose of causing her "great distress" in violation of Tenn. Sup. Ct. R. 8, RPC 4.4(a), and that he was deceitful and dishonest with her in the introduction of that letter in violation of Tenn. Sup. Ct. R. 8, RPC 8.4(c). (A copy of the letter and the enclosures with the letter are attached as Attachment 1.)

On December 20, 2006, the Board of Professional Responsibility filed a Petition for Discipline, *In re: Donald E. Dawson,* Docket No. 2006-1648-5-LC. This matter is now pending before the Board and places a chill upon the advocacy of the undersigned counsel in the representation of Ms. Pike. The chill is all the greater in that undersigned counsel consider this complaint to be entirely frivolous. Counsel also believe that the filing of the Petition for Discipline has more to do with the consistent position that the Board, through its Chief Disciplinary Counsel, has taken with regard to the duties and status of trial counsel in post-

conviction cases raising the issue of ineffective assistance of counsel than it does with Ms. Rice's unsupportable belief that Mr. Dawson's letter was for the purpose of causing her distress. The position of the Board on this issue has been in direct opposition to that advanced by the Post-Conviction Defender. (*Compare* July 28, 2006, response to complaint (Exhibit B to Petition for Discipline) page 3 last full paragraph beginning "Since I do not ..." and Answer to Petition for Discipline paragraph 8 (attached) *with* Petition for Discipline paragraph 8.)[1]

**Nature of the Prejudice to Ms. Pike**

The very nature of this Petition for Discipline suggests strongly that the Post-Conviction Defender and his staff are vulnerable to discipline by the Board - regardless how frivolous a claim may be - if the issue involves one at which the Post-Conviction Defender and the Chief Disciplinary Counsel are at odds. These circumstances could constrain undersigned counsel when examining Mr. Talman or Ms. Rice preventing their asking the type of probing and perhaps embarrassing questions raised by the allegations in the post-conviction petition for fear that the Board would consider the questions asked to be further evidence that counsel is attempting to harass or embarrass Ms. Rice.

In addition, Ms. Pike's complaint raises various claims of conflict of interest, including that Mr. Talman's representation was adversely affected by his continuing to represent her while a complaint against him was pending before the Board. It would make a mockery of these proceedings for undersigned counsel to proceed under similar circumstances.

[1] The Petition for Discipline with exhibits is Attachment 2 to this motion. The Answer to the Petition for Discipline is Attachment 3 to this motion.

## CONCLUSION

Ms. Pike submits that for the reasons set forth above this matter must be continued until after the Petition for Discipline is resolved.

Respectfully submitted,

Donald E. Dawson, BPR # 10723
Post-Conviction Defender

Catherine Y. Brockenborough, BPR # 18340
Assistant Post-Conviction Defender

Office of the Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
Tel.: (615) 741-9331
Fax: (615) 741-9430

Counsel for Christa Gail Pike

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing motion sent by UPS, to Assistant District Attorney Leland Price, Office of the District Attorney General, 400 Main Street, Suite 168, Knoxville, TN 37901, on this the 19th day of January, 2007.

Donald E. Dawson

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |

FILED
2007 JAN 23 AM 10 21
BY MARTHA PHILLIPS, CLERK
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

## ORDER

## DIRECTING THE KNOX COUNTY JAIL TO ALLOW CONTACT VISITS BETWEEN CHRISTA PIKE AND HER ATTORNEYS AND DR. JONATHAN PINCUS

Petitioner Christa G. Pike and her attorneys have asked this Court to direct the Knox County Jail to allow them contact visitation during their legal visits during the pendency of these proceedings. They have also asked that neurologist Dr. Jonathan Pincus be permitted to have a contact visit and evaluation with Ms. Pike prior to the hearing in this case. The Court finds these requests to be appropriate.

**IT IS HEREBY ORDERED** that the Knox County Jail provide contact visits between Christa Pike and her attorneys and Dr. Jonathan Pincus. Contact visits between Ms. Pike and any other individuals will require permission from this Court. This ORDER shall remain in effect during the pendency of these proceedings unless future orders of this Court require otherwise.

ENTERED THIS 23rd DAY OF January, 2007.

Judge Mary Beth Leibowitz
Knox County Criminal Court, Division III

MONDAY, JANUARY 29, 2007

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Defendant's Petition for Relief From Conviction or Sentence came on for hearing and continued to January 30, 2007.

COURT ADJOURNED UNTIL TUESDAY, JANUARY 30, 2007 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

WEDNESDAY, JANUARY 31, 2007

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Defendant's Petition for Relief From Conviction or Sentence came on for hearing and continued to July 30, 2007.

COURT ADJOURNED UNTIL THURSDAY, FEBRUARY 1, 2007 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

FILED
MARTHA PHILLIPS, CLERK
2007 APR 17 PM 2:45
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**

**DIVISION III**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER APPOINTING CATHERINE Y. BROCKENBOROUGH**

This matter is before the Court on Petitioner's Motion to Appoint Catherine Y. Brockenborough. After due consideration, the Court **FINDS** as follows: (1) this case has been pending since June 1999; (2) Ms. Brockenborough has represented Petitioner since July 2000 and during that period has gained substantial knowledge and insight into Ms. Pike and her case; (3) Ms. Brockenborough's involvement in the case has been pursuant to her employment as an Assistant Post-Conviction Defender; (4) as of February 28, 2007, she is no longer employed by the Office of the Post-Conviction Defender; (5) the evidentiary hearing in this matter began on January 29, 2007, and was recessed on January 31 until July 30; Ms. Brockenborough actively participated in the hearing and is essential to Ms. Pike's representation when the hearing continues.

The Court **FURTHER FINDS** that appointing Ms. Brockenborough as co-counsel would facilitate the disposition of this case by preventing the inevitable delay that would result from involving a new attorney as co-counsel at this point in the proceedings.

**IT IS, THEREFORE, ORDERED** that Catherine Y. Brockenborough, 1312 Porter Road, Nashville, Tennessee 37206 is hereby appointed as counsel for Petitioner Christa G. Pike for the duration of her post-conviction proceedings.

ENTERED this the 17th day of April, 2007.

Judge Mary Beth Leibowitz
Knox County Criminal Court, Div. 3

Submitted for entry by:

Donald E. Dawson, BPR #10723
Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9385
(615) 741-9430, *fax*

Catherine Y. Brockenborough, BPR #18340
1312 Porter Road
Nashville, TN 37206
(615) 226-9151

Counsel for Petitioner Christa G. Pike

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing ORDER was sent via U.S. Mail, postage prepaid, to Assistant District Attorney General John Campbell, 201 Poplar Avenue, Suite 301, Memphis, TN, 38103 on this 12th day of April, 2007.

Donald E. Dawson

73007

FILED
BY MARTHA PHILLIPS, CLERK
2007 APR 18 PM 12:03
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| Petitioner, | ) | CASE NO. 68280 |
| VS. | ) | |
| | ) | DEATH PENALTY POST-CONVICTION |
| STATE OF TENNESSEE, | ) | |
| Respondent. | ) | |

## MOTION TO ENTER AN ORDER APPOINTING CATHERINE Y. BROCKENBOROUGH

Petitioner, Christa G. Pike, through undersigned counsel, respectfully moves this Court, pursuant to Tenn. Code Ann. §§ 40-14-201 *et seq.* and 40-30-107, Tenn. Sup. Ct. R. 13 §§ 1(a)(1)(C) and (G), (d)(1)((D), and (e), and, for the reasons set forth in the memorandum below, to enter an order appointing Catherine Y. Brockenborough, 1312 Porter Road, Nashville, Tennessee 37306, as co-counsel in this matter.

### Memorandum in Support of Motion

In June 1999, Ms. Pike initiated the current post-conviction proceedings by filing, *pro se*, a Petition for Post-Conviction Relief. Upon review of the petition and under the authority granted by Tenn. Code Ann. § 40-30-207 [now 40-30-107] and Tenn. Sup. Ct. R. 13, the Court appointed the Office of the Post-Conviction Defender to represent Ms. Pike. Initially, the Post-Conviction Defender assigned himself and Assistant Post-Conviction Defender Stefanie McArdle to represent Ms. Pike. Subsequently, Ms. McArdle resigned from the staff of the Office of the Post-Conviction Defender, and for the purpose of maintaining continuity in Ms. Pike's post-conviction

case, the Court separately appointed her to continue representing Ms. Pike along with the Post-Conviction Defender. Subsequently Ms. McArdle withdrew for other reasons.

In July 2000, Ms. Brockenborough joined the staff of the Office of the Post-Conviction Defender and was assigned to Ms. Pike's case and has been co-counsel since that time. During her representation of Ms. Pike, Ms. Brockenborough has gained knowledge and insight concerning Ms. Pike and her case that are indispensable and which could not be gained by any new lawyer assigned to represent Ms. Pike before the evidentiary hearing resumes on July 30, 2007.

From January 29-31, 2007, Ms. Brockenborough and Mr. Dawson presented 21 witnesses on Ms. Pike's behalf. Due to an ongoing bar complaint filed by Ms. Pike's trial counsel against Mr. Dawson, the hearing was recessed on January 31 and is set to resume on July 30. During the course of the January hearing, Ms. Brockenborough advised the Court that she would be leaving her employment with the Office of the Post-Conviction Defender on February 28. She left on that date and is no longer employed as an assistant post-conviction defender.

Ms. Brockenborough's involvement in Ms. Pike's post-conviction case has included interviews of various witnesses, a thorough review of the trial transcript, trial attorney's files, District Attorney and law enforcement files, legal research and analysis dedicated to Ms. Pike's case, preparation for the hearing, and developing a close working relationship with Ms. Pike. In short, she is an indispensable member of the team that represents Ms. Pike. Her inability to continue her representation would deny Ms. Pike her right to a full and fair hearing and due process and the failure to compensate Ms. Brockenborough would place an undue hardship on Ms. Brockenborough.

WHEREFORE, Petitioner Christa G. Pike prays this Court will grant this motion and enter an order appointing Catherine Y. Brockenborough to continue as co-counsel to the Post-Conviction Defender for the duration of her post-conviction proceedings.

Respectfully submitted,

Donald E. Dawson, BPR #10723
Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9385
(615) 741-9430, *fax*

Catherine Y. Brockenborough, BPR #18340
1312 Porter Road
Nashville, TN 37206
(615) 226-9151

Counsel for Petitioner Christa G. Pike

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing MOTION was sent via U.S. Mail, postage prepaid, to Assistant District Attorney General Leland Price, 400 Main Street, Suite 168, Knoxville, TN, 37901-1468 on this 12th day of April, 2007.

Donald E. Dawson

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

FILED
BY MARTHA PHILLIPS, CLERK
2007 JUL 30 AM 10:49
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# Notice of Filing of Authority Regarding Standards for Defense Counsel in Death Penalty Cases And Memorandum Regarding Standards

Petitioner, Christa Gail Pike, by counsel, hereby gives notice of filing of petitioner's Compendium of Guidelines and References Regarding the Performance of Counsel in Death Penalty Cases (hereinafter Compendium). The accompanying materials are filed in response to the Court's request, on January 31, 2007, that the parties provide the Court with any materials the Court could be reviewing during recesses in the hearing of this cause.

## Memorandum

The materials contained in the accompanying Compendium include: *Standards for the Appointment and Performance of Counsel in Death Penalty Cases*, National Legal Aid and Defender Association, 1988; selected parts of the *American Bar Association Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases*, February 1989; selected parts

of the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, February 2003, reprinted at 31 Hofstra L. Review 913 (2003), with an introduction by Eric M. Freedman, *Id.* at 903; and Miller, *The Defense Team in Capital Cases*, 31 Hofstra L. Rev. 1117 (2003). The NLADA Standards and the ABA Guidelines are "a codification of longstanding, common-sense principles of representation understood by diligent, competent counsel in death penalty cases." *See Hamblin v. Mitchell*, 354 F.3d 482,487 (6th Cir. 2003).

The ABA Guidelines are now recognized as the accepted norm for death penalty defense.[1] Representative cases recognizing the Guidelines as the accepted national minimum standard for the performance of defense counsel include: *Wiggins v. Smith*, 539 U.S. 510, 524 (2003); *Rompilla v. Beard*, 545 U.S. 374, 539, 388 n.7 (2005); *Hamblin v. Mitchell*, 354 F.3d 482, 485-88 (6th Cir.2003); *Dickerson v. Bagley*, 453 F.3d 690, 693-695 (6th Cir. 2006); *Canaan v. McBride*, 395 F.3d 376, 384-385 (7th Cir. 2005); *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005); *Smith v. Mullin*, 379 F.3d 919 (10th Cir. 2004); *United States v. Karahe*, 370 F.Supp.2d 275, 277-278 (D.D.C. 2005); *Thomas v. Beard*, 388 F. Supp.2d 489, 504-509 (E.D.Pa. 2005); *Menzies v. Galetka*, 150 P.3d 480, 512-513 (Utah 2006); *Franks v. State*, 599 S.E.2d 134, 261 (Ga. 2004). The Guidelines are the existing standard and are not simply aspirational. 2003 Guideline 1.1. Since the Guidelines adopted the "prevailing norms", they represent the current

[1] Neither the Tennessee Supreme Court nor the Tennessee Court of Criminal Appeals have yet joined those jurisdictions that have recognized the ABA Guidelines as the accepted requirements for the performance of defense counsel in death penalty cases. However, as far back as 1975, Tennessee Supreme Court declared that "Trial courts and defense counsel should look to and be guided by the American Bar Association's Standards relating to the Administration of Criminal Justice in general, and specifically to those portions of the Standards which relate to the Defense Function," specifically noting that the courts should consider the American Bar Association Standards and **similar authorities** when defining reasonable competence. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).

state of the required performance and have been applied to cases that were tried prior to the publication of the Guidelines. *See Hamblin v. Mitchell*, 354 F.3d at 487.

In her article, *The Defense Team in Capital Cases*, 31 Hofstra L. Rev. 1117, Jill Miller discusses not only the need for and structure of the defense team, but also, the manner in which the defense team must collaborate together in order to "develop[] and present[] the client's story in a compelling and persuasive manner that will both explain the client's conduct in the offense and convince the jury of the value of the client's life." *Id.* at 1141.

## Conclusion

Petitioner submits that the materials contained in the Compendium will assist the Court in defining the appropriate standards for the performance of counsel when determining whether Petitioner has met the deficiency prong for ineffective assistance of counsel under the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Respectfully Submitted,

Donald E. Dawson, BPR No. 010723
Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9331 / FAX (615) 741-9430

Catherine Y. Brockenborough, BPR No. 018340
100 Taylor Street
Nashville, TN 37208
(615) 469-7802

Counsel for Petitioner Christa G. Pike

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy of the foregoing motion has been hand delivered to Leland Price, Assistant District Attorney General, Office of the District Attorney General, 6th Judicial District, P.O. 1468, Knoxville, Tennessee 37901-1468 on this the 30th day of July, 2007.

Donald E. Dawson

MONDAY, JULY 30, 2007

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Petition for Post Conviction Relief came on for hearing and said Petition heard in part and continued to December 10, 2007 for further hearing.

COURT ADJOURNED UNTIL TUESDAY, JULY 31, 2007 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

1~4

FILED
BY MARTHA PHILLIPS, CLERK
2007 OCT 24 PM 3:06
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 68280 |
| | ) | |
| VS. | ) | |
| | ) | DEATH PENALTY |
| | ) | POST-CONVICTION |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

# Petitioner's Motion for the State of Tennessee to Produce the Video Recording of the January 14, 1995 Crime Scene Visit

Petitioner, Christa Gail Pike, through undersigned counsel, pursuant to Article I, §§ 8, 9, and 16 of the Tennessee Constitution and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, moves this Honorable Court to order the State of Tennessee to produce the video recording of Detective Randy York's January 14, 1995, visit to the crime scene.

Ms. Pike was arrested in the early morning hours of January 14, 1995. Later that same day, after obtaining a recorded statement from Ms. Pike, law enforcement officials took Ms. Pike to the site where Ms. Slemmer's body was found. While at the scene, Det. Randy York asked Ms. Pike to take him through the events of the attack and murder. This process was recorded on videotape. The State has not provided undersigned counsel a copy of this videotape.

On or about July 31, 2007, Assistant District Attorney General Leland Price and undersigned counsel Donald Dawson reviewed items in the custody of the Knox County Police Department. Among those items was a "super 8" videotape. At the time, the parties believed that

this tape contained the video recording of the January 14, 1995, crime scene visit. After reviewing the videotape, Mssrs. Price and Dawson discovered it did not contain a recording of that visit; in fact, the video has no connection to the investigation into Ms. Slemmer's death.

WHEREFORE, Petitioner Christa G. Pike moves this honorable Court to order the State to produce the video recording of her January 14, 1995, visit with Det. Randy York to the crime scene and to provide a copy thereof to undersigned counsel by November 21, 2007.

Respectfully Submitted,

Donald E. Dawson, BPR # 10723
Post-Conviction Defender
Office of the Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9331

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy of the foregoing MOTION has been delivered by hand to Leland Price, Assistant District Attorney General, or his agent at the Office of the District Attorney General, Knoxville, Tennessee, on this the 24th day of October, 2007.

Catherine Y. Brockenborough

FILED
BY MARTHA PHILLIPS, CLERK
2007 OCT 24 PM 3:06
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## Petitioner's Motion to Transcribe the Contents of an Audio Mini-Cassette Previously Entered into Evidence

Petitioner, Christa Gail Pike, through undersigned counsel, pursuant to Article I, §§ 8, 9, and 16 of the Tennessee Constitution and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, moves this Honorable Court to order the transcription of the contents of an audio mini-cassette previously entered into evidence in this post-conviction case. Ms. Pike was found indigent for the purposes of this litigation and remains indigent at this time.

During the course of proceedings on May 31, 2001, counsel for the State moved into evidence a mini-cassette tape containing a recorded conversation between Assistant District Attorney General William Jeff Blevins and then-Assistant Post-Conviction Defender Catherine Y. Brockenborough. Mr. Blevins recorded the conversation with the knowledge and consent of Ms. Brockenborough. A copy of the recording has never been provided to Ms. Pike. Upon information and belief, it is Ms. Pike's understanding that no copy exists and that the original tape was entered into evidence on May 31, 2001.

The subject of the recorded conversation is the role of the Knox County District

Attorney's Office in collecting from attorney William Talman monies he had received by overbilling the State of Tennessee for his representation of indigent defendants. The conversation also addresses the nature and extent of the files maintained by the District Attorney's Office with regard to their collecting the funds. These are subjects directly related to claims in Ms. Pike's petition for relief. *See Consolidated Petition for Post-Conviction Relief*, pp. 2-4 and 9-10. While the recording was in the possession of the District Attorney General's Office, Ms. Pike was unable to transcribe the conversation.

WHEREFORE, Petitioner Christa G. Pike moves this honorable Court to order the transcription of the contents of the mini-cassette marked as Exhibit #4 and entered into evidence on May 31, 2001. Due to the indigence of Ms. Pike, the cost of this transcription should be paid by the State.

Respectfully Submitted,

Donald E. Dawson by CY Brockenborough

Donald E. Dawson, BPR # 10723
Post-Conviction Defender
Office of the Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9331

Catherine Y. Brockenborough

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing MOTION has been delivered by hand to Leland Price, Assistant District Attorney General, or his agent at the Office of the District Attorney General, Knoxville, Tennessee, on this the 24th day of October, 2007.

Catherine Y. Brockenborough

FRIDAY, OCTOBER 26, 2007

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Defendant's Motion for the State of Tennessee to Produce the Video Recording of the January 14, 1995 crime scene visit is hereby GRANTED. Defendant's Motion to Transcribe the Contents of any Audio Mini Cassette previously entered into evidence is hereby GRANTED. This case is continued to December 4, 2007 for hearing.

COURT ADJOURNED UNTIL MONDAY, OCTOBER 29, 2007 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

**IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE**
**DIVISION III**

FILED BY MARTHA PHILLIPS, CLERK
2007 NOV -5 PM 3:51
KNOX COUNTY CRIMINAL COURT KNOXVILLE, TN

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## Order Concerning the Copying of an Audio Tape Previously Entered Into Evidence

This matter is before the Court on Petitioner's Motion to Transcribe the Contents of an Audio Mini-Cassette Previously Entered into Evidence. The Court presents the following summary based on the contents of the motion and on hearing from counsel for the parties on October 26, 2007:

On May 31, 2001, during the course of proceedings in this capital post-conviction case, the State moved into evidence an audio mini-cassette tape containing a recorded conversation. The tape was marked and entered as Exhibit #4. That tape contains the original recording and is the only copy known to exist. Petitioner has requested that the contents of the tape be transcribed because the conversation relates to claims she has raised in her petition for post-conviction relief. Because the tape is a mini-cassette and because the court reporters' equipment cannot accommodate mini-cassettes, it is not possible to have the court reporter transcribe the tape. The Office of the Knox County District Attorney General has equipment capable of copying the contents of a mini-cassette tape onto a standard-sized audio tape.

The Court **FINDS** that Petitioner is entitled to have access to the contents the tape. In order to grant this access while also ensuring the integrity of the evidence, **THE COURT**

**HEREBY ORDERS** the Office of the Knox County Criminal Court Clerk (1) to release to Assistant District Attorney Leland Price, or his agent, the audio mini-cassette tape marked as Exhibit #4 to the proceedings of May 31, 2001 in the above-styled case and (2) to document the date and time of the release, as well as the names of the person releasing the tape and the person taking it.

The Court **ORDERS** Assistant District Attorney Leland Price, or his agent, (1) to copy the contents of Exhibit #4 onto a standard audio tape, as soon as practicable following receipt of the exhibit; (2) return Exhibit #4 to the Office of the Knox County Clerk as soon as practicable following the copying process; and (3) to provide the copy tape to counsel for Petitioner.

The Court **FURTHER ORDERS** the Office of the Knox County Criminal Court Clerk to document the date and time of the return of Exhibit #4, as well as the names of the person returning the tape and the person receiving it.

The Court **ORDERS** counsel for Petitioner to exchange a blank standard audio tape for the standard audio tape containing the copy of Exhibit #4.

ENTERED this the 5th day of Nov, 2007.

Mary Beth Leibowitz
Judge Mary Beth Leibowitz
Knox County Criminal Court, Div. 3

Prepared for entry by:

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing ORDER was sent via U.S. Mail, postage prepaid, to Assistant District Attorney General Leland Price, City-County Building, 400 Main Street, Suite 168, Knoxville, TN, 37901 on this 27th day of October, 2007.

Catherine Y. Brockenborough

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

FILED
BY MARTHA PHILLIPS, CLK
2007 NOV 29 PM 2:32
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 68280 |
| | ) | |
| VS. | ) | |
| | ) | DEATH PENALTY |
| | ) | POST-CONVICTION |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER APPOINTING CATHERINE Y. BROCKENBOROUGH

This matter is before the Court on Petitioner's Motion to Appoint Catherine Y. Brockenborough. After due consideration, the Court **FINDS** as follows: (1) this case has been pending since June 1999; (2) Ms. Brockenborough has represented Petitioner since July 2000 and during that period has gained substantial knowledge and insight into Ms. Pike and her case; (3) Ms. Brockenborough's involvement in the case has been pursuant to her employment as an Assistant Post-Conviction Defender; (4) as of February 28, 2007, she is no longer employed by the Office of the Post-Conviction Defender; (5) the evidentiary hearing in this matter began on January 29, 2007, and was recessed on January 31 until July 30; Ms. Brockenborough actively participated in the hearing and is essential to Ms. Pike's representation when the hearing continues.

The Court **FURTHER FINDS** that appointing Ms. Brockenborough as co-counsel would facilitate the disposition of this case by preventing the inevitable delay that would result from involving a new attorney as co-counsel at this point in the proceedings.

**IT IS, THEREFORE, ORDERED** that Catherine Y. Brockenborough, 1312 Porter Road, Nashville, Tennessee 37206 is hereby appointed as counsel for Petitioner Christa G. Pike for the duration of her post-conviction proceedings.

ENTERED this the 29th day of Nov, 2007 n pt to 2/28/07, mbl

Judge Mary Beth Leibowitz
Knox County Criminal Court, Div. 3

Submitted for entry by:

Donald E. Dawson, BPR #10723
Post-Conviction Defender
530 Church Street, Suite 600
Nashville, TN 37243
(615) 741-9385
(615) 741-9430, *fax*

Catherine Y. Brockenborough, BPR #18340
1312 Porter Road
Nashville, TN 37206
(615) 226-9151

Counsel for Petitioner Christa G. Pike

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing ORDER was sent via U.S. Mail, postage prepaid, to Assistant District Attorney General John Campbell, 201 Poplar Avenue, Suite 301, Memphis, TN, 38103 on this 12th day of April, 2007.

Donald E. Dawson

FILED
BY MARTHA PHILLIPS, CLERK
2007 DEC -4 AM 9:07
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NO. 68280** |
| | ) | |
| **VS.** | ) | |
| | ) | **DEATH PENALTY** |
| | ) | **POST-CONVICTION** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# Motion for Approval of Out-of-State Travel

Catherine Y. Brockenborough moves this Honorable Court for after-the-fact approval for out-of-state travel. The Administrative Office of the Courts requires appointed attorneys to obtain approval for investigative travel outside the state of Tennessee. During the last week of October, undersigned counsel undertook an investigative trip in East Tennessee with Tammy Kennedy, the investigator in this matter. It became necessary for Ms. Kennedy and Ms. Brockenborough to travel to Georgia to locate two potential witnesses. Not until they had already traveled to Georgia did Ms. Brockenborough recall the need to obtain prior approval before traveling out of state. Although it was a Sunday, she telephoned attorney David Burn at the Administrative Office of the Courts (AOC) to apprise him of the situation.

When he responded to the call, Mr. Burn determined that the decision to head to Georgia was well-taken. By going to Georgia right away, rather than returning to Nashville, requesting the approval of the Court, and setting out again, counsel managed to save both time and money. Mr. Burn directed Ms. Brockenborough to file this motion with the Court, noting that the travel has already occurred and indicating that the AOC will likely approve reimbursement of the costs

associated with the travel.

WHEREFORE, attorney Catherine Y. Brockenborough, counsel for Petitioner Christa G. Pike, avers that she undertook an investigative trip to East Tennessee and on to Georgia and that this investigation was necessary to the preparation of Ms. Pike's case. Ms. Brockenborough moves this Court to enter an order approving, after the fact, the out-of-state travel to Georgia so that she may seek reimbursement of travel expenses from the Administrative Director of the Courts.

Respectfully Submitted,

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

FILED
BY MARTHA PHILLIPS, CLERK
2007 DEC -4 AM 10:00
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

CHRISTA GAIL PIKE, )
)
Petitioner, ) CASE NO. 68280
)
VS. )
) DEATH PENALTY
) POST-CONVICTION
STATE OF TENNESSEE, )
)
Respondent. )

## Order Approving Out-of-State Investigative Travel

Before the Court is attorney Catherine Y. Brockenborough's motion for the approval of out-of-state travel to Georgia. Ms. Brockenborough has already undertaken the investigative trip in question and has communicated with David Burn at the Administrative Office of the Courts regarding the logistics of this situation. Based on Ms. Brockenborough's representation to the Court summarizing the relevant circumstances, the Court **FINDS** that the travel was necessary for the investigation of this case and that Ms. Brockenborough's failure to obtain approval before leaving Tennessee was inadvertent. **THE COURT HEREBY ORDERS** that Ms. Brockenborough's out-of-state travel to Georgia is APPROVED with such approval being granted after the travel has been completed.

ENTERED this the 4th day of Dec, 2007.

Mary Beth Leibowitz
Judge Mary Beth Leibowitz
Knox County Criminal Court, Div. 3

Prepared for entry by:

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

FILED
DENNIS PHILLIPS, CLERK
2007 DEC -4 AM 9:07
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 68280 |
| | ) | |
| VS. | ) | |
| | ) | DEATH PENALTY |
| | ) | POST-CONVICTION |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## Motion to Withdraw as Petitioner's Counsel

Catherine Y. Brockenborough moves this Honorable Court to allow her to withdraw as counsel for Petitioner Christa G. Pike in these post-conviction proceedings. Ms. Brockenborough does not make this motion lightly, but with great reluctance and tremendous regret. This motion is not made to delay the proceedings in this matter, but is necessitated by a medical condition that compromises Ms. Brockenborough's ability to represent Ms. Pike.

WHEREFORE, attorney Catherine Y. Brockenborough moves this Honorable Court to allow her to withdraw from further representation of Ms. Pike in her post-conviction proceedings.

Respectfully Submitted,

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing MOTION has been delivered by hand to Leland Price, Assistant District Attorney General, or his agent at the City-County Building, 400 Main Street, Knoxville, Tennessee, on this the 4th day of December, 2007.

Catherine Y. Brockenborough

IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE
DIVISION III

FILED
BY MARTHA PHILLIPS, CLERK
2007 DEC -4 AM 10: 00
KNOX COUNTY CRIMINAL COURT
KNOXVILLE, TN

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 68280 |
| | ) | |
| VS. | ) | |
| | ) | DEATH PENALTY |
| | ) | POST-CONVICTION |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

# Order Allowing Catherine Y. Brockenborough to Withdraw as Counsel

Before the Court is attorney Catherine Y. Brockenborough's motion to withdraw as counsel for Christa G. Pike in these post-conviction proceedings. After a hearing on the motion, the Court **FINDS** that circumstances warrant Ms. Brockenborough's withdrawal as counsel in this matter. **THE COURT HEREBY ORDERS** that Ms. Brockenborough's motion to withdraw is granted. In consideration of the length of time Ms. Brockenborough has represented Ms. Pike, the size of the file she has compiled to date, and the holiday season, the Court **FURTHER ORDERS** the withdrawal will be effective as of January 15, 2008, with the understanding that Ms. Brockenborough will use the interim period to close the file, prepare a transfer memorandum for replacement counsel and complete any other tasks necessary to effectuate her withdrawal.

ENTERED this the 4th day of Dec, 2007.

Mary Beth Leibowitz

Judge Mary Beth Leibowitz
Knox County Criminal Court, Div. 3

Prepared for entry by:

Catherine Y. Brockenborough, BPR #18340
100 Taylor Street
Nashville, TN 37208
(615) 469-0728

Counsel for Petitioner Christa G. Pike

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing ORDER was hand-delivered to Assistant District Attorney General Leland Price, or his agent at the City-County Building, 400 Main Street, Knoxville, TN, on this 4th day of December, 2007.

Catherine Y. Brockenborough

MONDAY, APRIL 7, 2008

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Came the Attorney General for the State, also defendant in proper person, having counsel present and the Petition for Relief from Conviction of Sentence came on for hearing and said Petition is continued to April 8, 2008 for further hearing.

COURT ADJOURNED UNTIL TUESDAY, APRIL 8, 2008 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

TUESDAY, APRIL 8, 2008

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Petition for Relief from Conviction or Sentence came on for further hearing and continued to April 9, 2008.

COURT ADJOURNED UNTIL WEDNESDAY, APRIL 9, 2008 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

WEDNESDAY, APRIL 9, 2008

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Petition for Relief from Conviction or Sentence came on for further hearing and continued to April 10, 2008.

COURT ADJOURNED UNTIL THURSDAY, APRIL 10, 2008 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

THURSDAY, APRIL 10, 2008

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Petition for Relief from Conviction or Sentence came on for further hearing and continued to April 11, 2008.

COURT ADJOURNED UNTIL FRIDAY, APRIL 11, 2008 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT

FRIDAY, APRIL 11, 2008

Court met pursuant to adjournment, present and presiding the Honorable Mary Beth Leibowitz, Judge of Division III, Criminal Court for Knox County, Tennessee, when the following proceedings were had and entered of record, to-wit:

CHRISTA GAIL PIKE, PETITIONER NO. 68280

VS

THE STATE OF TENNESSEE PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Petition for Relief from Conviction or Sentence came on for further hearing and continued to April 14, 2008.

COURT ADJOURNED UNTIL MONDAY, APRIL 14, 2008 AT 9:00 A.M.

(S) MARY BETH LEIBOWITZ
MARY BETH LEIBOWITZ, JUDGE
DIVISION III
CRIMINAL COURT