# APPENDIX 1

2295 Parklake Drive, NE
Suite 130
Atlanta, GA 30345

p 404.209.0280
f 404.766.3800

www.gcadv.org

Tennessee Governor Bill Lee
Office of the Governor
600 Dr. Martin L. King, Jr. Blvd.
Nashville, TN 37243

September 10, 2026

RE: Request for Commutation of Sentence of Death to Life in Prison on Behalf of Christa Gail Pike

Dear Governor Lee:

As organizations, scholars, individuals, law clinics, and survivors who are dedicated to ending all forms of violence against women, we are writing to urge you to commute the death sentence of Christa Pike to life imprisonment. At the time of the crime for which she was sentenced to death, Christa was an eighteen-year-old survivor of child sexual abuse and rape. It is vital that you understand the significance of her history, and its relationship to the crime she committed, in weighing whether the State of Tennessee should execute her.

Through our work, we have heard many accounts of gender-based violence, including child sexual abuse, rape, and intimate partner violence. From our work with victims, we also know that these experiences can have devastating consequences for victims' mental health and future relationships.

The violence inflicted on Christa Pike falls at the most extreme end of the spectrum of gender-based violence. It is not just that she was a toddler when she was sexually abused for the first time, or that she was raped by three more men before her eighteenth birthday. It is that Christa was forced to cope with her sexual abuse and rape virtually alone, without any of the victim support services that we know are so vital to recovery. Her parents were neglectful at best, and abusive at worst. When Christa developed symptoms of PTSD and bipolar disorder, no one in her life ensured that she received treatment and medication. In short, Christa was consistently failed by the people and systems that should have helped her. Research shows that girls in this situation are disproportionately likely to be incarcerated.

GCADV

2295 Parklake Drive, NE
Suite 130
Atlanta, GA 30345

p 404.209.0280
f 404.766.3800

www.gcadv.org

It matters that Christa was a teenaged girl, rather than an adult man, at the time of the crime. We agree with the non-partisan Council on Criminal Justice, which reported in 2024 that "[w]hile men also experience childhood abuse and other forms of interpersonal victimization, these risk factors function differently in the lives of women and increase their risk for mental health challenges, substance use disorders, and intimate partner violence, all of which can contribute to their involvement in the criminal justice system." So while we do not argue that Christa's life should be spared solely on account of her gender, her experiences of abuse and violence happened *because* she was a girl, at a time when states provided them with far less protection.

Relating to the crime itself, we are struck by two facts. First, the crime was committed nearly a year to the day of when Christa was violently raped by a stranger. We support the finding of Dr. Bethany Brand that this anniversary would have rekindled the trauma of the rape, and that it would have affected Christa's mental health. Second, Christa did not commit this crime alone. She accompanied two other teenagers, one of whom was her abusive intimate partner. That partner, Tadaryl Shipp, received a more lenient sentence—and is now eligible for parole—because he was only 17 at the time of the crime, while she was 18. This disparity in outcomes is deeply troubling, particularly given the abusive character of his relationship with Christa.

We do not minimize the seriousness of the crime that Christa committed. Nor does the sexual violence that Christa experienced at such a young age excuse her crime. But it does provide an explanation for how she came to commit that crime, a context for trying to understand what otherwise might seem incomprehensible. No dispassionate observer could look at the circumstances of Christa's life, including her age at the time of the crime and her mental illness, and believe that she is among the most depraved and irredeemable offenders for whom the death penalty is traditionally reserved. Indeed, her execution would shock the sensibilities of most people who were familiar with the facts of her life.

Victims of violence are complex. A survivor is capable of acts of violence even while she is still a victim of serious trauma. Christa Pike suffered horrific physical and sexual abuse and serious trauma throughout her life, struggled with mental illness, and was a victim long before she became a defendant. Christa Pike has experienced a life-time of punishment and it is now time for mercy. We respectfully urge you to commute her death sentence to life imprisonment.

2295 Parklake Drive, NE
Suite 130
Atlanta, GA 30345

p 404.209.0280
f 404.766.3800

www.gcadv.org

Thank you for your serious consideration of this matter.

Sincerely,

Advocates Fighting to End Gender-Based Violence
(full list on following pages)

**State Organizations:**
Free Battered Texas Women
Georgia Justice Project
Healthy and Free Tennessee
Illinois Clemency Project for Battered Women
Illinois Prison Project
Iowa Coalition Against Domestic Violence
Maine Coalition to End Domestic Violence
Ohio Domestic Violence Network
Oklahoma Appleseed Center for Law and Justice, Inc.
Oklahoma Survivor Justice Coalition
Rights and Restoration Law Group, LLC
Safe Harbor of Northeast Kentucky
The Rebuild, Overcome, and Rise (ROAR) Center of University of Maryland - Baltimore
Utah Domestic Violence Coalition
Violence Free Minnesota
Virginia Sexual and Domestic Violence Action Alliance

**National Organizations:**
BGilot Consulting
Center for Constitutional Rights
Center on Gender and Extreme Sentencing
Children's Best Interest Project
Clever Human LLC
Coalition Against Trafficking in Women
Emerge
International Center for Advocates Against Discrimination
Just Solutions: Bringing in Justice
Krystal Clear Foundation Inc.
Life Span
Love & Protect
Phillips Black, Inc.
Prostitution Research & Education
Rights4Girls
Sanctuary for Families
Shared Hope International
SheWhoDares Consulting LLC
Survivors Justice Project
The National Council for Incarcerated and Formerly Incarcerated Women and Girls

**Legal Clinics and Professors:**
Beth E. Richie, Professor at University of Illinois Chicago
Buffalo Human Rights Center at the University at Buffalo School of Law, State University of New York
Carlotta Lepingwell, Clinical Associate Professor at Tulane School of Law's Criminal Justice Clinic

Carol Jacobsen, Professor at University of Michigan Law School and Founding Director of the Michigan Women's Justice & Clemency Project
Caroline Bettinger-Lopez, Professor at University of Miami School of Law's Human Rights Clinic
Carrie N. Baker, Professor of the Study of Women and Gender and Sylvia Dlugasch Bauman Chair in American Studies at Smith College
Deborah M. Weissman, Reef C. Ivey II Distinguished Professor of Law at University of North Carolina School of Law
Dr. Ann Russo, Professor at DePaul University
Dr. Walter DeKeseredy, Anna Deanne Carlson Endowed Chair of Social Sciences and Director of the Research Center on Violence at West Virginia University
Elisabeth Ward, Clinical Faculty and Executive Director at DePaul University College of Law's International Human Rights Law Institute
Elizabeth Brundige, Clinical Professor of Law at Cornell Law School's Gender Justice Clinic
Francesca Buzzi, Clinical Assistant Professor of Law at Tulane University's School of Law at the Women's Prison Project
Francisco Rivera, Clinical Professor of Law at Santa Clara University School of Law's International Human Rights Clinic
International Human Rights Law Institute at DePaul University College of Law
Jehanne E. Henry, Lecturer in Law at Columbia Law School and Independent Consultant at The Reckoning Project
Kirby Anwar, Visiting Associate Professor at CUNY School of Law's Human Rights and Gender Justice Clinic
Kirby Anwar, Visiting Associate Professor at CUNY School of Law's Human Rights and Gender Justice Clinic
Leigh Goodmark, Marjorie Cook Professor of Law at University of Maryland Carey School of Law's Gender, Prison, and Trauma Clinic
Lisa Fontes, Ph.D., Retired University Professor at University of Massachusetts Amherst
Lisa Goodman, Ph.D., Professor at Boston College
Lydia Watts, Executive Director at The Rebuild, Overcome, and Rise (ROAR) Center of University of Maryland - Baltimore
Margaret Drew, Associate Professor of Law at University of Massachusetts Law School's Human Rights at Home Clinic
Marjorie Miller, Professor of Philosophy Emeritus at Purchase College, SUNY
Meagan Belovsky, Clinical Professor at University of Texas School of Law's Domestic Violence Clinic
Michelle Brown, Professor of Criminology at University of Tennessee, Knoxville's Appalachian Justice Research Center
Nancy Chi Cantalupo, Associate Professor of Law at Wayne State University
Richard J. Wilson, Professor Emeritus of Law at Washington College of Law, American University
Shea M. Rhodes, Esquire, Director & Co-Founder at The Institute to Address Commercial Sexual Exploitation at Villanova Law
Stanislav Moroz, Clinical Associate Professor of Law at Tulane Law School's Women's Prison Project

**Experts and Individuals:**
Amy Bergquist, Associate Program Director of International Justice at The Advocates for Human Rights
Amy J. Sánchez, Chief Executive Officer at Battered Women's Justice Project
Ane Mathieson, Director of Policy, Advocacy & Research at Women Creating Change
Becky Mullins, Housing Advocate at GreenHouse17
Christy Burch, Chief Executive Officer at Ion Center
Cindene Pezzell, Director of the National Defense Center for Criminalized Survivors at Battered Women's Justice Project
Connie Canty at Safe Harbor Women's Shelter
Courtney Paul, Operations Manager at National Resource Center on Domestic Violence
Deena R. Hurwitz, Human Rights Lawyer
Dorchen A. Leidholdt, Senior Director of the Center for Battered Women's Legal Services at Sanctuary for Families
Dr. Kizzy Pittrell, Therapist at Catherine's Cottage
Ekaette Obot, Legal Program Director at Life Span
Elizabeth Flock, Journalist and Author
Ellie Williams, Legal Director, Justice for Incarcerated Survivors Program at Georgia Coalition Against Domestic Violence
Eve Hampson-Barksdale, Mitigation Specialist at Phillips Black
Fatimeh Hussien, Director of Advocacy at Life Span
Giorgia Piantanida, Programs Associate at Coalition Against Trafficking in Women
Holly Helphinstine, Child Advocate at Safe Harbor of Northeast Kentucky
India M., HT/SA Coordinator at TurnAround
Jacquelyn Davis, Attorney at Texas RioGrande Legal Aid
Jane Keiffer, Executive Director at Artemis Center
Jennifer Clark, Manager at New York State Coalition Against Domestic Violence
Jennifer L. Grobelski, Attorney at Law at Life Span
Jessica Hill, RGNV at Life Crisis Center
Jessica Vera, Paralegal at Life Span
Judith Clark, Director at Survivors Justice Project
Julia Yoshimoto, Women's Justice Project Director at Oregon Justice Resource Center
Julie Cousler, Director at Pennsylvania School-Based Health Alliance
Karen Wyman, Director of Prevention and Intervention, Maine Coalition to End Domestic Violence
Kyle M., Domestic Violence Counselor at Life Span
Letty Cottin Pogrebin, Writer
Linda Yanez, Counselor at Life Span
Lisa Glass, Director of Survivor Services at Villages of Hope
Lisa Sloyer, Advocate at TurnAround
Liz Stein, Human Trafficking Specialist at Sex Trade Survivor Caucus
Margaret Byrne, Director at Illinois Clemency Project for Battered Women
Margaret Gotthold, Health Educator Provider at West Miami Community Mental Health
Megan O'Donnell, Social Worker & Domestic Violence Advocate at Life Span
Melissa Farley, Ph.D., Executive Director at Prostitution Research & Education
Michelle Brewer, Independent Consultant Subject Matter Expert

Muriel Fox, Chair of Veteran Feminists of America
Nathalie Greenfield, Associate Attorney at Phillips Black, Inc.
Nicole Harbert, Survivor Leader at Sex Trade Survivor Caucus
Patrice James, Gender-Based Violence Subject Matter Expert and Program Director at Women's Justice Institute
Paul Bellan-Boyer, Reverend at Church of God in Christ, International
Rachel Barkley, Staff Attorney at Battered Women's Justice Project
Rachel Holmes, Managing Attorney at Georgia Justice Project
Rachel White-Domain, Director, Women & Survivors Program at Illinois Prison Project
Robin Levasseur, Survivor Advocate at NEASE
Ryan Koch, Nature Based Healing Lead at GreenHouse17
Sara Bennett, Documentary Photographer
Sharlene Rochard, Survivor Advocate at Rise Survivor Rise
Shelia Boyles, Assistant Director at Safe Harbor of Northeast Kentucky
Sydney McKinney, Executive Director at National Black Women's Justice Institute
Taina Bien-Aimé, Executive Director at Coalition Against Trafficking in Women
Terry Forliti, Executive Director at Alternative Solutions
Tracy Tripp, Attorney at Battered Women's Justice Project
Trent Lund, Advocate at Everybody Rise Up
Tricia Grant, Executive Director at Just Love Worldwide
Vanessa Timmons, Director of Education at Vanessa Timmons Coaching & Consulting
Zoe Bellatorre, Subject Matter Expert in Familial Trafficking and Founder of You Belong

September 14, 2026

Tennessee Governor Bill Lee
Office of the Governor
600 Dr. Martin L. King, Jr. Blvd.
Nashville, TN 37243

RE: Request for Commutation of Sentence of Death to Life in Prison on Behalf of Christa Gail Pike

Dear Governor Lee:

We write today as advocates whose mission is to ensure that victims of gender-based violence are treated with dignity and receive the protection and care they deserve. We work directly with victims and survivors, and we know that sexual and gender-based violence has lifelong consequences for women's mental health.

We feel strongly that in determining whether Christa Pike should be executed or spend the rest of her life in prison, you should consider her long history of child sexual abuse and rape—and society's failure to protect her from those crimes. Christa Pike was a victim long before she was a perpetrator. Although we do not seek to excuse her for the terrible crime she committed, we believe the unique circumstances of her life call for compassion and mercy.

Christa grew up in West Virginia and North Carolina at a time when child sexual abuse was routinely swept under the rug. Our understanding of the traumatic consequences of child sexual abuse has evolved over time, and states have put in place stricter reporting requirements to ensure children like Christa do not fall through the cracks. Unfortunately, these changes came too late to help Christa.

Christa's sexual abuse began before she was in preschool. When she was a toddler, her grandmother's boyfriend sexually abused and raped her, and he got away with it. After she began school, one of her teachers saw signs of abuse and reported it to her family, but Christa did not receive the kind of ongoing support and therapy she needed. Becoming a victim of sexual violence at such a young age derailed her life and helped create the conditions for exploitation when she entered adolescence. Research shows that sexual violence in childhood significantly increases the likelihood of suffering sexual violence in adulthood.

Christa was raped again when she was eleven years old. A man who lived in a nearby trailer grabbed Christa, a defenseless little girl, and raped her. He was jailed for only two weeks after committing one of the most heinous crimes conceivable. For any girl, being raped by a stranger in the neighborhood after experiencing sexual violence in her home would send a message that the world is not safe. The terrifying violence of rape at such a young age is profoundly traumatic

and life-altering. It is not surprising to us that after the rape, Christa withdrew from everyone around her, was distracted in school, and could not keep up with her classwork and homework. Her attempt to end her life when she was twelve years old is consistent with the symptoms of severe trauma resulting from rape.

Some victims of child sexual abuse and rape are able to recover and regain psychological stability with the help of loving family members, sustained therapy, and community-based support. Christa had none of these. Christa's parents routinely left her with abusive caretakers. A boyfriend of Christa's mother punched Christa and sexually assaulted her when she was just thirteen. When Christa was fourteen, Child Protective Services removed Christa from her home and placed her in a residential facility called Sheaffer House. After only three months there, they returned her to the custody of her mother. There was minimal follow-up to ensure Christa's safety; the facility effectively abandoned her to an abusive, dangerous household.

On January 14, 1994, when Christa was seventeen, she was raped again by a stranger who attacked her while she was walking down the street. She sought medical help and reported the rape to police, but the police failed to identify the perpetrator. Christa received no mental health counseling or victims support services after this rape.

Eight months after this rape, Christa entered the Job Corps program in Knoxville, which was designed to help struggling teenagers develop occupational skills. In reality, violence was rampant at the program, and it was shut down in 1995 after U.S. Senate hearings detailed the brutal conditions in the program. At Job Corps, Christa met and became romantically involved with Tadaryl Shipp, another resident at Job Corps. Christa's relationship with Tadaryl bore many of the signs of coercive control, a dynamic common in abusive intimate relationships. He sought to control her movements, hit and kicked her. Research shows that abused girls are likely to be adult victims of physical abuse, including intimate partner violence.

Christa's trial attorneys never presented evidence of Christa's extensive history of rape, abuse, and neglect, despite their knowledge of this history. Perhaps if they had, the jury would not have sentenced her to die. We will never know.

Tennessee has adopted several laws designed to protect victims of child sexual abuse and rape. We are among the many Tennessee advocates who have sought to educate the public about the nature of gender-based violence. We are gratified that Tennessee's leaders have expressed concern about the rights of child victims, and we hope that recent reforms will prevent the kind of abuse that Christa suffered.

We believe that commuting Christa Pike's sentence to life imprisonment would be consistent with Tennessee's concern for girls and women victimized by sexual violence. Extending compassion to Christa would recognize that her crime was committed by a girl still in her teens

who was mentally ill and deeply traumatized by the abuse she endured. We can condemn her crime without condemning Christa to die for it.

Now is an opportunity to recognize the significance of harm that results from child rape and gender-based violence. By commuting Christa's sentence, Tennessee will extend belated protection to the little girl that Christa once was. We respectfully urge you to commute Christa's sentence.

Thank you for your serious consideration of the matter.

Sincerely,

**Tennessee Domestic Violence and Sexual Abuse Organizations**

Avalon Center
Bridges Domestic Violence Center
Center of Hope
Domestic Violence and Sexual Assault Center Rutherford County
Genesis, Inc.
Metro Office of Family Safety
Raphah Institute
Safe Space of East TN
Silent No Longer Tennessee
Tennessee Coalition to End Domestic & Sexual Violence (TCEDSV)
Thistle Farms
WillowBend Farms

**Tennessee Experts on Domestic Violence and Sexual Abuse** (Organizations listed for identification purposes only)

Ashlee Sellars, Head of Restorative Practice at Raphah Institute
Beatriz Zamora, Grant Compliance Specialist at TCEDSV
Brittany Fleenor, CCR & Outreach Specialist at TCEDSV
Chelsie Leonard, Communications and Engagement at TCEDSV
Cindy Sims, Executive Director of Center of Hope
Claire Nelson, Artist
Debbie Rackham, Clinical Coordinator
Denarius Stinson, Domestic Violence Advocate
Edward Smith II, Reverend
Evangeline Barefoot, Registered Nurse and Sexual Assault Nurse Examiner

Grace Tarwater, Advocate
Greta McClain, Executive Director of Silent No Longer Tennessee
Heather Stone, Mom
Jennifer Escue, CEO of TCEDSV
Linda Crockett, Executive Director of Bridges Domestic Violence Center
Linsey Anderson, Advocate
Lucy Wilkinson
Mandy Kidwell-Parkin, Domestic Violence Advocate
Nashaly Collazo, Senior Advocate of Domestic Violence
Patricia Wilkinson, Program Coordinator at TCEDSV
Rana Lynn Boparai, Licensed Therapist and Sexual Assault Advocate
Samantha Kaloi, Director of Programs at TCEDSV
Sarah McKinnis, CEO of WillowBend Farms
Shannon Lynch, Training Specialist at TCEDSV
Tana Kimbro, CFO of TCEDSV
Tasha Bandy Kennard, CEO of Thistle Farms
Tony Garr, Volunteer

September 23, 2026

Tennessee Governor Bill Lee
Office of the Governor
600 Dr. Martin L. King, Jr. Blvd.
Nashville, TN 37243

RE: Request for Commutation of Sentence of Death to Life in Prison on Behalf of Christa Gail Pike

Dear Governor Lee:

We write as organizations and individuals committed to raising awareness of Adverse Childhood Experiences (ACEs), preventing childhood trauma, and helping children and families overcome its lifelong effects.

Our work is grounded in a fundamental understanding: what happens to children matters. Abuse, neglect, violence, household instability, substance abuse, the loss of caregivers and other serious adversities during childhood can have profound and lasting effects on a child's developing brain, physical and mental health, relationships, behavior and ability to regulate emotions. We also know that the effects of childhood adversity can compound. The greater the number and severity of adverse experiences a child endures—particularly when there is no stable adult, intervention or treatment—the greater the potential consequences across a lifetime.

For those reasons, we believe Christa Pike's extraordinary history of childhood adversity should weigh heavily in your consideration of her request for clemency.

Christa experienced virtually every form of adversity that those of us who work in this field seek to prevent. Her childhood was marked by chronic sexual abuse and rape, physical and emotional abuse, neglect, caregiver substance abuse, domestic and family violence, poverty, food insecurity, repeated moves and changes in schools, unstable caregivers, and the loss of the one adult she experienced as a consistent source of love and security.

These experiences did not occur once or during a single difficult period. They began when Christa was extremely young and continued throughout her childhood and adolescence. She was raped and sexually abused before she was old enough to attend school. She was physically abused by adults entrusted with her care. She lived amid alcoholism, drug use and violence. She repeatedly moved between homes and schools. When she reported abuse, the adults around her frequently failed to believe or protect her. When she exhibited signs of serious psychological distress, she did not receive the sustained treatment she needed.

Dr. Bethany Brand, a clinical psychologist with more than 30 years of experience studying and treating trauma-related disorders, conducted an extensive forensic psychological evaluation of Christa. Dr. Brand described Christa's childhood as characterized by "poverty, extreme and chronic sexual, physical, and emotional abuse as well as neglect." She concluded that, even compared with other severely traumatized people she has evaluated during her career, Christa's childhood abuse and neglect were extraordinarily severe. Her report details that Christa experienced 9 out of 10 ACEs, more than 99.3 percent of the U.S. population. Dr. Brand states in her report "Furthermore…Christa did not experience a single perpetrator for each of the ACEs. Rather, *many* adults mistreated and abused her in a multitude of ways."

What happened to Christa is important not because it excuses what she did. It does not. The murder of Colleen Slemmer was horrific, and nothing about Christa's childhood diminishes the terrible loss of Colleen or the suffering of her family.

But understanding childhood adversity requires us to reject the idea that experiences of this magnitude can simply disappear. Dr. Brand explains that as the number and types of childhood traumas increase, so too can the severity and breadth of lifelong difficulties. Severe maltreatment can affect brain functioning, the stress-response system, emotional and behavioral regulation, relationships, attention, learning, memory, and the ability to solve problems adaptively rather than impulsively.

Christa entered adulthood carrying those accumulated harms with her. She was only 18 years old at the time of the crime. She was suffering from serious, untreated mental illness and the consequences of years of unaddressed trauma. Christa's chronic trauma and psychiatric disorders directly affected her ability to process stressful situations and regulate her emotions.

Christa's story is, in many ways, a devastating illustration of why the movement to understand and address Adverse Childhood Experiences matters.

Today, we know much more about identifying childhood trauma and intervening before its effects become entrenched. We promote trauma-informed care and train teachers, health care professionals, social workers, law enforcement officers and others to recognize signs of abuse and trauma. We work to strengthen families, build resilience, provide children with safe and stable relationships, and connect children experiencing adversity with mental health treatment and other supports.

Those systems didn't exist, or, if they did, they repeatedly failed Christa more than 30 years ago.

The significance of that failure becomes even clearer when we consider what happened once Christa finally received treatment. After years of treatment, Dr. Brand describes Christa as thoughtful and even-tempered, with deep remorse for her actions, and concludes that she has matured, learned to process her trauma and developed tools to regulate her emotions and respond to life's stressors.

That transformation reinforces something those of us who work to address childhood adversity know well: trauma can have profound consequences, but intervention, treatment, stable relationships and support can make a profound difference. Unfortunately, Christa did not have that intervention early in her life.

Governor Lee, Tennessee has made significant investments in strengthening children and families and recognizing the importance of addressing childhood trauma before its consequences follow children into adulthood. Clemency in this case would be consistent with those principles. It would not erase Christa's crime or free her from accountability. Commuting her sentence to life imprisonment without parole would ensure that she remains accountable for the rest of her life.

Commuting Christa's sentence would hold her accountable for the terrible crime she committed while recognizing what decades of research have taught us about the lifelong consequences of severe childhood adversity.

When Christa was sentenced to death in 1996, the extensive research that we have today about ACEs and their cumulative effects was not readily available to inform the understanding of her life and behavior. Indeed, the jury never heard the full extent of the extraordinary trauma she endured and how, combined with her age and untreated mental illnesses, affected her development, emotional regulation and behavior. Clemency offers the opportunity to apply that understanding now and find a more complete and informed understanding of the child she was and the profound consequences of what happened to her.

Commutation would also recognize what we have learned about childhood adversity since Christa was a child: children who endure repeated, severe trauma without protection or treatment can carry its consequences throughout their lives.

Christa Pike was failed repeatedly as a child. We cannot undo those failures, but we can acknowledge their significance now.

We respectfully ask you to commute Christa Pike's death sentence to life imprisonment without parole.

Thank you for your serious consideration of this matter.

Sincerely,

Stand for Children

Barbara Holden Nixon, LCSW, retired ACE advocate and consultant
Anne G Fisher
Janie McCrary
Ellen Klyce
Blanche Deaderick
Ann Herrod
Cristina Pinkham
Clay Francis
Rev. Amy Howe
Cardell Orrin, Stand for Children
Dorothy Burke
Gloria Felsenthal
Anne Stokes
Elizabeth Bran
Sally Thomason
Mim Stokes Brown
Sam Gary
Gaye Henderson
Elizabeth Dixon

Barbara Key
Rev. David Powers, Idlewild Presbyterian Church
Jenny Nevels
Lyn Bailey
James Boyd
Allison Garrott
Martha Boyd
Lee Giovannetti
Amanda Rough
Lynn Reasons
Robin Karr Morse
Ginny Nearn
Susan Mackenzie
Susan Mallory
Mary Morris
Victoria A. Thomas
Amanda Bradley
Donna Dabov
Howard Eddings
Mary Mondonico Reed
Gregory S. Gianis
Farley Ezekiel
Rabbi Micah Greenstein
Anne Bradley Thomas
Allison McClellan
Wynn Robinson
Karen Henson
Nancy Lawhead
Caitlin Bankston, Sobieski, Messer & Elledge, PLLC