**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CHRISTA GAIL PIKE,<br><br>Petitioner,<br><br>v.<br><br>RICKY BELL, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:12-CV-00035-DCLC-CRW<br>DEATH PENALTY |

**ORDER**

On September 29, 2026, Petitioner Christa Gail Pike – whose execution is scheduled for September 30, 2026 – filed a "Motion to Reopen Judgment Pursuant to Federal Rule of Civil Procedure 60(b)." [Doc. 116]. In light of the urgency of this matter, the Court held a conference call with Ms. Pike's attorney, Stephen Ferrell, and Respondent's attorneys, Taylor M. Durrett and John Bledsoe. [Doc. 117]. During the conference, the Court ordered Respondent to file an expedited response to Petitioner's motion and Respondent filed a response in opposition, requesting that the motion be transferred. [Doc. 118]. For the reasons stated herein, the Court concludes that it lacks jurisdiction over Petitioner's motion. The Court will immediately **TRANSFER** this case in its entirety to the United States Court of Appeals for the Sixth Circuit for its consideration as to whether to grant Ms. Pike leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254.

## I. BACKGROUND

In 1996, Petitioner was convicted by a Knox County, Tennessee jury of conspiracy to commit the murder of Colleen Slemmer, and the first-degree murder of Colleen Sleemer. Petitioner was sentenced to death for the murder charge, and a consecutive term of twenty-five years'

incarceration for the conspiracy charge. Petitioner's conviction and sentence were affirmed on direct appeal by the Tennessee Court of Criminal Appeals ("TCCA") and the Tennessee Supreme Court ("TSC"). *State v. Pike*, 978 S.W.2d 904 (Tenn. 1998), cert denied, 526 U.S. 1147 (1999).

In her post-conviction motion to the state court, Ms. Pike alleged, among other claims, that her trial and appellate counsel were ineffective for failing to present mitigating evidence of her childhood history of abuse and neglect, sexual molestation and rape. Appellant's Merits Brief to Tennessee Criminal Court of Appeals, at 37-39, 93, 105-6, *Pike v. Tennessee*, E2009-00016-CCA-R3-PD (Tenn. Crim. App. Sept. 28, 2009). The post-conviction court denied the motion and the Court of Criminal Appeals affirmed. *Pike v. State*, No. E2009-00016-CCA-R3-PD, 2011 WL 1544207, at *1 (Tenn. Crim. App. Apr. 25, 2011), *cert. denied*, 568 U.S. 827 (2012). Notably, at the evidentiary hearing, the state vigorously cross-examined Ms. Pike, calling her a "pathological liar" and questioning her history of abuse. [Doc. 116, pg. 3].

Ms. Pike then filed a petition pursuant to 28 U.S.C. § 2254 [Doc. 19]. As relevant here, the Court found that the state court's denial of Plaintiff's claim of ineffective assistance for failure to present mitigating evidence of her childhood abuse was not contrary to, nor did it involve an unreasonable application of, federal law. [Doc. 93, pg. 29]. Ultimately, the Court found that Petitioner was not entitled to relief under § 2254 and denied the petition. [*Id.* at 60].

On June 12, 2026, Ms. Pike filed a motion in the state court, requesting the appointment of a special master, pursuant to Tenn. Sup. Ct. R. 12(4)(E) and raising challenges to Tennessee's lethal injection protocol. [Doc. 116, pg. 4]. After a special master was appointed, the state court held a two-day evidentiary hearing on the motion. [*Id.*]. At the conclusion of that hearing, the State made the following statement:

> The State does not dispute the terrible things that Ms. Pike suffered. I think everybody in this courtroom wishes that those things had never happened to Ms.

> Pike. I think we all wish that we were not here today and that she was not on death row . . . And so it's certainly not the State's intention to try to minimize the suffering that Ms. Pike has experienced.

[*Id.* at 1].

Ms. Pike now brings the instant motion, seeking to reopen her § 2254 case under Rule 60(b) based on manifest injustice. In support of this claim, she points to the government's changed position regarding her childhood abuse and neglect, asserting that "[t]he State's recent concession is diametrically opposed to the arguments it put forward in prior proceedings—arguments that directly contributed to this court's decision to reject Ms. Pike's ineffective assistance of counsel claim." [*Id.* at 2]. She also appeals to her youth at the time of the crime and cites research on adolescent brain development and untreated mental illness. In response to Ms. Pike's motion, Respondent argues that Petitioner's motion is not properly raised under Rule 60(b). [Doc. 118]. Instead, Respondent asserts that Petitioner is presenting a second or successive § 2254 petition, and as such, it should be transferred to the Sixth Circuit Court of Appeals. [*Id.*].

## II. DISCUSSION

Congress has sharply limited a state prisoner's ability to file more than one federal habeas petition. the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), provides in relevant part that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also Magwood v. Patterson*, 561 U.S. 320, 335 (2010) (clarifying that the phrase "second or successive" in the AEDPA applies to "applications" for habeas relief, rather than to specific claims). If a federal habeas petitioner wishes to pursue such a "second or successive" petition in the district court, she must first move for (and obtain) an order authorizing the district court to consider the motion in the United States Court of Appeals for the Sixth Circuit. 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147 (2007) (holding that a district court lacks jurisdiction to consider a second or successive petition without prior approval under § 2244(b)(3)(A)). Without that authorization, a district court lacks jurisdiction to entertain a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam).

The Court resolved Ms. Pike's first petition in 2016. [*See* Docs. 93, 94]. There is no dispute that the Court has not received an order from the Sixth Circuit authorizing the Court to consider this second petition. Therefore, the Court lacks jurisdiction to grant relief.

Plaintiff argues that her motion is not a successive petition and instead, is a motion to reopen under Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure allows a federal court to relieve a party from a final judgment for reasons like mistake, fraud, newly discovered evidence, or manifest injustice. Fed. R. Civ. P. 60(b). The Rule applies in habeas cases, but only to the extent it does not interfere with AEDPA's strict rules governing successive petitions. *Gonzalez v. Crosby*, 545 U.S. 529 (2005). Under *Gonzalez*, a Rule 60(b) motion is a successive § 2254 petition in disguise if it seeks to add a new ground for relief, presents new evidence in support of a claim

already litigated, or otherwise attacks the federal court's previous resolution of a claim on the merits. *Id.* at 530–31.

Here, Petitioner claims that she is raising a Rule 60(b) claim "to prevent manifest injustice." [Doc. 116 at 18]. But she is really attempting to present new evidence—the government's statements at the recent post-conviction hearing—to undermine the credibility of the government's prior position regarding her abusive and traumatic childhood. The State's August 2026 statement is material offered in support of a claim Pike already litigated. She attacks the Court's previous resolution of her claim back in 2016. And her appeal to her youth at the time of the crime, research on adolescent brain development, and untreated mental illness at the time of the offense are beyond the claims this Court already decided. Accordingly, her motion is properly treated as a second or successive petition.

## III. CONCLUSION

Because the Court has found that it lacks jurisdiction to consider Ms. Pike's successive petition, Respondent's motion to transfer [Doc. 118] is **GRANTED**. The Clerk is **DIRECTED** to immediately **TRANSFER** this action in its entirety to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge